# EXHIBIT 1

FILED
LORAIN COUNTY

2020 MAR 12 P 3: 16

COURT OF COMMON PLEAS
TOM ORLANDO

ENTERED

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

CASE NO:  20CV200826

JOHN DOE,
c/o Zukerman, Lear & Murray Co., L.P.A.
3912 Prospect Avenue
Cleveland, Ohio 44115

JUDGE:
JUDGE JOHN R. MIRALDI

Plaintiff,

**VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND MONEY DAMAGES**

-vs-

(JURY DEMAND ENDORSED HEREON)

JANE ROE,
Burton Hall, Room 134
194 N. Professor St.
Oberlin, OH 44074

Defendant.

NOW COMES the Plaintiff, JOHN DOE, by and through undersigned counsel, Larry W. Zukerman, Esq., S. Michael Lear, Esq., Brian A. Murray, Esq., and Adam M. Brown, Esq., and for his Complaint against Defendant, Jane Roe, hereby avers and states as follows:

## PARTIES

1. Plaintiff John Doe was at all times relevant to the lawsuit herein, an adult student of Oberlin College, residing in Lorain County, Ohio.

2. Defendant Jane Roe was at all times relevant to the lawsuit herein, an adult student of Oberlin College, residing in Lorain County, Ohio.

## JURISDICTION AND VENUE

3. This court has jurisdiction under Revised Code Chapter 2307, specifically but not limited to R.C. 2307.382, over cases that involve a tortious injury committed in the State of Ohio.

4. Venue lies in Lorain County, Ohio, because the Plaintiff and the Defendant reside therein, and because the events underlying the injury and the claims for relief occurred in and arose in Lorain County, Ohio.

## FACTS

5. Plaintiff and Defendant Jane Roe are both students at Oberlin College located in Lorain County, Ohio.

6. Starting in approximately December 2019, but no earlier than October 31, 2019, and continuing to the present day, the Defendant began telling other individuals, including one (1) or more of Plaintiff's and Defendant's mutual friends, that Plaintiff "raped" and/or "forced himself on her" "multiple times".

7. Specifically, in approximately December, 2019, but no earlier than October 31, 2019, Defendant told a male Oberlin College student, K.B. as well as other individuals to be proven at trial, that Plaintiff "raped" and/or "forced himself on her" "multiple times".

8. On or about February 10, 2020, an investigator interviewed Witness 1, a male Oberlin College student, who informed the investigator that another male Oberlin College student,

2

K.B. had referred to Plaintiff John Doe as a "rapist" in a conversation that Witness 1 had with K.B. in December, 2019.

9. Witness 1 further told the investigator that in another conversation with Witness 1 and K.B., that occurred in or about January or February, 2020, K.B. further told him (Witness 1) that Plaintiff John Doe had "raped" Jane Roe and that the alleged "rape" had occurred "a couple of months ago".

10. It was apparent from this interview that Jane Roe had made these statements about Plaintiff to K.B. in, or shortly prior to, December, 2019 but no earlier than October 31, 2019.

11. On or about February 12, 2020, Plaintiff first became aware of these false and defamatory statements that Defendant had made about Plaintiff to K.B., specifically that Plaintiff had "raped" Defendant.

12. Since first learning about Defendant's slanderous statements against him on February 12, 2020, Plaintiff has subsequently learned that Defendant has continued to defame Plaintiff to others, including K.B., by falsely stating that Plaintiff "forced himself on her" "multiple times".

13. Defendant's statements that Plaintiff "raped" and/or "forced himself on her" "multiple times" were, and are, absolutely false and *per se* defamatory.

14. Defendant made these false and defamatory statements described above with malice, knowing the falsity of said statements, and with the purpose to cause harm to the Plaintiff.

15. Defendant did not have, nor does she currently have, any privilege with K.B. or, on information and belief, other individuals to whom she has made the false and defamatory statements that Plaintiff "raped" and/or "forced himself on her" "multiple times".

16. Defendant's false statements that Plaintiff "raped" and/or "forced himself on her" "multiple times" are *per se* defamatory because said statements are unambiguous and "rape" is a heinous crime of moral turpitude.

17. As a result of Defendant's false, *per se* defamatory statements against him, Plaintiff has suffered, and continues to suffer, significant harm and damages, including but not limited to loss of friends, public ridicule, public hatred, impairment of reputation and standing in the community, public and personal humiliation, and mental anguish and suffering, pecuniary harm, and additional damages to be proven at trial.

## COUNT ONE

### Defamation *Per Se* (Slander)

18. Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as if fully restated herein.

19. In approximately December, 2019, but no earlier than October 31, 2019, and continuing to the present, Defendant made false and defamatory verbal statement(s) that Plaintiff "raped" and/or "forced himself on her" "multiple times" to third parties, including but not limited to K.B., as well as other false and defamatory statements to be proven at trial.

