IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO.: 1:20-cv-01002 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **REMAND TO STATE COURT** |
| JANE DOE, | ) | **AND FOR SANCTIONS** |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, John Doe, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1447(c) and Fed. Civ. R. 11 respectfully moves this Honorable Court to remand his case back to State Court and to impose sanctions on the Defendant for filing her notice of removal in bad faith and for the limited purpose of trying to thwart his efforts to take depositions that were previously scheduled for May 13, 2020 and May 20, 2020 and to complete other discovery that he initiated in the State Court proceedings.

As set forth more fully in the Brief in Support, attached hereto and incorporated herein, the Defendant:

1) failed to comply with 28 U.S.C. § 1446(b)(1) requirement that she timely file her Notice of Removal within thirty (30) days of being served with a copy of the summons and complaint via certified mail on April 7, 2020;

2) failed to comply with the procedural requirement of 28 U.S.C. § 1146(a) in filing her Notice of Removal as she failed to file a copy of all process, pleadings, and orders from the State Court action that had been served on her at the time of her Notice of Removal; and

3) fails to set forth sufficient facts establishing that this Honorable Court has original

jurisdiction, that the amount in controversy exceeds $75,000.00 and that the parties were citizens of different States both at the time Plaintiff filed his original complaint on March 12, 2020 and when she filed her Notice of Removal on May 8, 2020.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

**BRIEF IN SUPPORT**

### I. STATEMENT OF THE CASE

Plaintiff filed his Verified Complaint for Preliminary and Permanent Injunctive Relief and Money Damages against the Defendant in State Court on March 12, 2020.[1] All of the causes of action contained in the Plaintiff's Verified Complaint pertain to the Defendant making false, and malicious statements to third parties that Plaintiff "raped" and/or "forced himself on her" multiple times.[2]

Plaintiff asserted in his Verified Complaint he and the Defendant were college students at Oberlin College and were residents of Ohio.[3] Plaintiff's Verified Complaint sets forth only state

---

[1] Verified Complaint, Doc #: 1-1 PageID #: 6-17.
[2] Verified Complaint, Doc #: 1-1 PageID #: 6-14.
[3] Verified Complaint, Doc #: 1-1 PageID #: 7.

law causes of action against the Defendant.[4] The causes of action contained in Plaintiff's Verified Complaint are: 1) Defamation *Per Se* (Slander); 2) Intentional Infliction of Emotional Distress; 3) Punitive Damages; and 4) Preliminary and Permanent Injunctive Relief.[5]

In his Prayer for Relief, in addition to requesting injunctive relief, Plaintiff stated that he was seeking a judgment against the Defendant in excess of $25,000.00 in compensatory damages, and award of punitive damages in an amount equal to the statutory maximum,[6] interest at the statutory rate from the date of judgment, costs of the action including attorney fees, and any other relief that the State Court deemed just and equitable.[7]

In addition to filing his Verified Complaint against the Defendant, the Plaintiff also filed the following pleadings/motions in the State Court proceedings prior to the Defendant filing her Notice of Removal:

1. Motion for Temporary Restraining Order and Preliminary Injunction;

2. *Ex Parte* Motion to Proceed Under Pseudonyms/Motion to Restrict Public Access to Court Record and Case Documents and/or Motion to File Verified Complaint and all Case Documents bearing the Parties' Identifying Information Under Seal;

3. Plaintiff's Motion to Appoint Process Server;

4. Unredacted Verified Complaint for Preliminary and Permanent Injunctive Relief and Money Damages;

5. Additional Requests for Service of the Summons and Complaint on Defendant;

6. Motion for a Court Order Requiring the Defendant to Preserve and Produce Electronically Stored Information;

---

[4] Verified Complaint, Doc #: 1-1 PageID #: 6-17.
[5] Verified Complaint, Doc #: 1-1 PageID #: 6-14.
[6] Pursuant to Ohio Revised Code § 2315.21, any punitive damage award that the Plaintiff would obtain against the Defendant would be limited to the lesser of two times the amount of his compensatory damage award or ten percent of the Defendant's net worth when the torts were committed up to a maximum of three hundred fifty thousand dollars.
[7] Verified Complaint, Doc #: 1-1 PageID #: 14-15.

