**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN DOE**

                    **Plaintiff,**                          Case No. 1:20-cv-1002-JG

v

                                                HON. JAMES S. GWIN

**JANE DOE,**

                    **Defendant.**

_____/

<table>
<tr><td>

Larry W. Zukerman (0029498)
Brian A. Murray (0079741)
Adam M. Brown (0092209)
ZUKERMAN, LEAR
& MURRAY CO., L.P.A.
3912 Prospect Avenue East
Cleveland, OH 44115
T: (216) 696-0900
F:  (216) 696-8800
lwz@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com

*Attorney for Plaintiff*

</td><td>

Jennifer B. Salvatore (P66640)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 East Main Street
Northville, MI 48167
T:(248) 679-8711
F: (248) 773-7280
*salvatore@sppplaw.com*

*Attorney for Defendant*

</td></tr>
</table>

## <u>DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH THIRD PARTY SUBPOENAS ISSUED WITHOUT NOTICE</u>

Now comes the Defendant, Jane Doe, and moves this court pursuant to Federal Rule of

Civil Procedure 45(d)(3) and Federal Rule of Civil Procedure 26(c)(1) for an order quashing the

third party subpoenas issued by Plaintiff in the state court action prior to removal of this case to

federal court on the grounds that Defendant was not served with those subpoenas.  In addition,

Defendant requests a protective order that would prohibit Plaintiff from engaging in further

discovery in this matter until the court either holds a Rule 26 conference in this case and authorizes discovery to commence or otherwise remands the case back to state court for further proceedings.[1]

The relevant facts and arguments in support of Defendant's motion are set forth in the accompanying brief.  Defendant sought concurrence in the relief requested from Plaintiff's counsel, but concurrence was not obtained. (*See* email correspondence at Ex. B).

<div style="margin-left: 50%;">

Respectfully submitted,

SALVATORE PRESCOTT
PORTER & PORTER, PLLC

</div>

Dated: May 13, 2020

<div style="margin-left: 50%;">

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
105 East Main Street
Northville, MI 48167
T:(248) 679-8711
F: (248) 773-7280
salvatore@spplaw.com

</div>

---

[1] Following Defendant's filing of a Notice of Removal to federal court on May 8, 2020, Plaintiff on May 11, 2020 filed a Motion to Remand to State Court based on various grounds, including untimeliness. *See* ECF [3]. Plaintiff's arguments in that motion are premised on the false assertion that Defendant was served with the complaint in this matter in April.  But in fact Defendant was never served with the complaint. *See* Decl. of Jane Doe at Ex. A. Defendant's response to the Motion to Remand will be filed on or before its due date of May 25, 2020.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**JOHN DOE**

               **Plaintiff,**                         Case No. 1:20-cv-1002-JG

v

                                               HON. JAMES S. GWIN

**JANE DOE,**

               **Defendant.**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@spplaw.com* |
| F:  (216) 696-8800 | |
| lwz@zukerman-law.com | *Attorney for Defendant* |
| bam@zukerman-law.com | |
| amb@zukerman-law.com | |
| | |
| *Attorney for Plaintiff* | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH THIRD PARTY SUBPOENAS ISSUED WITHOUT NOTICE

### INTRODUCTION

The Plaintiff in this action is a male student at Oberlin College and a citizen of Georgia who has sued Defendant, Jane Doe, a California citizen and fellow Oberlin student. The complaint, now removed to federal court on the basis of diversity jurisdiction, was originally filed in the Court of Common Pleas in Lorain County on March 12, 2020. (Ex. C, Complaint). The complaint contains claims for defamation, intentional infliction of emotional distress, injunctive relief, and punitive damages.  (*Id.*)

Plaintiff's lawsuit was brought shortly after Jane Doe initiated an internal sexual assault complaint against him with Oberlin College's Title IX office, the adjudication of which is on-going.  At the same time that he sued Jane Doe, Plaintiff also filed suit against Oberlin and a number of Oberlin administrators in a case that was also removed to federal court and promptly dismissed as premature and without proper legal basis. *See* Doe v. Oberlin College, et al., 1:20-cv-00669-DAP.  Plaintiff filed an unsuccessful motion to reconsider that dismissal and has now appealed that dismissal to the Sixth Circuit Court of Appeals.

The filing of a lawsuit against Oberlin before the College has even completed its Title IX adjudication process—and the Plaintiff's rush to also bring a lawsuit against Jane Doe and seek third party discovery without serving her with that discovery or even serving her with the complaint against her—betray Plaintiff's true intentions with this litigation. John Doe seeks through this lawsuit not a good faith adjudication of legitimate legal claims, but a venue in which to use baseless allegations of defamation to bully and intimidate Jane Doe into dropping her sexual assault charge against him before the College can render a decision on it. Plaintiff also appears to be attempting to abuse the court rules to obtain evidence through litigation that he would not be entitled to obtain in the college sexual misconduct process—a process that is on-going and nearing a hearing.

