**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN DOE**

          **Plaintiff,**                Case No. 1:20-cv-1002-JG

v

                                 HON. JAMES S. GWIN

**JANE DOE,**

          **Defendant.**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@sppplaw.com* |
| F:  (216) 696-8800 | |
| lwz@zukerman-law.com | *Attorney for Defendant* |
| bam@zukerman-law.com | |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

## <u>DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND TO QUASH THIRD PARTY SUBPOENAS ISSUED WITHOUT NOTICE</u>

    Now comes the Defendant, Jane Doe, by and through her counsel, Salvatore Prescott Porter & Porter PLLC, and for her Reply in Support of her Motion for a Protective Order and to Quash Third Party Subpoenas Issued without Notice, states as follows:

## INTRODUCTION

As remarkable as Plaintiff's baseless retorts are, what is equally remarkable is what he fails to respond to: Plaintiff does not contest that he failed to serve the Defendant the third-party subpoenas as required by the Federal and Ohio Rules of Civil Procedure.  Plaintiff does not contest that he commenced discovery in contravention of Federal Rule of Civil Procedure 26.  Plaintiff further wholly fails to respond to Defendant's two protective order arguments—that Plaintiff not be able to subpoena AT&T until the Defendant has been properly served with the subpoena and that Plaintiff not be able to continue with any discovery until a Rule 26(f) conference has been held.

While Defendant is loath to subject the Court to a point-by-point rebuttal of the Plaintiff's factual assertions, such an exercise is appropriate here given the gross misstatements and mischaracterizations that—beyond baselessly attacking the credibility of the Defendant—also attack the integrity of Defendant's counsel.

## STATEMENT OF FACTS

1.      Defendant focused her Motion on the AT&T subpoena because Plaintiff's counsel just prior to the filing of her motion represented that he would not move forward this week with the improperly served third-party depositions.  Defendant is not avoiding the AT&T subpoena, she simply wants to be served with it, as required by both Federal and Ohio rules, and to have a proper opportunity to place objections. Further, AT&T represented to Doe's mother that it would comply with the subpoena by May 15, 2020 unless a motion to quash was filed, thus necessitating the Motion.

2.      Defendant's counsel did not improperly practice law without being licensed to practice in the State of Ohio.  Defendant's counsel never represented that she was representing the

- 2 -

Defendant in the state court proceeding. (*See* Ex. A, 5/7/20 email from Salvatore). One day after she was retained and first reached out to Plaintiff's counsel, the matter was removed to federal court—where she is admitted to practice.

3.     Contrary to Plaintiff's assertions, Defendant's counsel made *many* requests that Plaintiff's counsel send her the Complaint and other state court filings. (Ex. B, May 7, 2020 emails showing at least four requests for copies of the pleadings and/or for a call to discuss the case status). Defendant's counsel did not continue to ask for the Complaint and other state filings after May 7 because Plaintiff's counsel never responded to her multiple emails requesting the same. Plaintiff's counsel also ignored and failed to respond to Defense counsel's request late on Friday, May 7 for a call on Monday, May 11 to address service. (*Id.*)  Defendant's counsel even offered to sign a waiver of service of process, but Plaintiff's counsel never responded to that offer either. (Ex. C, May 8, 2020 email). That Defendant's counsel was nonetheless able to obtain the Complaint from the court and provide it to her client last week through other means does not address the service issue, nor the issue that her repeated requests for all of the State court filings were ignored by Plaintiff's counsel.

4.     Plaintiff accuses Defendant's counsel of improperly failing to provide deposition dates in response to an email that was sent mid-day on May 13, 2020. But Plaintiff's request was seeking Defendant to agree to early discovery, which she will not do -- especially since she has not been properly served with the Complaint and only first saw it last week. Plaintiff also sought a time for a Rule 26(f) conference in this May 13, 2020 email, but, again, Defendant will not participate in a Rule 26(f) conference until she has been served with the Complaint and has an opportunity to respond to it.  Defendant is not trying to hold up the litigation, she is only insisting on her due process rights. Defense counsel has even offered a waiver of service of summons so

- 3 -

that the litigation may properly commence, but that offer was never responded to by the Plaintiff. (Ex. C, May 8, 2020 email).

5.      Contrary to Plaintiff's assertions that AT&T won't produce phone records without a release or court order, AT&T told Doe's mother, who holds the account, that it would comply with the subpoena by May 15, 2020 if a motion to quash was not filed before then.

