IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO.: 1:20-cv-01002 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION TO STRIKE/** |
| | ) | **BRIEF IN OPPOSITION TO** |
| JANE DOE, | ) | **PLAINTIFF'S AMENDED NOTICE OF** |
| | ) | **REMOVAL AND FOR SANCTIONS** |
| Defendant. | ) | |

Now comes the Plaintiff, by and through undersigned counsel, and respectfully moves this Honorable Court to Strike to Defendant's Amended Notice of Removal as her Amended Notice was filed without leave of court and is untimely as it was filed beyond the thirty-day (30) day time period authorized 28 U.S.C. § 1446(b).  Moreover, even if this Honorable accepts the Defendant's Amended Notice of Removal, her Amended Notice continues to suffer from the same fatal procedural defects as her original Notice of Removal in that she has failed to:  1) establish that diversity of citizenship between the parties existed at the time Plaintiff filed his Verified Complaint; 2) establish that the amount in controversy in this matter exceeds $75,000.00; and 3) submit copies of all of the State Court process and most importantly the process reflecting that service of the Summons, Verified Complaint, and other initiating court documents was perfected on her on April 7, 2020, as more fully set forth in the Brief in Support, attached hereto and incorporated herein.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)

Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

### I. DEFENSE COUNSEL SHOULD BE SANCTIONED FOR HER OUTLANDISH IMPLICATION THAT PLAINTIFF'S COUNSEL COMMITED FEDERAL CRIMES IN PERFECTING SERVICE OF THE SUMMONS AND COMPLAINT

The Defendant, a twenty-year old college student who is being sued for making false, defamatory allegations accusing Plaintiff of sexual misconduct is now incredulously asking to this Honorable Court to find it plausible that: 1) Plaintiff's Counsel, the Lorain County Clerk of Court, and an unnamed U.S. Mail carrier in Victorville, California engaged in a conspiracy to commit mail fraud and to tamper with official court records in order to perfect service of the Summons and Verified Complaint; or 2) a random person who possessed the superpower of precognition intercepted said U.S. Mail carrier at her cousin's doorstep, accepted service of a certified mail article that was personally addressed to the Defendant, signed the green card as Jane Roe/Jane Doe to match her name on pleadings and motions that were contained in the unopened certified mail article, and absconded with said certified mail article in broad daylight without anyone in her cousin's household, the U.S. Mail carrier, or a concerned citizen, reporting said theft of said mail and/or the suspicious activity of violating California's shelter in place order that was in effect on April 7, 2020 by lurking outside her cousin's residence waiting for the U.S. Mail carrier to arrive to deliver said certified mail article to the Defendant.

## II. STATEMENT OF FACTS REGARDING PLAINTIFF'S REQUEST FOR SERVICE OF PROCESS WITH THE LORAIN COUNTY COURT OF COMMON PLEAS

Since Defense Counsel is not licensed in the State of Ohio and has presumably never practiced before the Lorain County Court of Common Pleas, undersigned counsel respectfully asserts that a brief explanation as to how a party requests service of process from the Lorain County Clerk of Court on an opposing party will be helpful in further establishing how incredulous the Defendant's allegations regarding service of the Summons and Verified Complaint on her are.

The Lorain County Clerk of Court's website contains forms for various proceedings including but not limited to: criminal proceedings, appellate proceedings, and domestic relations proceedings. One of the forms contained on the Lorain County Clerk of Court's website is a "Request for Service" form which requires the party submitting said form to inform the clerk: 1) what documents the party is requesting the clerk serve on the opposing party; 2) the name of the party to be served with said documents; 3) the address of the party where the documents are to be served; and 4) whether the requesting the party is asking the Clerk to serve the opposing the party with the documents via ordinary mail, certified mail, sheriff service, or via process server.[1]

Said request for service form instructs the party requesting service to provide the Clerk of Court with the service form and all service copies that the party is requesting the Clerk of Court serve on the opposing party.[2] Thus, the party requesting service does not prepare the certified mail article, the green card, or the envelope for the Lorain County Clerk of Court to mail to the opposing party with said documents.

---

[1] Lorain County Clerk of Court Request for Service Form, attached hereto as Exhibit A.
[2] Lorain County Clerk of Court Request for Service Form, attached hereto as Exhibit A.

3

After receiving a request for service, the Lorain County Clerk of Court prepares the certified mail article, including the green card, and places said article in the mail with the instruction that the green card be returned to the Clerk of Court. The Clerk of Court then dockets whether service was perfected or not perfected on the opposing party when the U.S. Post Office mails the green card back to it. Thus, at no point in time does the green card ever come into the possession of the party requesting service or that party's attorney.

