IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO.: 1:20-cv-01002 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | **PLAINTIFF'S REPLY IN SUPPORT** |
| | ) | **OF MOTION FOR REMAND AND** |
| JANE DOE, | ) | **FOR SANCTIONS** |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, by and through undersigned counsel, and respectfully submits his Reply in support of his Motion for Remand and for Sanctions. In addition to the reasons set forth in his Motion for Remand and Motion to Strike Defendant's Amended Notice of Removal, Plaintiff respectfully asserts that this Honorable Court should remand this matter back to the State Court and impose sanctions on Defense counsel because she:

1) submitted Sworn Declarations from the Defendant, the Defendant's cousin, and Defendant's mother that she knew were riddled with false statements and material omissions in support of her arguments that Plaintiff never perfected service of the Summons and Complaint and that she timely filed her Notice of Removal within the thirty (30) day time period mandated by 28 U.S.C. §1146(b);

2) willfully misrepresented Ohio law regarding the amount of punitive damages that the Defendant could be subjected to in an effort to try and prove that the amount in controversy exceeds $75,000.00; and

3) falsely claims that she acted diligently in trying to obtain copies of all of the process, pleadings, and orders from the State Court clerk of court in an effort to excuse her failure to attach them to her Notice of Removal as required by 28 U.S.C. §1146(a).

A Brief in Support is attached hereto and incorporated herein.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

**BRIEF IN SUPPORT**

**I. DEFENSE COUNSEL SUBMITTED SWORN DECLARATIONS THAT SHE KNEW CONTAINED FALSE STATEMENTS AND MATERIAL OMISSIONS**

This Honorable Court must remand this matter back to the State Court and impose sanctions on Defense counsel because she submitted sworn declarations in her Response Brief that she knows contain false statements and material omissions in an effort to try and rebut the presumption that service of the Summons and Complaint was perfected on April 7, 2020 and to claim that her May 8, 2020 Notice of Removal was timely filed. "Under Rule 11, attorneys have a responsibility to conduct a reasonable inquiry into the facts and law of a case when they affix their signature on any papers filed with the court." *Syncpoint Imaging, LLC v. Nintendo of America, Inc.*, 15-CV-00247, (E.D. Texas Dec. 26, 2018)(citing Fed R. Civ. P. 11(b); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001)). "By signing and filing those papers with the Court, attorneys certify that to the best of their knowledge that the allegations and factual contents submitted to the court have evidentiary support." *Id*. (citing Fed R. Civ. P.

11(b)(3). "A client is responsible for a Rule 11 violation if the client knows that the filing and signing of a pleading, motion, or other paper is wrongful." *Id*.

"In determining whether sanctions may be imposed under Rule 11, the Sixth Circuit has stated the appropriate test is 'whether the individual's conduct was reasonable under the circumstances.'" *EnTech, Ltd. V. Speece*, 5:16-CV-1541 (Ohio N.D., Nov. 15, 2019)(citing *International Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Aguire*, 410 F.3d 297, 304 (6th Cir. 2005)). "A good faith belief in the merits of a case is insufficient to avoid sanctions." *Id*. "Rather counsel must "meet an objective standard of reasonableness." *Id*. (citing *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)).

In *Syncpoint Imaging, LLC,* supra, the district court held that the plaintiff's attorney violated Rule 11(b)(3) by failing to make a reasonable inquiry into critical factual representations made by his client in a declaration that he submitted in opposition to the defendant's motion to transfer the plaintiff's lawsuit to a different venue, from the Eastern District of Texas to the Western District of Washington. The district court in *Syncpoint Imaging, LLC* reasoned that the attorney's lack of diligence in investigating critical factual contentions regarding his client's alleged ties to Texas was simply inexcusable. Accordingly, the district court sanctioned the plaintiff's attorney by imposing a monetary fine upon him and issuing a public reprimand.

Similarly, in the present matter, Defense counsel has incredulously submitted sworn declarations from the Defendant, the Defendant's cousin, and the Defendant's mother that she knows contain false statements and materials omissions in order to affect the venue of the Plaintiff's action and her need for this matter to be litigated in federal court since she is not licensed to practice law in the State of Ohio and would likely be unable to continue her representation of the Defendant if this matter is remanded to State Court.

