# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN DOE**

        **Plaintiff,**            Case No. 1:20-cv-1002-JG

v

                                             HON. JAMES S. GWIN

**JANE DOE,**

        **Defendant.**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@sppplaw.com* |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | *Attorney for Defendant* |
| bam@zukerman-law.com | |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

## DEFENDANT'S MOTION TO PROCEED PSEUDONYMOUSLY

Defendant, by and through her counsel, Salvatore Prescott Porter & Porter PLLC, hereby provides—at the Court's request—briefing regarding the appropriateness of Plaintiff and Defendant in this action being able to proceed anonymously. Defendant requests that she be allowed to proceed pseudonymously in this action for the purpose of protecting her identity as a sexual assault victim from public disclosure.

This case involves the sexual assault of the Defendant by the Plaintiff, both of whom are current students at Oberlin College. Following the assault, Defendant submitted a Title IX complaint to the College. Thereafter, and before the College had completed its Title IX investigation, Plaintiff initiated this suit against Defendant alleging defamation and intentional infliction of emotional distress. Plaintiff chose to bring the matter out of the College's private Title IX process and into the public forum of the courts—yet asks to be permitted to proceed anonymously.

While Defendant believes that she should be permitted to proceed under a pseudonym in this case in order to limit the harm already caused to Defendant by Plaintiff's actions, Plaintiff cannot meet the standard identified by the Sixth Circuit as governing whether a party should be permitted to proceed anonymously. As such, Plaintiff should not be allowed to proceed as a "John Doe" in this action.  Defendant relies on the arguments set forth in the supporting brief in support of her motion and position in this matter.

        Respectfully submitted,

        SALVATORE PRESCOTT
        PORTER & PORTER, PLLC

Dated: June 10 , 2020        /s/ Jennifer B. Salvatore
        Jennifer B. Salvatore (P66640)
        105 East Main Street
        Northville, MI 48167
        T:(248) 679-8711
        F: (248) 773-7280
        salvatore@spplaw.com

        *Attorney for Defendant Jane Doe*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE**

       **Plaintiff,**              Case No. 1:20-cv-1002-JG

v

                                       HON. JAMES S. GWIN

**JANE DOE,**

       **Defendant.**
_____/

| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
|---|---|
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@sppplaw.com* |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | *Attorney for Defendant* |
| bam@zukerman-law.com | |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

### DEFENDANT'S BRIEF IN SUPPORT OF HER MOTION
### TO PROCEED PSEUDONYMOUSLY

### FACTUAL BACKGROUND

Defendant Jane Doe filed a Title IX complaint at Oberlin College, where she has just completed her sophomore year. Her Title IX complaint described that Plaintiff, a fellow Oberlin student, sexually assaulted her when she was too intoxicated to consent. Plaintiff thereafter sued Defendant for defamation and intentional infliction of emotional distress. Defendant requests that this Court permit her to proceed anonymously in this litigation, as defending this suit will require

1

her to disclose information of the utmost intimacy including the fact that she has been sexually assaulted. Defendant further requests that Plaintiff be required to proceed under his true identity as he has chosen to make a public record of his conduct in a public forum, he has filed suit in retaliation for Defendant exercising her rights under law, and he has brought claims disputing that anything of the utmost intimacy – and therefore, requiring of anonymity – even occurred.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) requires parties to disclose their names in all pleadings. Fed. R. Civ. P. 10(a). However, courts permit parties to proceed pseudonymously under limited circumstances. Courts in ruling on such a request may consider: (1) whether the party seeking anonymity is suing to challenge governmental activity; (2) ***whether prosecution of the suit will compel the party to disclose information of the utmost intimacy***; (3) whether the litigation compels the party to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the party is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (emphasis added). Here, pseudonymous status is warranted because the litigation will involve disclosure of stigmatizing sexual information regarding Defendant—information of the utmost intimacy—including the fact that she was sexually assaulted.

Courts often permit sexual assault survivors to proceed anonymously, recognizing that such events frequently involve the disclosure of highly personal and often stigmatizing information. *See NMIC Ins. Co. v. Smith*, 2:18-CV-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness…[T]he public interest weighs in favor of allowing [the victim] to proceed anonymously so that other victims will not be deterred from coming forward"), **Ex. 1**; *See also Doe v. Dabbagh*, 15-CV-10724, 2015 WL 13806540, at *2 (E.D. Mich. May 28, 2015) ("[M]any courts allow rape victims to proceed under pseudonyms, at least until trial. The allegations often involve compelled sex acts that degrade and stigmatize the victim."), **Ex. 2**; *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of …

2

rape victims, and other particularly vulnerable parties or witnesses"); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously), **Ex. 3**; *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault victims so that other victims will not be deterred from reporting such crimes").

Here, Defendant suffered a sexual assault and the litigation brought by Plaintiff following Defendant's report of that assault will likely result in the disclosure of very personal and potentially stigmatizing sexual information. In addition, requiring Defendant to disclose her identity could discourage future victims of campus sexual assault to engage in the Title IX process. For these reasons, anonymous status is appropriate for the Defendant in this action.

Considering the factors identified by the Sixth Circuit in *Doe v. Porter*, however, it is not clear to Defendant how Plaintiff meets those factors. Only the second factor would arguably apply—although Plaintiff cannot establish that prosecution of the action in his own name would require him to disclose information "of the utmost intimacy." At issue in this case are actions Plaintiff took, not actions done to him. Moreover, as it is Plaintiff's position that he did nothing wrong, it is unclear how this case involves matters "of the utmost intimacy" to him. Finally, courts do not routinely grant pseudonymous status to parties simply based on the fact that a plaintiff has been *accused* of sexual assault.

Moreover, the mere act of filing this lawsuit has already resulted in the disclosure of the underlying incident – Plaintiff just does not want his name associated with those details. *See D.E. v. John Doe*, No. 15-2128, _ F.3d _, 2016 WL 4473236, at *3 (6th Cir. Aug. 25, 2016) (plaintiff forfeited ability to keep his actions secret from future employers when he filed suit). With regard to the remaining factors, it is undisputed that Plaintiff cannot establish them – he is not challenging government activity; he is not disclosing an intention to violate the law and thereby risking criminal prosecution; and he is not a minor.

3

## CONCLUSION

Defendant asks the Court to protect her identity and grant her motion to proceed pseudonymously. Defendant also asks the Court to deny pseudonymous status to her assailant, the Plaintiff in this matter, as the law does not support his ability to both invoke a public court proceeding against his accuser and simultaneously protect his identity when doing so.

|  |  |
|---|---|
|  | Respectfully submitted,<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC |
| Dated: June 10, 2020 | /s/ Jennifer B. Salvatore<br>Jennifer B. Salvatore (P66640)<br>105 East Main Street<br>Northville, MI 48167<br>T:(248) 679-8711<br>F: (248) 773-7280<br>salvatore@sppplaw.com |
|  | *Attorney for Defendant Jane Doe* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2020 the foregoing document, Defendant's Motion To Proceed Anonymously, Brief in Support, and this Proof of Service were served upon all counsel of record via the Court's ECF system which will electronically serve all counsel of record at their respective email addresses as captioned on the pleadings of record.

Dated: June 10, 2020                            */s/ Jennifer Salvatore*

4