20. These false and defamatory statements made by Defendant were about Plaintiff.

21. These false and defamatory statements made by Defendant about Plaintiff were published to third parties, including, but not limited to, K.B., without privilege.

22. Defendant published without privilege these false and defamatory statements about Plaintiff to third parties, including but not limited to K.B., with fault of at least negligence on the part of Defendant.

23. These false and defamatory statements about Plaintiff published by Defendant without privilege to third parties, including but not limited to K.B. were defamatory *per se* or caused special harm to the Plaintiff.

24. Defendant published these false and defamatory statements about Plaintiff to third parties, including but not limited to K.B., knowing that the statements were false, with actual malice, and with the purpose of causing harm to Plaintiff.

25. Rape is a crime of moral turpitude, and therefore Defendant's false statements about Plaintiff constitute defamation *per se*.

26. Although actual malice and damages are presumed in an action for *per se* defamation and therefore the Plaintiff need not prove actual damages (*See JP v. TH*, 2020 Ohio 320 at ¶ 10 - Ohio: Court of Appeals, 9th Appellate Dist. 2020) the Plaintiff nevertheless avers that he has suffered, and continues to suffer, significant harm and damages, including but not limited to loss of friends, public ridicule, public hatred, impairment of reputation and standing in the community, public and personal humiliation, and mental anguish and suffering, pecuniary harm, and additional damages as a direct and proximate result of the Defendant's *per se* defamatory statements about him.

### COUNT TWO

### Intentional Infliction of Emotional Distress

27. Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraphs 1 through 26 of this Complaint as if fully restated herein.

28. The Defendant intended to cause emotional distress to the Plaintiff, or knew or should have known her actions would result in serious emotional distress to the Plaintiff.

5

29. Defendant's conduct, in publishing these false and defamatory verbal statement(s) without privilege to third parties, including but not limited to K.B., constitutes extreme and outrageous conduct that was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community.

30. The Defendant's actions proximately caused psychic injury to the Plaintiff.

31. Plaintiff has suffered serious emotional anguish of a nature no reasonable man could be expected to endure.

32. The Defendant made said statements knowing of their falsity, with actual malice, and with the purpose to cause the Plaintiff harm and/or incur damages.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer, significant harm and damages, including but not limited to loss of friends, public ridicule, public hatred, impairment of reputation and standing in the community, public and personal humiliation, and mental anguish and suffering, pecuniary harm, and additional damages and damages as more fully set forth previously herein.

## COUNT THREE

### Punitive Damages

34. Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraphs 1 through 33 of this Complaint as if fully restated herein.

35. Actual malice and damages are presumed in an action for defamation *per se* and therefore the Plaintiff need not prove actual damages. *See JP v. TH*, 2020 Ohio 320 at ¶ 10 - Ohio: Court of Appeals, 9th Appellate Dist. 2020.

36. In publishing these false and defamatory statements about Plaintiff, without privilege, to third parties, including but not limited to K.B., Defendant acted with malice, as Defendant acted with a state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge or Defendant acted with a conscious disregard for the rights and safety of Plaintiff that had a great probability of causing substantial harm to Plaintiff.

37. Accordingly, Plaintiff is entitled to an aware of punitive or exemplary damages, pursuant to R.C. 2315.21 and/or pursuant to common law.

38. Plaintiff prays for an award of punitive or exemplary damages against the Defendant because the Defendant has acted with malice as set forth herein and/or as Defendant has acted with "ill-will, vengefulness, hatred, or [in] reckless disregard of plaintiffs' rights." *See Gosden v. Louis,* 116 Ohio App. 3d 195 - Ohio: Court of Appeals, 9th Appellate Dist. 1996.

## COUNT FOUR

### Preliminary and Permanent Injunctive Relief

39. Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraphs 1 through 38 of this Complaint as if fully restated herein.

40. As a result of Defendant's actions as set forth herein, Plaintiff has suffered, and continues to suffer, damages, as more fully detailed herein

41. Plaintiff is likely to prevail on the merits of the within action and has made a strong showing of said likelihood.

42. Plaintiff has established that without injunctive relief, Plaintiff will continue to suffer immediate and irreparable harm, for which he has no adequate remedy at law, as without injunctive relief, Defendant will continue to publish false and defamatory statements about Plaintiff, without privilege, to third parties, as she has done previously, thus causing Plaintiff additional and future harm.

43. Issuance of injunctive relief will not substantially harm Defendant herein and/or will not result in any harm to the public.

44. This action for preliminary and permanent injunctive relief has, accordingly, been commenced by Plaintiff, contemporaneously with a *Motion for a Temporary Restraining Order*, pursuant to Rule 65 of the Ohio Rules of Civil Procedure and the provisions of Chapter 2727 of the Ohio Revised Code and the common law of Ohio.