7. Motion for a Court Order Designating Process Servers Affiliated with We Serve Law, LLC to Serve Out of State Subpoenas;

8. Notice of Service of Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Production of Documents, and Notice of Videotaped Deposition of the Defendant;

9. Notice of Videotaped Deposition of the Defendant; and

10. Motion to Enter a Judgment by Default against the Defendant and to Schedule a Damages Hearing.[8]

The State Court issued the following Orders prior to the Defendant filing her Notice of Removal:

1. An order requiring Plaintiff to file, under seal, the version of the Verified Complaint which bears his identifying information and the identifying information of the Defendant and for the parties to file under seal any and all case documents bearing the parties' identifying information;

2. An order denying Plaintiff's motion for a temporary restraining order and scheduling a hearing on Plaintiff's motion for a preliminary injunction hearing on March 19, 2020;

3. An order granting Plaintiff's motion to appoint process server;

4. An order continuing the hearing on Plaintiff's motion for a preliminary injunction hearing to April 30, 2020 in accordance with the general orders issued by Lorain County Court of Common Pleas due to the ongoing health crisis.

5. An order continuing the hearing on Plaintiff's motion for a preliminary injunction hearing to June 2, 2020 in accordance with the general orders issued by Lorain County Court of Common Pleas due to the ongoing health crisis and providing a May 20, 2020 deadline for the Defendant to file a response to Plaintiff's Motion for a Court Order Requiring the Defendant to Preserve and Produce Electronically Stored Information.[9]

The docket from the State Court proceedings reflect that the process server who the court appointed to serve the Defendant with the Summons and Complaint and initial filings and the Sheriff Deputy who also attempted to serve the Defendant with said pleadings were unable to

---

[8] State Court Docket, attached hereto as Exhibit A.
[9] State Court Docket, attached hereto as Exhibit A.

perfect service on the Defendant as a result of the Defendant moving off Oberlin College's campus due to the Corona Virus and the College being shut down after Plaintiff filed his Verified Complaint.[10]

The docket from the State Court proceedings reflects that service of the Summons, Complaint, Plaintiff's Motion for a Temporary Restraining Order, Plaintiff's Motion to Appoint a Process Server, the Court's Judgment Entry dated March 13, 2020, the Court's Journal Entries dated March 13, 2020 and March 19, 2020, and Plaintiff's Motion to Proceed under Pseudonyms/Motion to Restrict Public access were all subsequently sent to the Defendant via Certified Mail to an address in Victorville, California on March 27, 2020.[11] The docket from the Clerk of Court contains an entry dated April 10, 2020 reflecting that it received a signed return for the March 27, 2020 certified mail article that it sent to the Defendant at the Victorville, California address.[12] Said docket entry further reflects that the certified mail article was delivered to the Defendant on April 7, 2020.[13] Pursuant to Ohio Civil Rule 4.1(A), service of the Summons and Complaint may be made by certified mail.[14] Where the plaintiff follows the civil rules governing service of process, the service is presumed to be proper unless the defendant rebuts the presumption with sufficient evidence of non-service.[15]

As the Defendant failed to file her Answer and/or otherwise timely respond to Plaintiff's Verified Complaint, Plaintiff filed a Motion to Enter a Judgment by Default and to schedule a Damages Hearing on May 7, 2020.[16] The Defendant never contested service of

---

[10] State Court Docket, attached hereto as Exhibit A.
[11] State Court Docket, attached hereto as Exhibit A.
[12] State Court Docket, attached hereto as Exhibit A.
[13] State Court Docket, attached hereto as Exhibit A.
[14] *Capital One Bank (USA) NA v. Smith*, 2020-Ohio-1614, ¶13 (8th App. Dist.).
[15] *Capital One Bank (USA) NA v. Smith*, 2020-Ohio-1614, ¶14 (8th App. Dist.)
[16] State Court Docket, attached hereto as Exhibit A.