Against that backdrop, Defendant brings this motion to quash the improper and premature deposition subpoenas served on third party witnesses for depositions and the document subpoena served on AT&T for the production of Defendant's phone records. In addition to other procedural irregularities with those subpoenas,[2] Defendant was never served with the deposition subpoenas

---

[2] For example, it appears that Plaintiff sent Ohio deposition subpoenas to out-of-state witnesses—students who had left campus and returned to their home states due to the COVID-19 pandemic. *See* Ex. D,  Lorain County Court of Common Pleas Docket Entry of 5/7/2020 (in which Plaintiff

or otherwise provided notice of the dates or locations of the depositions. She learned of their existence from friends who told her that they had received them. (Ex. A, Jane Doe Decl. at ¶ 3.[3]) Likewise, Defendant was not served with and did not otherwise receive a copy from Plaintiff of his document subpoena to AT&T. Defendant saw the subpoena to AT&T for the first time on May 12, 2020 when her mother received a notice of the subpoena from AT&T, indicating that the company would be complying with the subpoena on May 15, 2020, absent court intervention. (*Id*; *see also* Ex. E, Letter from AT&T.)

Not only was Defendant not served with any of the third party subpoenas issued in this case—but even after learning of their existence through other sources and retaining counsel to address them and respond to the lawsuit, Plaintiff's counsel refused to provide copies of any pleadings or discovery to Defense counsel, in violation of the court rules.

Indeed, Plaintiff's counsel has inexplicably refused repeated requests from the undersigned counsel to provide Defendant with copies of all pleadings in this case, including any subpoenas that have been issued in the case against her.  (*See* 5/7/20 emails between counsel at Ex. F.) Plaintiff's counsel has done so despite being aware as of last week that their efforts to serve Jane Doe via certified mail in California had not been effective.  Defense counsel notified Plaintiff's counsel on May 7, 2020, the day after being retained, that Jane Doe has been staying with a family member in another state (Illinois) during the Covid-19 pandemic and thus had not been served

---

attempted to cure apparent defect in original subpoenas by initiating a request for an order authorizing service of subpoenas on out-of-state witnesses, which request was not acted upon by the state court before this case was removed to federal court).

[3] Because the Court of Common Pleas entered an order requiring the redaction of any references to Plaintiff's or Defendant's names in any filed court pleadings in this matter, Defendant is redacting her name from her declaration filed with the Court. She is happy to provide an unredacted version of this Declaration to the Court upon issuance of an order authorizing her to file such documents under seal in this case. In addition, an unredacted version of her Declaration is being sent to Plaintiff's counsel upon filing of this motion.

with the complaint or any other documents filed in the case. (*See* 5/7/20 email from Salvatore at Ex. G.) Plaintiff's counsel ignored that information and continued to falsely represent to this court and to the state court that Defendant had been properly served. (*See* Pl's Mot. to Remand at ECF 3; Mot. for Default Judgment filed in Lorain County on 5/7/20, noted in Court of Common Pleas Docket Sheet at Ex. D.)  While the undersigned counsel last week repeatedly requested copies of all pleadings filed against Defendant, Plaintiff's counsel has to-date refused to provide them. Plaintiff's counsel has also refused to send or serve on Defendant any of the third-party subpoenas that they have issued, in violation of both state and federal discovery rules, despite specific requests for these documents. (Ex. F, 5/7/20 emails between counsel).

An hour before Defendant was set to file this motion to quash all of the third-party subpoenas, Plaintiff's counsel confirmed for the first time (after repeated requests beginning last Thursday) that they would not move forward with this week's depositions. (Ex. K, 5-13-2020 email). Plaintiff's counsel, however, has not withdrawn the subpoenas, continues to press for documents pursuant to the AT&T subpoena, continues to refuse to serve the Defendant with or send counsel copies of the subpoenas, and requests new dates for depositions in two weeks prior to Defendant having an opportunity to respond to the complaint—in contravention of Rule 26. (*Id.*) Moreover, AT&T has represented that it will comply with the subpoena for Defendant's phone records this Friday unless Defendant seeks a motion to quash it, thus necessitating this motion. (*See* Ex E.)

Plaintiff's conduct is improper and should not be countenanced by this court.

## FACTUAL BACKGROUND

Plaintiff has not effectuated service of the state court complaint on Jane Doe nor has he served her with other filings he made in the state court case, including third party deposition

subpoenas issued to witnesses and a document subpoena that he issued to AT&T for Defendant's phone records.  (Ex. A, Jane Doe Decl. at ¶¶ 2-4.)