6.      The suggestion that Defendant's insistence on being properly served with the subpoena for her phone records means that she is trying to prevent access to her GPS location information (the implication being so that she can fraudulently maintain that she was in Illinois, not in California, where Plaintiff claims to have served her) is, frankly, beyond the pale.  Unwilling to accept the representations of the undersigned counsel that Doe has been in Illinois and was not served in California, Plaintiff's counsel is also now apparently unwilling to accept the sworn statement of Jane Doe that she was not served. Now that Plaintiff yesterday for the first time has provided the signature card that Plaintiff claims contains Defendant's signature, Doe again maintains under oath that she has been residing in Illinois since March, was never served with the Complaint that was sent to her cousin's house in California, and that the attached signature card of "Jane Doe" was not signed by her.  (Ex D, Doe Second Decl.).  In an exercise that should frankly be totally unnecessary given that Plaintiff has no good faith basis to question Doe's testimony, she also attaches here an affidavit from her cousin in California who resides at the address where Plaintiff attempted service regarding the fact that she also did not sign the "Jane Doe" signature card and in fact that the package was merely left on her doorstep without signature. (Ex. E, Declaration of JF).

7.      Doe did not try to evade service of the Complaint while she was on campus. Just prior to leaving campus because of COVID-19, she was told by campus security that someone was

trying to obtain a "restraining order" on her. (Ex. D, Jane Doe Decl. at ¶ 4.) Given her experience with Plaintiff's counsel sending a Private Investigator into her dorm room and interviewing her— someone Doe thought was the college Title IX investigator--Defendant was rightfully concerned about being harassed by Plaintiff's counsel. (In fact, Plaintiff was cautioned by Oberlin after this incident not to contact Defendant and was warned that such actions could appear retaliatory).  The suggestion that Jane Doe is attempting to evade service by retreating to Illinois to stay with her mother during a pandemic is disingenuous - particularly when Defendant's counsel has offered a waiver of service and has tried repeatedly to engage with Plaintiff's counsel to move this case forward in a proper manner, only to be ignored, rebuffed or threatened with a bar grievance.

8.     In short, Plaintiff's counsel seems only concerned with his own client's due process rights, not Jane Doe's.  And he is clearly more interested in pressing a false narrative about service in California on April 7 in furtherance of his efforts at immediate discovery in state court than he is in actually properly serving the Defendant and moving forward with this case in federal court, where this court properly has diversity jurisdiction.

## LEGAL ARGUMENT

### I.     The subject of Defendant's motion is not moot.

Defendant's motion seeks that the AT&T subpoena either be quashed or that a protective order be entered so that discovery is prohibited until Defendant is properly served and can respond to the subpoena. Defendant further seeks a protective order that Plaintiff not be able to proceed with discovery until a Rule 26(f) conference has been held.  All of these issues still exist. As evidenced from Plaintiff's email to Defendant on May 13, 2020, Plaintiff did not state that he would not proceed with discovery—he only indicated that he did not intend to proceed with the depositions that he had scheduled for this week. But he then requested dates for new depositions

within the next two weeks. (Ex. F, May 13, 2020 email). The email further stated that AT&T advised that it would not release Defendant's records absent a court order or written consent, and he asked that Jane Doe sign a release for those records. This clearly indicates that he planned to continue to seek document discovery from AT&T. Moreover, Defendant's mother was told by AT&T that it would comply with the subpoena by May 15, 2020 unless Defendant filed a motion to quash with the Court. None of these representations moot the relief that Defendant is seeking— that discovery not proceed until a Rule 26(f) conference has been held and that subpoenas be properly served to her before discovery commences, as required by the Federal rules.