In the present matter, Plaintiff concedes that he did not perfect service of the Summons and Complaint on the Defendant before she left Oberlin College's campus. Accordingly, Plaintiff submitted additional requests for service to the Lorain County Clerk of Court on March 27, 2020 for addresses associated with the Defendant in California, including an address in Victorville, California.[3] Said requests for service instructed the Clerk of Court to issue said certified mail articles to the Defendant using her legal name, not the Jane Roe pseudonym he assigned to her in his unsealed pleadings. The Lorain County Clerk of Court docketed that it sent a copy of the Verified Complaint and other pleadings to the Defendant at the Victorville, California address on March 27, 2020 via certified mail, article number #9414726699042159626532.[4]

On April 10, 2020 the Lorain County Clerk of Court docketed that it received a certified mail return for article number #9414726699042159626532 with a delivery date of April 7, 2020 at the Victorville, California address and noted in said docket entry: Signed Receipt for Certified Mail Returned and Filed and further noted that the documents served included the Verified

---

[3] State Court Docket, attached hereto as Exhibit B. Docket entries dated March 27, 2020, including Request for Service and Summon issued to Victorville, CA.
[4] State Court Docket, attached hereto as Exhibit B. Docket entries dated March 27, 2020, including Request for Service and Summon issued to Victorville, CA.

4

Complaint.[5]  Despite the fact that said certified mail article was addressed to the Defendant using her legal name, the Defendant signed for the delivery under the name Jane Doe and/or Jane Roe to match the pseudonym given to her by the Plaintiff in the court documents that were sealed within the certified mail article.[6]

Accordingly, the Defense Counsel's implication that Plaintiff and/or Plaintiff's Counsel somehow intercepted and tampered the green card and/or conspired with the Lorain County Clerk of Court, and an unidentified U.S. Mail carrier in California to commit mail fraud and to tamper with official court records, is as outlandish as her false, defamatory allegations against Plaintiff.

### III.  LAW AND ARGUMENT

#### A. THE DEFENDANT'S CONTINUED ASSERTION THAT SERVICE OF THE SUMMONS AND VERIFIED COMPLAINT WERE NOT PERFECTED IS CONTRARY TO LAW AND MUST BE REJECTED

This Honorable Court should find that Plaintiff perfected service of the Summons and Complaint on April 7, 2020 via certified mail as reflected by the Lorain County Court of Common Pleas docket and that thirty (30) day time period for the Defendant to file and perfect her Notice of Removal commenced at that time.  As the Honorable Dan Aaron Polster noted in his Memorandum and Opinion and Order of Remand in *Polyone Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 5:08-CV-1425 (N.D. Ohio Oct. 14, 2008), "[f]or purposes of assessing whether a defendant was properly served, the Court must determine whether service was proper under the Ohio Rules of Civil Procedure." (citing *Usatorres, S.A. v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985)).  "Pursuant to Ohio R. Civ. P.

---

[5] State Court Docket, attached hereto as Exhibit B.  Docket entry dated April 10, 2020.
[6] Certified Mail Return signed by Jane Roe/ Jane Doe, attached hereto as Exhibit C.

4.3(B)(1), service of an out-of-state defendant may be made by certified mail as long as it is 'evidenced by return receipt signed by any person.'" *Id*. "Service by this method does not require actual service upon the defendant, 'but is effective upon certified delivery.'" *Id*. (citing *Stonehenge Condominium Ass'n v. Davis*, 2005-Ohio-4683, ¶14 (Ohio App. 10th Dist. 2005)(citing *Mitchell v. Mitchell*, 64 Ohio St.2d 49, 51 (1980); and *Castellano v. Kosydar*, 42 Ohio St.2d 107, 110 (1975). "A return receipt signed by any person is 'evidence of delivery.'" *Id*. "The law is clear … [s]ervice is perfected upon certified delivery." *Id*.

Thus, based on clearly established Ohio case law, Plaintiff perfected service of the Summons and Verified Complaint on the Defendant on April 7, 2020 and the Defendant's time to file her Notice of Removal commenced on that date. Even assuming for the sake of argument that one of the Defendant's family members accepted and signed for the certified mail article that was personally addressed to the Defendant and that contained the notion "Verified Complaint", Plaintiff perfected service under the Ohio Rules of Civil Procedure.

Accordingly, in an effort try and overcome the presumption that service was perfected on April 7, 2020 the Defendant has resorted to making outlandish allegations that either Plaintiff's counsel committed federal crimes in tampering with U.S. Mail and official court records or that an unknown person signed for the certified mail article at her cousin's residence and absconded with the mail. As neither of the explanations provided by the Defendant are plausible, this Honorable Court should find that Plaintiff perfected service of the Summons and Complaint on April 7, 2020 and that the Defendant's Notice of Removal and Amended Notice of Removal were both filed untimely and beyond the thirty (30) time period mandated by 28 U.S.C. § 1446(b).