3

### A. THE DEFENDANT'S COUSIN MADE MATERIAL FALSE STATEMENTS AND OMITTED MATERIAL FACTS IN HER DECLARATION

The Defendant's cousin committed perjury when she swore under oath in her May 14, 2020 declaration that "no certified mail deliveries" had been received at her residence in the past two months and that neither she nor anyone in her household signed the signature card for the April 7, 2020 certified mail article that was personally addressed to the Defendant.[1] The Defendant's cousin's statements are false because Defense counsel emailed Plaintiff's counsel just one week earlier, on May 7, 2020, and disclosed that the Defendant's cousin who lived in California received the April 7, 2020 certified mail article that was personally addressed to the Defendant.[2] Defense counsel further advised in said email correspondence that the Defendant's cousin notified the Defendant's father that she received said certified mail article.[3] Defense counsel also disclosed in said email correspondence that she obtained that information directly from the Defendant when she spoke with her earlier that afternoon.[4]

The Defendant's cousin also omitted material facts from her Declaration as she makes no mention of contacting the Defendant's father in response to receiving the April 7, 2020 certified mail article. The Defendant's cousin also failed to disclose any information about the extent of her communications with the Defendant and/or the Defendant's family members regarding the "several" federal express deliveries that she received that were personally addressed to the

---

[1] Exhibit F to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-7, PageID #: 318-321.
[2] *Please see* May 7, 2020 email correspondence from Defense counsel to Plaintiff's counsel, attached hereto as Exhibit 1.
[3] May 7, 2020 email correspondence from Defense counsel to Plaintiff's counsel, attached hereto as Exhibit 1.
[4] May 7, 2020 email correspondence from Defense counsel to Plaintiff's counsel, attached hereto as Exhibit 1.

Defendant, even though she opened one of those deliveries and observed that it contained "some court documents."

Thus, despite knowing that the Defendant's cousin made material false statements and omitted material facts from her Declaration, Defense counsel nevertheless submitted said Declaration to this Honorable Court in support of her argument that Plaintiff never perfected service of the Summons and Complaint and that her Notice of Removal was timely filed.

**B. THE DEFENDANT MADE MATERIAL FALSE STATEMENTS AND OMITTED MATERIAL FACTS IN HER SECOND DECLARATION**

The Defendant committed perjury in her Second Declaration when she stated that she does not know who signed the green card as "Jane Doe"[5] as said statement contradicts her May 7, 2020 statement to Defense counsel that her cousin received the April 7, 2020 certified mail article.[6] The Defendant's assertion in her Second Declaration that she "did not authorize anyone to sign for anything on [her] behalf"[7] is also false. It is simply not believable that the Defendant's cousin would accept a certified mail article that was personally addressed to the Defendant and would sign for the certified mail article as "Jane Doe" unless the Defendant authorized her to do so.

The Defendant also omits material facts from her Declaration[8] and Second Declaration[9] as she makes no mention of the fact that she was aware that her cousin received the April 7, 2020

---

[5] Exhibit E to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-6, PageID #: 314-317.
[6] May 7, 2020 email correspondence from Defense counsel to Plaintiff's counsel, attached hereto as Exhibit 1.
[7] Exhibit E to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-6, PageID #: 314-317.
[8] Exhibit A to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-2, PageID #: 297-300.
[9] Exhibit E to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-6, PageID #: 314-317.

certified mail article and contacted her father in response to receiving it. Nor does the Defendant disclose any information in her Declarations as to when she found out that her cousin received the certified mail article and/or how she learned of that information. The Defendant also fails to disclose the extent of her communications with her cousin and other family members regarding the certified mail article, the "several" federal express envelopes that were personally addressed to her that her cousin admitted to receiving at her residence, or the contents of the one federal express envelope that her cousin admitted to opening and observed contained court documents.

Thus, despite knowing that the Defendant made material false statements and omitted material facts from her Declaration, Defense counsel nevertheless submitted said Declaration to this Honorable Court in support of her argument that Plaintiff never perfected service of the Summons and Complaint and that her Notice of Removal was filed timely.

C. **THE DEFENDANT'S MOTHER OMITTED MATERIAL FACTS FROM HER DECLARATION AND THE DEFENDANT FAILED TO PROVIDE A DECLARATION FROM HER FATHER**

While the Defendant's mother clams in her Declaration that neither she nor her husband saw a copy of Plaintiff's Complaint until May 6, 2020 when they obtained a copy of it from Defense counsel, the Defendant's Mother failed to provide any information in her Declaration regarding her husband being contacted by the Defendant's cousin about her receipt of the certified mail article addressed to the Defendant on April 7, 2020.[10] Noticeably absent from the Defendant's Response is a sworn Declaration from her Father regarding his communications with her cousin regarding the April 7, 2020 certified mail article.