45. Plaintiff seeks preliminary and permanent injunctive relief, and thus requests this Honorable Court to issue an Order compelling, restraining, and/or enjoining Defendant from continuing to defame the Plaintiff by publishing without privilege false and defamatory statements to third parties that Plaintiff engaged in criminal and/or non-consensual sexual conduct with her, including but not limited to, telling others that Plaintiff "raped" her and/or "forced himself on her" "multiple times".

46. Furthermore, Plaintiff seeks preliminary and permanent injunctive relief, and thus requests this Honorable Court to issue an Order compelling, restraining, and/or enjoining Defendant from posting on the internet, including any and all social media websites, and/or sending any electronic communications, including but not limited to text messages and/or emails, any further and additional false and defamatory statements about the Plaintiff that could be viewed by any other individual, including but not limited

to any statements suggesting that Plaintiff engaged in criminal and/or non-consensual sexual conduct with her, specifically including but not limited to, publishing to third parties, without privilege, that Plaintiff "raped" her and/or "forced himself on her" "multiple times".

**WHEREFORE**, based on the foregoing, Plaintiff hereby demands judgment against Defendant JANE ROE as follows:

A. INJUNCTIVE RELIEF. As to Count Four, Plaintiff hereby demands a preliminary and/or permanent injunction prohibiting, enjoining, and/or restraining Defendant JANE ROE from the following:

1) Publishing false and defamatory statements about Plaintiff, without privilege, to any non-privileged third party including, but not limited to, making any statements to said non-privileged third parties that the male referred to in the *Verified Complaint* as "John Doe" "raped" and/or "forced himself on" Defendant "multiple time" and/or that John Doe sexually assaulted and/or engaged in criminal and/or non-consensual sexual conduct with Defendant Jane Roe;

2) Publishing false and defamatory statements about Plaintiff, without privilege, to any non-privileged third party including, but not limited to, writing, publishing, posting, blogging, and/or posting any message, whatsoever, about and/or concerning the male identified in the Verified Complaint as John Doe on the internet, including any "social media" internet sites including, but not limited to, twitter, Instagram, facebook, and/or any other internet site or cellular phone "application" or "app" including, but not limited to, posting any content on any such internet site and/or application and/or app that the male referred to in the

9

*Verified Complaint* as "John Doe" "raped" and/or "forced himself on" Defendant "multiple time" and/or that John Doe sexually assaulted and/or engaged in criminal and/or non-consensual sexual conduct with Defendant Jane Roe;

   3) Publishing false and defamatory statements about Plaintiff, without privilege, to any non-privileged third party including, but not limited to, writing and/or communicating by any electronic means, including, but not limited to: text messaging, electronic mail (e-mail), fax transmission, facebook instant messaging, Instagram instant messaging, and/or any other form of electronic communication any information relating to the male identified in the Verified Complaint as "John Doe" that John Doe "raped" and/or "forced himself on" Defendant "multiple time" and/or that John Doe sexually assaulted and/or engaged in criminal and/or non-consensual sexual conduct with Defendant Jane Roe.

Plaintiff further demands an award including costs of this action, attorneys fees, and/or any and all other relief which this Honorable Court deems just and equitable.

   B.    OTHER CAUSES OF ACTION: With respect to Counts One, Two, and/or Three, Plaintiff prays for judgment against Defendant JANE ROE as follows:

   1) An award of compensatory damages in excess of $25,000.00;

   2) An award of punitive and/or exemplary damages in an amount equal to the statutory maximum;

   3) Interest at the statutory rate from the date of judgment;

   4) Costs of this action, including attorney's fees;

   5) And any and all other relief which this Honorable Court deems just and equitable.

Respectfully Submitted,

/s/ Larry W. Zukerman
LARRY W. ZUKERMAN, Esq. (#0029498)
S. MICHAEL LEAR, Esq. (#0041544)
BRIAN A. MURRAY, Esq. (#0079741)
ADAM M. BROWN, Esq. (#0092209)
ZUKERMAN, LEAR & MURRAY CO., L.P.A.
3912 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-0900 phone
(216) 696-8800 fax
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff

## JURY DEMAND

Now comes the Plaintiff, by and through counsel, and respectfully requests a trial of the within matter by a jury composed of the maximum number of jurors permitted by law.

/s/ Larry W. Zukerman
LARRY W. ZUKERMAN, Esq.
S. MICHAEL LEAR, Esq.
BRIAN A. MURRAY, Esq.
ADAM M. BROWN, Esq.


## **VERIFICATION**

I, JOHN DOE, declare that I am the named Plaintiff herein, and that I have read the Complaint and know the contents thereof, and that the same are true and correct to the best of my knowledge.

_____
JOHN DOE

STATE OF OHIO : 
COUNTY OF CUYAHOGA :

Sworn to before me and subscribed in my presence of this __12__ day of March, 2020.

_____
NOTARY PUBLIC

SCOTT MICHAEL LEAR, ATTORNEY AT LAW
NOTARY PUBLIC, State of Ohio
My Commission has no Expiration Date
Section 147.03 R.C.