5

process of in the State Court proceedings before filing her Notice of Removal.[17] On May 8, 2020, and thirty-one (31) days after she had been served with the Summons, Plaintiff's Verified Complaint, and the other initial documents in the State Court litigation the Defendant filed her untimely Notice of Removal with this Honorable Court. Not only was the Defendant's Notice of Removal filed untimely, but it was also filed in bad faith and with the sole purpose of causing delay.

Plaintiff respectfully asserts that the Defendant's motive in filing the Notice of Removal was: 1) to prevent Plaintiff's counsel from taking the May 13, 2020 depositions of three (3) witnesses who Plaintiff served with subpoenas as well as her own deposition that was scheduled for May 15, 2020;[18] 2) to avoid and/or delay having to respond to Plaintiff's discovery requests; 3) to avoid and/or delay having to respond to Plaintiff's Motion for a Court Order Requiring the Defendant to Preserve and Produce Electronically Stored Information; and 4) to try and prevent a default judgment being entered against her in the State Court proceedings as her lawyer is not licensed to practice law in Ohio and is therefore unable to take any action on her behalf in the State Court proceedings.

## II. STATEMENT OF FACTS

The Defendant failed to comply with 28 U.S.C. § 1446(b)(1)'s requirement that she file her Notice of Removal within thirty (30) days after her receipt, "through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Defendant was served with the Summons, Complaint, and other

---

[17] State Court Docket, attached hereto as Exhibit A.
[18] Plaintiff subpoenaed witnesses Kobe Brooks, Kira Widran, and Lindsey Felton for deposition on May 13, 2020. The docket from the State Court proceedings reflects the subpoenas returns for all three witnesses being filed and that service of the subpoenas was perfected on the witnesses.

initiating State Court documents on April 7, 2020 and did not file her Notice of Removal until May 8, 2020.

In addition to being untimely, the Defendant's Notice of Removal is also procedurally defective because she failed to comply with 28 U.S.C. § 1446(a)'s requirement that she file with her Notice of Removal, "a copy of all process, pleadings, and orders served upon her" in the State Court proceedings. The only document from the State Court proceeding that the Defendant filed with her Notice of Removal was a copy of Plaintiff's original March 12, 2020 Verified Complaint.

In addition, the Defendant has failed to satisfy her burden of proof to establish by a preponderance of the evidence that this Honorable Court has original jurisdiction in this matter, that the controversy exceeds $75,000.00 and that the parties were citizens of different States both at the time that Plaintiff filed his Verified Complaint on March 12, 2020 and at the time she filed her Notice of Removal on May 8, 2020.

Thus, for all of the above reasons, this Honorable Court should remand this matter back to the State Court and should impose sanctions on the Defendant for filing her untimely and procedurally defective Notice of Removal in bad faith.

### III. LAW AND ARGUMENT

This Honorable Court should remand this matter back to the State Court because the Defendant's Notice of Removal is untimely, procedurally defective, and fails to establish by a preponderance of the evidence that this Honorable Court has original jurisdiction over Plaintiff's causes of action. "[R]emoval statutes are to be strictly construed and 'all doubts should be resolved against removal.'" *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017)(citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "As the party seeking

removal, the defendant bears the burden of establishing federal court jurisdiction." *Id*. "The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true." *Cancino v. Yamaha Motor Corp., U.S.A.,* 494 F.Supp.2d 664, 665 (S.D. Ohio 2005)(citing *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993)).