The address at which Defendant claims to have effected service of the complaint on Defendant in California is the address of Defendant's cousin and is not an address at which Defendant has ever resided. That cousin did not forward the mail she received on to Defendant. (*Id.* at 5).  Indeed, it was not until Defense counsel obtained a copy of the state court complaint last week directly from the Lorain County court clerk[4] that Defendant for the first time saw the complaint and the allegations made against her.  (*Id.*)

Plaintiff's counsel has continued to refuse to provide copies of other relevant pleadings to Defense counsel, even going so far as to make the frivolous and outrageous allegation/excuse that he would not provide copies of the pleadings to or otherwise engage with Defense counsel because *the undersigned counsel was engaging in the unauthorized practice of law in Ohio by requesting copies of pleadings filed in a state court case prior to removing the case to federal court*. (*See* Ex. I, Letter from Defense counsel misrepresenting the facts and the Ohio Rules of Professional Conduct and threatening bar grievance and Ex. J, 5/8/20 Salvatore response thereto.)

Even after removal of this case to federal court, Plaintiff did not notify witnesses that the depositions for this week were cancelled nor did Plaintiff withdraw a document subpoena to AT&T that was sent without notice to Defendant and to which she has not had an opportunity to object. (Ex. B, Salvatore email of 5/12/20 requesting withdrawal of subpoenas).  Plaintiff has made clear

---

[4] Defense counsel has been able recently to obtain some of the filings made in Lorain County against Defendant directly from the state court. However, the court clerk has not been able to locate or send some of the recent filings that appear on the docket sheet, such as the Motion for Default Judgment or the Motion to Compel filed against AT&T late last week.  (*See* Ex. H.)

that he attempts to proceed with discovery in this case in violation of the federal court rules and prior to this Court holding a Rule 26 conference.

## **ARGUMENT**

I.  **Plaintiff improperly served the third-party subpoenas and therefore they should be quashed pursuant to FRCP 45; in the alternative, Plaintiff should be prohibited from seeking this discovery pursuant to a FRCP 26 protective order.**

Whether analyzed under the Federal Rules or Ohio Rules, Plaintiff's third-party subpoena of AT&T and to third party witnesses should be quashed because they were not properly served on the Defendant.

Ohio Rule of Civil Procedure 45(A)(3) requires that a party "on whose behalf a subpoena is issued" promptly serve written notice, including a copy of the subpoena itself, *on all other parties*. The Defendant was never served with the deposition subpoenas nor with the AT&T document subpoena issued by the Plaintiff. (Ex A, Jane Doe Decl. at ¶¶ 2-4.)

Plaintiff's failure further runs afoul of Federal Rule 45, which governs the issuance of subpoenas. Rule 45(a)(4) requires that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, *then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party*." Fed. R. Civ. P. 45(a)(4) (emphasis added). Here, Plaintiff served a subpoena on AT&T for phone records, yet never served the subpoena on the Defendant, let alone served her with the subpoena prior to serving AT&T. Even in response to a direct request for all subpoenas, Plaintiff's counsel refused to provide a copy to Defendant.

These failures entitle the Defendant to have all of these subpoenas quashed, or, in the alternative, entitle the Defendant to a protective order such that the Plaintiff cannot seek any of this discovery until he properly serves the Defendant.

Federal Rule 45 permits a court to quash subpoenas. Rule 45(d)(3) requires a court to quash or modify a subpoena if it fails to allow a reasonable time to comply, subjects a person to undue burden, requires a person to comply beyond geographical limits, or requires disclosure of privileged or protected matters. Federal courts have further quashed third-party subpoenas because of improper service, including specifically for failure to serve notice on party litigants. *See, e.g., Williams v. Duke Energy Int'l, Inc.*, No. 1:08-CV-46, 2008 WL 11318109, at *4 (S.D. Ohio Aug. 6, 2008) (citing *Firefighter's Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000); *Quillen v. Easton Sports, Inc*., 2006 WL 1129384 (E.D. Tenn. April 26, 2006); *Cootes Drive LLC v. Internet Law Library, Inc*., 2002 WL 424647, *2 (S.D.N.Y. Mar. 19, 2002)); *see also Inland Empire Foods, Inc. v. Zateca Foods, LLC*, No. EDCV 00-00203-RT(EX), 2010 WL 11519370, at *2 (C.D. Cal. Apr. 27, 2010). Here, Defendant has *never* been served with the AT&T subpoena or with the deposition subpoenas, in contravention of both Ohio and Federal Rules and therefore quashing the subpoenas is proper.