**II. Defendant has standing to quash an improperly served subpoena and Plaintiff wholly fails to respond to Defendant's arguments for a protective order.**

The Defendant does have standing to seek to quash a non-party subpoena when the basis of that motion is a failure to serve a party with that subpoena. All of the cases Plaintiff cites in support of his argument are non-binding and distinguishable. The bases for the motions to quash in those cases are the subject matter of the subpoenas – not improper service. *See Malibu Media, LLC v. Doe*, NO. 14-493, 2015 WL 168995 (S.D. Ohio Jan. 21, 2015); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011); *Mann v. Univ. of Cincinnati*, Nos. 95–3195, 95–3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997); *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 1:11–cv–851, 2013 WL 146362, at *5 (S.D. Ohio Jan.14, 2013); *Kamalu v. Walmart Stores, Inc*., No. 1:13-CV-00627-SAB, 2013 WL 4403903, at *4 (E.D. Cal. Aug. 15, 2013). Indeed, in Plaintiff's cases the moving party sought to quash the subpoena based on issues of privacy or privilege, not because the moving party was never even served with the non-party subpoena. Here, the Defendant is not contesting *what* is being subpoenaed, she is contested *how* the subpoena was issued—namely, that she was never served in contravention of Federal rules and that discovery was set to commence this week without notice to her or her

counsel. Indeed, the case that *Malibu Media* relies on for the principle that a party lacks standing to quash a non-party subpoena itself only addresses the subject matter of the subpoena issue after it addresses that a service issue was adequately addressed. *See Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). The Defendant cited numerous cases in her Motion where courts quashed non-party subpoenas based on improper service on parties.

Regardless, even if the Court were to find that the Defendant could not seek to quash the AT&T subpoena, Defendant also sought a protective order, which Plaintiff did not respond to at all. Indeed, Plaintiff simply does not and cannot dispute that he failed to serve Defendant with the subpoenas or that he commenced discovery and seeks to continue discovery in violation of Rule 26.

Plaintiff also argues that Defendant was properly served with the Complaint because someone signed "Jane Doe" on a certified mail receipt at an address in California where Defendant does not live and has not even been present at for many years. While this issue is legally irrelevant to the Defendant's Motion, the continued false assertions around service in the face of evidence to the contrary need to end. Defendant has now provided two sworn and unrebutted affidavits averring that she was never served with the Complaint and that the people who actually live at the address where the Complaint was sent in California did not sign the certified mail slip that Plaintiff has submitted to the court and further that they (home with a four-week old baby) did not send those documents to Defendant. (Ex. D, Doe Decl.; Ex. E, JF Decl.[1]). Plaintiff also smears the

---

[1] Because the Court of Common Pleas entered an order requiring the redaction of any references to Plaintiff's or Defendant's names in any filed court pleadings in this matter, Defendant is redacting her name and her cousin's last name (which is the same as the Defendant's) from their declarations filed with the Court. She is happy to provide unredacted versions of the Declarations to the Court upon issuance of an order authorizing her to file such documents under seal in this case. In addition, unredacted versions of the Declarations are being sent to Plaintiff's counsel upon filing of this motion.

Defendant's credibility by stating that she knew about the Complaint because a process server was sent to find her on campus. As already stated, the Defendant was told by campus security that someone was trying to serve her with a *restraining order.* She was never informed of nor knew about the present lawsuit until friends very recently started telling her that they had received subpoenas. Regardless, whether Plaintiff *knew* of a lawsuit is not a substitute for proper service of process.

Plaintiff's request for sanctions is unwarranted and offensive. Defendant clearly has a good faith basis to seek to quash the AT&T subpoena or for a protective order due to Plaintiff's efforts to improperly commence discovery. AT&T told Doe's mother that it would comply with the subpoena by May 15, 2020 if a motion to quash was not filed. Defendant had to act to prevent that from occurring. Plaintiff's continued lack of cooperation with counsel and improper conduct has necessitated this Motion and sanctions are therefore warranted.

For the foregoing reasons, and those stated within Defendant's Motion, Defendant respectfully urges this Court to grant her Motion for a Protective Order and to Quash Third Party Subpoenas Issued without Notice.

<div style="margin-left: 40%;">

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
</div>

Dated: May 15, 2020

<div style="margin-left: 40%;">

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
105 East Main Street
Northville, MI 48167
T:(248) 679-8711
F: (248) 773-7280
salvatore@spgplaw.com

*Attorney for Defendant Jane Doe*
</div>

- 8 -

**PROOF OF SERVICE**

I hereby certify that on May 15, 2020 the foregoing document, Defendant's Reply in Support of Motion For A Protective Order and to Quash Third Party Subpoenas Issued Without Notice and this <u>Proof of Service</u> were served upon all counsel of record via the Court's ECF system which will electronically serve all counsel of record at their respective email addresses as captioned on the pleadings of record.

Dated: May 15, 2020                              */s/ Kelly Murawski*
                                        Kelly Murawski, Legal Secretary