### B. THE DEFENDANT'S AMENDED NOTICE OF REMOVAL FAILS TO ESTABLISH THAT SHE AND THE PLAINTIFF WERE CITIZENS OF DIFFERENT STATES AT THE TIME PLAINTIFF FILED HIS VERIFIED COMPLAINT

This Honorable Court must remand this matter back to the State Court because the Defendant's Amended Notice of Removal fails to establish by a preponderance of the evidence diversity of citizenship between the parties at the time Plaintiff filed his Verified Complaint on March 12, 2020. "[W]hen determining diversity between citizens for removal purposes, 'diversity must be established at the time of removal.'" *Khalil-Ambrouzou v. Parker*, PX-17-2520 (U.S. Dist. Maryland, Mar. 27, 2018)(citing *Higgins v. E.I. DuPont de Nemours 7 Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988)). "[A] defendant should not be allowed to change his domicile after the complaint is filed for the sole purpose of effectuating removal." *Id*. (citing *Higgins* at 154-155).

In *Khalil-Ambrouzou,* the district court granted the plaintiff's motion to remand the case back to the state court upon finding that the defendant failed to establish that he was not a Maryland resident at the time the plaintiff filed her complaint against him on December 17, 2016. In support of his claim that his domicile was Texas the defendant submitted two Texas identification cards, a driver's license and voter registration, issued to him in August and September of 2017. In support of its decision that the defendant failed to establish diversity of citizenship at the time the plaintiff filed her complaint, the district court reasoned that the defendant could not manufacture jurisdiction by presenting evidence concerning possible residence for a time *after* plaintiff's filing of the complaint. (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Plaintiff respectfully asserts that at the time he filed his Verified Complaint, both he and the Defendant were clearly residents of Ohio as they began residing in Ohio for the majority of

the past two years as they are currently sophomore students at Oberlin College and had the intention of remaining in Ohio for the next several years to complete their education at Oberlin College. While Plaintiff recognizes that residence and citizenship and/or domicile are not the same for the purposes of determining diversity jurisdiction, "a person's place of residence is prima facie evidence of his or her citizenship" on the date a complaint is filed. See *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 540 (10th Cir. 1994).

"[I]n determining domicile, a court should consider both positive evidence and presumptions." *Adderly v. Three Angels Broadcasting Network, Inc.,* 18-23362-civ-Scola (U.S. Dist. S.D. Fla, Dec. 23, 2019). "One such presumption is that the State in which a person resides at any given time is also that person's domicile." *Id*. (citing *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp.2d 1349, 1354-55 (M.D. Fla. 2001). "When a party's domicile changes during the period of time surrounding the filing of the complaint, the court must not only weigh the quantity and quality of his ties to his new domicile but also the bridges to the former domicile that still remain." *Id*. (citing *Gabriel v. G2 Secure Staff, LLC*, 225 F.Supp.3d 1370, 1372 (S.D. Fla. 2016)).

"An individual's entire course of conduct determines domicile for diversity jurisdiction purposes." *Id*. "Facts frequently taken into about include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes." *Id*. (citing *McDonald*). "***Courts [however], generally 'give little weight to a party's declaration of domicile because these***

8

*declarations are often self-serving.*'" *Id*. (citing *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013)).

In the present matter, the Defendant has not provided this Honorable Court with any evidence to establish that diversity of citizenship between the parties existed at the time that Plaintiff filed his Verified Complaint on March 12, 2020 other than her self-serving statements contained within her declaration. Due to the little weight that declarations regarding a party's domicile are given, this Honorable Court should find that the Defendant has failed to satisfy her burden to prove that diversity of jurisdiction existed at the time Plaintiff filed his Verified Complaint. Accordingly, this Honorable Court should remand this matter back to the State Court.

### C. THE DEFENDANT'S AMENDED NOTICE OF REMOVAL FAILS TO ESTABLISH THAT THE JURISDICTIONAL AMOUNT OF PLAINTIFF'S CLAIMS EXCEEDS $75,000.00

This Honorable Court must remand this matter back to the State Court because even in her Amended Notice of Remand, the Defendant has failed offer any evidence, let alone to prove that the amount in controversy satisfies the jurisdictional requirement. "In determining whether the defendant has carried its burden to prove that the amount in controversy satisfies the jurisdictional requirement, controlling case law requires the removal statute to be strictly construed with all doubts resolved in favor of remand." *National Pension Corp., LLC v. Horter Investment Management, LLC*, 1:20-cv-0086 (U.S. Dist. Feb. 19, 2020)(citing *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

In *National Pension Corp.* the district court granted the plaintiff's motion to remand upon holding that even though the amount in controversy pleaded in the plaintiff's complaint came relatively close to the $75,000.00 threshold in so far as plaintiff sought $64,500.00 in actual

9

damages, plus attorney fees, whether any actual damages would exceed the sum of $64,500.00 as opposed to merely overlapping that sum remained ambiguous. In reaching said holding, the district court rejected the defendant's assertion that even a modest award of attorney fee's carries its burden to show a 'facially apparent' claim that exceeds $75,000.00.