---

[10] Exhibit C to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-4, PageID #: 303-305.

Accordingly, this Honorable Court must remand this matter back to the State Court and impose sanctions on Defense counsel because she is relying upon sworn declarations that she knows contain false statements and material omissions in an effort to try and rebut the presumption that service of the Summons and Complaint was perfected on April 7, 2020 and to claim that her May 8, 2020 Notice of Removal was timely filed.

## II. DEFENSE COUNSEL HAS FRAUDULENTLY MISREPRESENTED THE CAP THAT OHIO PLACES ON PUNITIVE DAMAGE AWARDS AGAINST AN INDIVIDUAL

Defense counsel has fraudulently misrepresented to this Honorable Court that "[u]nder Ohio law, the statutory maximum for punitive damages … is an amount equal to *two times* the award of compensatory damages" to support her argument that the amount in controversy in the present matter exceeds the jurisdictional threshold of $75,000.00.[11] "Ohio caps punitive damages in tort actions against an individual to two times the amount of compensatory damages or *ten percent of an individual's net worth when the tort was committed, whichever is lower*." *Reed v. Bove*, 2:17-cv-168 (U.S. Dist. S.D. Ohio March 28, 2019)(citing Ohio Revised Code Ann. § 2315.21(D)(2)(b)).

Ohio Revised Code Ann. § 2315.21(D)(2)(b) provides:

> [i]f the defendant is a small employer or individual, **the court shall not enter judgment for punitive or exemplary damages in excess of the lesser of two times the amount of compensatory damages awarded to the plaintiff from the defendant or ten percent of the** employer's or **individual's net worth** when the tort was committed up to a maximum of three hundred fifty thousand dollars ….

In *Reed*, the district court scheduled a show cause hearing after holding that the defendant failed to show by a preponderance of the evidence that the plaintiff was seeking more than

---

[11] Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11, PageID #: 292.

7

$75,000.00 in damages in support his claim that the district court had diversity jurisdiction over the plaintiff's case. The defendant in *Reed* argued that the jurisdictional threshold of $75,000.00 was satisfied by the plaintiff seeking compensatory damages in excess of $25,000.00 and punitive damages which Ohio Revised Code Ann. § 2315.21(D)(2)(b) allowed for up to two times the amount of compensatory damages.

In rejecting the defendant's argument, the district court in *Reed* reasoned that ten percent of the defendant's net worth could be below $50,000.00. The district court in *Reed* noted that the defendant had not set forth any evidence of his net worth and while it was possible that the damages alleged amounted to more than $75,000.00 it was equally likely that the alleged damages would not amount to more than $75,000.00. Accordingly, the district court stated that "[t]hese equally likely alternatives, however, mean that the defendant has not met his requirement to show by a preponderance of the evidence that there is more than $75,000.00 in controversy."

Similarly, in the present matter, this Honorable Court must reject the Defendant's argument that the jurisdictional threshold of $75,000.00 is satisfied because there is no evidence in the record to support a finding that ten percent of her net worth is at least $50,000.000. In fact, the evidence in the record only supports a finding that the Defendant has little and/or no financial assets and that any punitive damage award that the Plaintiff would likely recover from the Defendant would be a nominal amount.

The Declaration from the Defendant's mother reflects that the Defendant is nineteen (19) years old and that she and her husband continue to support the Defendant financially.[12] Defense

---

[12] Exhibit C to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-4, PageID #: 303-305.

counsel also asserts in her Reply Brief that the Defendant is financially dependent on her parents.[13] Moreover, despite submitting two Declarations in this matter, the Defendant has not provided any information regarding her net worth, let alone any information establishing that her net worth is at least $500,000.00. Thus, as the Defendant has failed to satisfy her burden of establishing that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, this Honorable Court must remand this matter back to the State Court.

### III. DEFENSE COUNSEL'S ASSERTION THAT SHE DILIGENTY SOUGHT AND ATTACHED ALL AVAILABLE PLEADINGS TO HER MAY 8, 2020 NOTICE OF REMOVAL IS CONTRADICTED BY THE EMAIL CORRESPONDENCE SHE ATTACHED TO HER RESPONSE

Defense counsel's assertion that she "diligently sought and attached all available pleadings" to her May 8, 2020 Notice of Removal[14] is contracted by the email correspondence she attached as Exhibit H to her Response to the Plaintiff's Motion for Remand. Exhibit H contains five (5) pages of email correspondence between Defense Counsel's law firm and a representative of the Lorain County Clerk of Court.[15] The last page of said email correspondence reflects that Defense Counsel's law firm and the Lorain County Clerk of Court were engaged in email communications as early as the morning of May 4, 2020, three (3) days before she initially contacted Plaintiff's counsel and requested a copy of the Verified Complaint and other documents that were filed with the State Court.[16] The subject line of the email correspondence between Defense counsel's law firm and the Lorain County Clerk of Court reads

---

[13] Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11, PageID #: 289.
[14] Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11, PageID #: 286.
[15] Exhibit H to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-9, PageID #: 328-333.
[16] Exhibit H to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-9, PageID #: 328-333.