"Where the district court treats the motion to remand as a facial attack on the court's jurisdiction [it] looks only to the pleadings – the complaint and the notice of removal - for the relevant facts." *Mays*, supra 871 F.3d at 442 (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007)). "This includes consideration of exhibits attached to the pleadings 'so long as they are referred to in the pleadings and central to the claims contained therein.'" *Id*. (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

**A. THE DEFENDANT'S NOTICE OF REMOVAL WAS NOT TIMELY FILED AND THE TIMING OF REMOVAL EVIDENCES THAT IT WAS FILED FOR IMPROPER PURPOSES**

This Honorable Court should remand this matter back to the State Court because the Defendant's Notice of Removal was not timely filed because she failed to file it within thirty (30) days of being served with the Summons and Verified Complaint. "The notice of removal has to be filed within thirty days after the Defendant is served with the complaint." *Barnhart v. Ebron*, 3:15 CV 2712 (U.S. Dist. N.D. Ohio, Jan. 11, 2016)(citing 28 U.S.C. § 1446(b)). "The statutory 30-day removal deadline in § 1446(b)(1) is 'phrased in mandatory terms.'" *State ex rel. Slatery v. Tennessee Valley Authority*, 311 F.Supp.3d 896, 902 (M.D. Tenn. 2018)(citing *May v. Johnson Controls, Inc.*, 440 F.Supp.2d 879, 882 (W.D. Tenn. 2006)). "Failure to comply with the … limitation … is an absolute bar regardless of whether the removal would have been proper

if timely filed." *Id.* (citing *Sandborn Platics Corp. v. St. Paul Fire and Marine Ins. Co.*, 753 F.Supp. 660, 664 (N.D. Ohio 1990), *Finley v. The Higbee Co.,* 1 F.Supp. 2d 701, 702 (N.D. Ohio 1997); *Green v. Clark Ref. & MKTG., Inc.*, 972 F. Supp. 433, 424 (E.D. Mich. 1997); *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky 1994)). "Although not jurisdictional, the thirty day time period for removal is mandatory and must be strictly applied." *City of Albion v. Guaranty Nat. Ins. Co.,* 35 F.Supp.2d 542, 544 (W.D. Mich. 1998)(citing *Kerr v. Holland America-Line Westours, Inc.* 794 F.Supp. 207, 210 (E.D. Mich. 1992)).

In *May v. Johnson Controls, Inc.*, 440 F.Supp.2d 879, 884 (W.D. Tenn. 2006) the district court held that a plaintiff's motion for remand had to be granted on the basis that the defendant filed its notice of removal one-day late. While the district court in *May* noted that while it was not entirely comfortable to deny the defendant's notice of removal on the basis of a single day's delay, a line must be drawn somewhere. *Id*. The district court in *May* supported its decision by stating "[g]iven the clear language of 1446(b) and the relevant case law, finds that the line has been drawn for it by the statute and that the Court lacks the authority to alter it." *Id*.

Similarly, in the present matter, the Defendant failed to timely file her Notice of Removal within thirty (30) days of being served with a copy of the Summons and Complaint via certified mail on April 7, 2020. Thus, this matter must be remanded to the State Court because the thirty day time period set forth in in 28 U.S.C. § 1446(b)(1) is mandatory and the Defendant failed to file her Notice of Removal in compliance with it.

**B. THE DEFENDANT'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE BECAUSE THE DEFENDANT FAILED TO INCLUDE A COPY OF ALL PROCESS, PLEADINGS, AND ORDERS SERVED UPON HER IN THE STATE COURT PROCEEDINGS**

This Honorable Court should remand this matter back to the State Court because: 1) the

Defendant failed to comply with 28 U.S.C. § 1446(a)'s requirement that she file with her Notice of Removal a copy of all process, pleadings, and orders served upon her in the State Court action; 2) she is unable to timely correct said error as the thirty (30) day time period to file her Notice of Removal expired on May 7, 2020; and 3) said failure is prejudicial to the Plaintiff because it affects this Honorable Court's ability to independently determine whether her removal was proper without causing further delay. "The absence in the notice of removal of copies of the summonses served on the defendants, uncorrected until after the thirty day removal period has expired violates 28 U.S.C. 1446(a), the statute that places limitations on removal jurisdiction" and requires that the action be remanded to the State Court. *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F.Supp.2d 1290, 1300 (N.D. Ala).