Even if the Court declines to quash the subpoenas, the absolute failure to properly serve these third-party subpoenas is further grounds for a protective order prohibiting this discovery until proper service is made. Federal Rule of Civil Procedure 26(c) permits a court "for good cause" to issue an order forbidding certain discovery or specifying the terms of discovery to protect a party or person from oppression or undue burden. "To sustain a protective order under Rule 26(c), the moving party must show "good cause" for protection from one (or more) harms identified in Rule 26(c)(1)(A) with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litig*., 845 F.3d 231, 236 (6th Cir. 2016) (internal quotations omitted). "The enumerated harms available to support a protective order are annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (citing Fed. R. Civ.

9

P. 26(c)(1)). "Good cause exists if specific prejudice or harm will result from the absence of a protective order." *Id*. (internal quotations omitted).

As explained in detail above, Plaintiff failed to properly serve the AT&T and witness subpoenas pursuant to court rules. As the Defendant does not know what discovery is being sought from whom and when, Defendant will be oppressed and unduly burdened if this discovery is permitted to move forward. Permitting such discovery will undoubtedly injure the Defendant, who will be unable to adequately protect her interests. The Court therefore has ample good cause to order that Plaintiff shall not conduct any discovery until proper service—including proper service on the Defendant—is effectuated.

## II. Plaintiff improperly sought discovery prior to the FCRP 26(f) conference and therefore should be prohibited via a protective order from pursuing discovery until this conference takes place.

Federal Rule of Civil Procedure 26(d) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except in circumstances not applicable here. The parties have not yet conducted their Rule 26(f) conference—indeed, the Defendant has not even been served with the complaint.  Therefore, any efforts to seek discovery violate the Federal court rules.

As discovery sought prior to the parties' Rule 26(f) conference is improper, a protective order prohibiting discovery until this conference takes place is appropriate. As previously stated, Federal Rule of Civil Procedure 26(c) permits a court "for good cause" to issue an order forbidding certain discovery or specifying terms of discovery, such as the timing of discovery, to protect a party or person from oppression or undue burden. There is such good cause here as the discovery itself is done in contravention of federal rules. A protective order is further warranted because the Defendant has not even been properly served with the complaint and has not had an opportunity to respond to it.

While the Defendant understands based on an email sent at noon today that Plaintiff apparently intends to file a motion seeking early discovery, the Plaintiff has no legitimate grounds to seek such relief, as there is no good cause for early discovery in this case. *See Valhalla Inv. Properties, LLC v. 502, LLC*, No. 3:19-CV-00318, 2020 WL 1514532, at *3 (M.D. Tenn. Mar. 30, 2020). Defendant has not even been served with the complaint. Once service is properly effected, Defendant anticipates filing a motion to dismiss, which also makes early discovery inadvisable. *See, e.g., Falzone v. Licastro*, No. 1:10-CV-2918, 2011 WL 13242876, at *1 (N.D. Ohio Aug. 2, 2011).

As Plaintiff's flouting of the discovery rules in this case are in furtherance of an improper effort to use civil litigation to bully and intimidate Defendant and to obtain discovery for use in the college Title IX process, Defendant seeks her reasonable costs and fees in having to seek this protective order. Fed. R. Civ. P. 26 (c)(3); Fed. R. Civ. P. 37(a)(5). A court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). As Defendant only filed the motion after a good faith attempt at resolution, Plaintiff's objection to withdrawing the subpoenas and insistence on proceeding with discovery was wholly unjustifiable. No other circumstances make an award of expenses unjust, and costs and fees must be awarded. *Id.*

## CONCLUSION

Plaintiff's counsels' conduct to-date in this case is outrageous. Court rules dictate that these attempts to secretly subpoena third parties without providing proper notice to the Defendant be quashed. Court rules further dictate that Plaintiff must be stopped from continuing to improperly

11

conduct discovery prior to service of the complaint, prior to the resolution of preliminary motions, and prior to the completion of the parties' Rule 26(f) conference.

For these reasons, Defendant respectfully requests that the Court grant her Motion to Quash Third-Party Subpoenas Issued without Notice and for a Protective Order. Defendant further requests her fees and costs for having to bring this motion.

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Dated: May 13, 2020                    /s/ Jennifer B. Salvatore
                                       Jennifer B. Salvatore (P66640)
                                       105 East Main Street
                                       Northville, MI 48167
                                       T:(248) 679-8711
                                       F: (248) 773-7280
                                       salvatore@sppplaw.com

                                       *Attorney for Defendant Jane Doe*

## PROOF OF SERVICE

I hereby certify that on May 13, 2020 the foregoing document, Defendant's Motion For A Protective Order and to Quash Third Party Subpoenas Issued Without Notice and this Proof of Service were served upon all counsel of record via the Court's ECF system which will electronically serve all counsel of record at their respective email addresses as captioned on the pleadings of record.

Dated: May 13, 2020                    */s/ Kelly Murawski*
                                       Kelly Murawski, Legal Secretary