Similarly, in the present matter, this Honorable Court should remand this matter back to the State Court as the Defendant continues to fail to prove that the amount in controversy exceeds the $75,000.00 jurisdictional amount. The primary relief that the Plaintiff sought in his Verified Complaint was injunctive relief to stop from the Defendant from continuing to defame him. Considering that the Defendant is a twenty-year old college student, with presumably little assets, whether the Plaintiff would be able to damage award in excess of $75,000.00 against her remains ambiguous, especially considering the fact that until the Plaintiff can conduct discovery regarding the full extent of the Defendant's tortious conduct, he does not know the extent of his damages.

Thus, as the Defendant has failed to establish that the amount in controversy exceeds $75,000.00, this Honorable Court must remand this matter back to the State Court.

### D. THE DEFENDANT'S AMENDED NOTICE OF REMOVAL SHOULD BE STRIKEN BECAUASE IT WAS FILED BEYOND THE THIRTY DAY TIME PERIOD PERMITTED BY 28 U.S.C. 1446, WAS FILED WITHOUT LEAVE OF COURT, AND CONTINUES TO BE PROCEDURALLY DEFECTIVE

This Honorable Court should strike the Defendant's Amended Notice of Removal and remand this matter back to the State Court because the Defendant's Amended Notice of Removal: 1) was filed beyond the thirty day time period mandated by 28 U.S.C. 1446(b); 2) was filed without leave of court; and 3) fails to attach any of the service of process records from the State Court as required by 28 U.S.C. 1446(a). "The absence in the notice of removal of copies of the summonses served on the defendants, uncorrected until after the thirty day removal period

has expired violates 28 U.S.C. 1446(b), the statute that places limitations on removal jurisdiction" and requires that the action be remanded to the State Court. *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F.Supp.2d 1290, 1300 (N.D. Ala). "Because the 30 day period for removal expired before the defendant filed its motion to amend … the defendant may amend the notice of removal only with the court's leave." *Monica v. Accurate Lift Truck*, Civil Action No. 10-730 (Ed. Pa. April 20, 2010).

Despite being on notice that Plaintiff was challenging her original Notice of Removal as being procedurally defective for failing to include any of the service of processes records from the State Court proceedings as required by 28 U.S.C. § 1446(a) the Defendant inexplicably again failed to include any of the service of processes from the State Court litigation in her Amended Notice Removal. The Register of Actions that the Defendant attached to her Amended Notice of Removal reflects that Defense Counsel made no effort to try and obtain the records of service of process from the State Court despite the State Court docket clearly documenting the existence of said records.[7] Nor does Defense Counsel's email correspondence with the Lorain County Clerk of Court reflect that she made any effort to request and/or obtain the records of service of process.[8]

The Defendant cannot choose to simply ignore the fact that the State Court docket contains an entry dated April 10, 2020 docketing a certified mail return containing the Verified Complaint as being delivered on April 7, 2020 and with the notation "Signed Receipt for Certified Mail Returned and Filed." The Defendant's failure to submit the records of service of

---

[7] Defense Counsel's Register of Actions, Doc #: 9-3 PageID #: 248-252.
[8] Defense Counsel's email correspondence with the Lorain County Clerk of Court, Doc #: 9-4, PageID #: 253-259.

11

process with her Notice of Removal and Amended Notice of Removal is a fatal procedural defect to said Notices and require this Honorable Court to remand this matter back to the State Court.

In addition, the Defendant's Amended Notice of Removal was filed beyond the thirty day time period mandated by 28 U.S.C. 1446(b) and without leave of court. Thus, for all of the above reasons, this Honorable Court should strike the Defendant's Amended Notice of Remand and remand this matter back to the State Court.

WHEREFORE, the Plaintiff, by and through undersigned counsel, respectfully moves this Honorable Court to Strike the Defendant's Amended Notice of Removal, to Remand this matter back to the State Court, and to impose sanctions on Defense Counsel for her outlandish implication that Plaintiff's counsel engaged in federal crimes in order to perfect service of the State Court documents on the Defendant.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the forgoing Brief in Opposition was filed electronically on this 18th day of May 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document via the Court's electronic filing system.

                                                  /s/ Brian A. Murray
                                                  BRIAN A. MURRAY, Esq.