9

"20CV200826" which matches the case number assigned by the State Court to the Plaintiff's Verified Complaint.[17]

The last page of said email correspondence further reflects that said page constituted page 2 of 3 of that particular email thread between Defense Counsel's law firm and the Lorain County Clerk of Court. Defense counsel chose to not include page 3 of said email correspondence to Exhibit H, thus preventing this Honorable Court and Plaintiff's counsel from discovering the full extent of said communication and what documents Defense counsel requested and obtained from the Clerk of Court prior to filing her Notice of Removal and prior to requesting the very same documents from Plaintiff's counsel three (3) days later.

On information and belief, page 3 of that email correspondence would confirm that Defense Counsel's law firm requested at least a copy of the Verified Complaint and that the Clerk of Court provided Defense counsel with at least a copy of the Verified Complaint the same day she requested it and three (3) days prior to her requesting a copy of the Verified Complaint from Plaintiff's counsel.

The subsequent email correspondence between Defense counsel's law firm and the Lorain County Clerk of Court on May 11, 2020 acknowledges that Defense counsel's law firm previously received at least a copy of the Verified Complaint from the Lorain County Clerk of Court on or before May 4, 2020. There were no other communications in that email thread between May 4, 2020 and May 11, 2020.[18] It was not until May 11, three (3) days after filing her Notice of Removal, that Defense counsel requested copies of additional pleadings in the case

---

[17] Exhibit H to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-9, PageID #: 328-333.
[18] Exhibit H to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-9, PageID #: 328-333.

from the Lorain County Clerk of Court.[19] Said email correspondence also reflects that the Lorain County Clerk of Court provided Defense counsel with a copy of all of the documents that were located within the court's file that same day.[20]

The only logical explanation as to why Defense counsel would purposefully fail to attach the third page of that email thread with the Clerk of Court is to prevent the record in this matter from reflecting that she had the ability to obtain copies of all the process, pleadings, and orders that 28 U.S.C. 1446(a) required her to attach to the Notice of Removal prior to the expiration of the thirty (30) day time period set forth in 28 U.S.C. 1446(b) on May 7, 2020. Thus, the evidence in the record contradicts Defense counsel's assertion that she diligently sought and attached all available pleadings to her May 8, 2020 Notice of Removal. Accordingly, this Honorable Court should remand this matter back to the State Court.

WHEREFORE, the Plaintiff, by and through undersigned counsel, respectfully moves this Honorable Court to grant his Motion to Remand this matter back to the State Court and to impose sanctions on Defense counsel for her frivolous allegations, for submitting sworn declarations from the Defendant, the Defendant's Cousin, and the Defendant's that she knew contained false statements and material omissions, and for intentionally misrepresenting the amount of punitive damages that the Defendant could be subjected to in an effort to try and prove that the amount in controversy exceeds $75,000.00.

                                                Respectfully Submitted,

                                                /s/ Brian A. Murray
                                                LARRY W. ZUKERMAN, Esq. (0029498)
                                                S. MICHAEL LEAR, Esq. (0041544)

---

[19] Exhibit H to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-9, PageID #: 328-333.
[20] Exhibit H to Defendant's Response to Plaintiff's Motion for Remand, Doc #: 11-9, PageID #: 328-333.

BRIAN A. MURRAY, Esq. (0079741)  
ADAM M. BROWN, Esq. (0092209)  
Zukerman, Lear & Murray Co. L.P.A.  
3912 Prospect Ave. East  
Cleveland, Ohio 44115  
(216) 696-0900 telephone  
(216) 696-8800 facsimile  
lwz@zukerman-law.com  
sml@zukerman-law.com  
bam@zukerman-law.com  
amb@zukerman-law.com  
Counsel for Plaintiff John Doe

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the forgoing Brief in Opposition was filed electronically on this 26th day of May 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document via the Court's electronic filing system.

/s/ Brian A. Murray_____  
BRIAN A. MURRAY, Esq.