In *Andalusia*, the district court held that a defendant's attempt to amend its notice of removal to include the "process" from the state court proceedings after the thirty day time for removal had expired came too late. *Id*. The district court in *Andalusia* reasoned that 1446(a) cannot be ignored a mere technicality and that the statute mandates that all three items (process, pleadings, and orders) from the state court file be included in the defendant's notice of removal. *Id*. The district court further stated that "one without the other does not suffice" and that such a procedural defect is fatal to a defendant's notice of removal if the defendant does not timely amend their notice of removal with copies of such documents within the thirty day time period. *Id*.

Similarly, in the present matter, this Honorable Court should find that the Defendant's failure to include a copy of all process, pleadings, and orders served upon her in the State Court action is a procedural defect that is fatal to her Notice of Removal. Moreover, as the Defendant is beyond the thirty day time period to file her Notice of Removal she should not be permitted to

10

file an amended or supplemental Notice of Removal. Moreover, Plaintiff respectfully asserts that the Defendant intentionally failed to include a copy of all process, pleadings, and orders served upon her in the State Court action with her Notice of Removal to try and prevent this Honorable Court from summarily determining that her Notice of Removal was untimely and/or to cause further delay in these proceedings.

   C. **THE DEFENDANT HAS FAILED TO SATISFY HER BURDEN TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THIS HONORABLE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CAUSES OF ACTION**

This Honorable Court should remand this matter back to the State Court because the Defendant has failed to establish by a preponderance of the evidence that this Honorable Court has original jurisdiction over Plaintiff's causes of action on the basis of diversity jurisdiction. "[T]he burden of establishing diversity falls on the party seeking federal jurisdiction." *Naji v. Lincoln*, 665 Fed. Appx. 397, 400 (6th Cir. 2016). "Diversity jurisdiction requires two elements: complete diversity of the parties and an amount in controversy exceeding $75,000.00." *Id*. (citing 28 U.S.C. § 1332). "The diversity of the parties is determined on the basis of their state citizenship – that is to say their domiciles." *Id*. (citing *Von Dunser v. Aranoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)). "Domicile is something more than residency, but where domicile is unchallenged, residency may serve as prima facie evidence of a party's domicile where the record reveals no contrary indications." *Id*. (citing *Fort Knox Transit v. Humphrey*, 151 F.2d 602, 602-603 (6th Cir. 1945)).

 In *Naji*, supra, the Sixth Circuit Court of Appeals noted that the district court correctly requested further information from the parties to determine their domiciles in considering the defendant's notice of removal on the basis of diversity jurisdiction when the plaintiff's complaint alleged that both he and the defendant were residents of Michigan and the defendant's notice

11

removal alleged he was a resident of Indiana. *Id*. The defendant subsequently provided the district court with an affidavit asserting his domicile was Indiana, along with a copy of his driver's license, tax returns, and voting registration as corroborating evidence to establish his domicile was Indiana. *Id*.

As it related to the amount in controversy, the Sixth Circuit Court of Appeals in *Naji*, stated that the analysis was slightly less straightforward but that when a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold. *Id*. (citing 28 U.S.C. 1446(c)(2)(B); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). The Sixth Circuit Court of Appeals in *Naji* held that the defendant's statement in his notice of removal that the amount in controversy might exceed $75,000.00 and the plaintiffs' statement in their complaint that they were seeking damages in excess of $25,000.00 was insufficient to show an adequate amount in controversy. *Id*. at 400-401 (citing *Everett v. Verizon Wirless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). The Sixth Circuit Court of Appeals noted in *Naji* that "while a defendant need not show to a legal certainty that the amount in controversy met the federal requirement, he must do more than show a mere possibility that the jurisdictional amount is satisfied." *Id*. (citing *Gafford*, supra 997 F.2d at 155 and n.2).

In the present matter, Plaintiff respectfully asserts that the Defendant has failed to satisfy her burden to prove by a preponderance of the evidence that this Honorable Court has original jurisdiction in this matter via diversity jurisdiction. In his Verified Complaint, Plaintiff asserted that both he and the Defendant were college students at Oberlin College and were therefore residents of Ohio at the time he filed his Complaint.

While the Defendant's attorney asserts in the Defendant's Notice of Removal that diversity jurisdiction exists because the Defendant is a citizen of California, this Honorable Court should consider: 1) that the Defendant unlike the defendant in *Naji*, has failed to set forth any sworn testimony and corroborating evidence establishing that her domicile is California and/or that she and Plaintiff are citizens of different states; and 2) Defense counsel emailed Plaintiff's counsel on May 7, 2020 and alleged that the Defendant was not currently in California and did not return to California to reside or even to visit after Oberlin College required all of its students to vacate its campus in March of 2020.[19]

Plaintiff respectfully asserts that California cannot be considered the Defendant's domicile if she did not return thereafter Oberlin College closed its campus and that Defense counsel has failed to set forth sufficient evidence in her Notice of Removal establishing by a preponderance of the evidence that the Defendant and Plaintiff are citizens of different states and/or the amount in controversy exceeds $75,000.000. Thus, this Honorable Court should remand this matter back to the State Court as the Defendant has failed to establish that this Honorable Court has original jurisdiction in this matter.

### D. THIS HONORABLE COURT SHOULD IMPOSE SANCTIONS ON THE DEFENDANT AS HER NOTICE OF REMOVAL WAS FILED IN BAD FAITH

It is clear that the Defendant's true intention in filing the Notice of Removal was to try and block Plaintiff from proceeding with the course of discovery that he initiated in the State Court litigation, including but not limited to blocking the depositions of several witnesses that Plaintiff had scheduled for May 13, 2020 and the Defendant's own deposition that was scheduled for May 15, 2020. After filing her Notice of Removal, Defense Counsel emailed undersigned

---

[19] May 7, 2020 email from Defense Counsel to Plaintiff's Counsel, attached hereto as Exhibit B.

13

counsel and advised "[n]ow that the matter is in federal court, I'm sure that you are aware that discovery may not commence until a Rule 26 conference takes place."[20]

WHEREFORE, as the Defendant failed to timely file her Notice of Removal within the time period required by 28 U.S.C. § 1446(b), failed to file to comply with the procedural requirement of 28 U.S.C. § 1146(a) in filing her Notice of Removal as she failed to file a copy of all process, pleadings, and orders from the State Court action that had been served on her at the time of her Notice of Removal, and failed to establish that this Honorable Court has original jurisdiction over the Plaintiff's Complaint, this Honorable Court should remand this matter back to the State Court. Further, because the timing of the filing of her Notice of Removal evidences that the Defendant's Notice of Removal was filed in bad faith and for the improper purpose of trying to block the Plaintiff from proceeding with depositions that were scheduled and from completing other discovery that was underway this Honorable Court should impose sanctions on the Defendant.

        Respectfully Submitted,

        /s/ Brian A. Murray
        LARRY W. ZUKERMAN, Esq. (0029498)
        S. MICHAEL LEAR, Esq. (0041544)
        BRIAN A. MURRAY, Esq. (0079741)
        ADAM M. BROWN, Esq. (0092209)
        Zukerman, Lear & Murray Co. L.P.A.
        3912 Prospect Ave. East
        Cleveland, Ohio 44115
        (216) 696-0900 telephone
        (216) 696-8800 facsimile
        lwz@zukerman-law.com
        sml@zukerman-law.com
        bam@zukerman-law.com
        amb@zukerman-law.com
        Counsel for Plaintiff John Doe

---

[20] May 8, 2020 email from Defense Counsel to Plaintiff's Counsel, attached hereto as Exhibit C.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the forgoing Motion for Remand and for Sanctions was filed electronically on this 11th day of May 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document via the Court's electronic filing system.

                                                    /s/ Brian A. Murray_____
                                                    BRIAN A. MURRAY, Esq.