IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No.: 1:20-CV-1002 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR BOTH** |
| | ) | **PARTIES TO BE ABLE TO PROCEED** |
| JANE DOE, | ) | **ANONYMOUSLY AND FOR AN** |
| | ) | **ORDER TO SEAL THE STATE COURT** |
| Defendant. | ) | **RECORDS THAT WERE IMAGED** |
| | ) | **ON JUNE 4, 2020** |

Plaintiff, by and through undersigned counsel, and pursuant to this Honorable Court's June 3, 2020 Order respectfully moves this Honorable Court to permit the parties to continue to proceed anonymously in this matter. As set forth more fully in the Brief in Support, attached hereto and incorporated herein, Plaintiff obtained an Order from the State Court that permitted the parties to proceed using pseudonyms prior to this matter being removed by the Defendant to Federal Court. Thus, pursuant to the law of the case doctrine and 28 U.S.C. § 1450, the State Court's Order should remain in full force and effect unless and/or until it is dissolved or modified by this Honorable Court.

Plaintiff further asserts that due to the highly sensitive and personal nature of this case which involves the Defendant making defamatory statements to other Oberlin College students in which she falsely and maliciously accused Plaintiff of raping and/or forcing himself her multiple times, this Honorable Court should not dissolve or modify the State Court's Order permitting the parties to proceed anonymously as both parties' privacy interests substantially outweigh the presumption of open judicial proceedings.

1

In addition, as the State Court also ordered that any documents containing the parties' personal identifiers could be filed under seal and/or restricted from public access, this Honorable Court should Order the Clerk of Court to seal all of the documents that were filed in the State Court litigation that were subsequently imaged and made publicly available on the docket in this matter on June 4, 2020 as at least twenty-one (21) pages of those documents contain the legal name of the Plaintiff and/or Defendant.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (#0029498)
S. MICHAEL LEAR, Esq. (#0041544)
BRIAN A. MURRAY, Esq. (#0079741)
ADAM M. BROWN, Esq. (#0092209)
ZUKERMAN, LEAR & MURRAY CO., L.P.A.
3912 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-0900 phone
(216) 696-8800 fax
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

**BRIEF IN SUPPORT**

I.  **STATEMENT OF THE CASE**

Plaintiff's causes of action against the Defendant are based on the Defendant making false, malicious, defamatory statements to others about him, specifically including statements that he "raped" and/or "forced himself on her" "multiple times." At all times relevant herein, Plaintiff and Defendant were undergraduate students at Oberlin College. Defendant's slanderous statements against Plaintiff to others has tarnished Plaintiff's reputation, caused Plaintiff

2

significant emotional and mental health issues, caused Plaintiff to lose friends, and caused Plaintiff to incur other forms of harm/ damages, to be proven at trial.

In light of the nature of this action, Plaintiff asserts that both parties will necessarily need to divulge highly personal and intimate details concerning the events described herein and that both parties' privacy interests substantially outweigh the presumption of open judicial proceedings. Moreover, on March 13, 2020 Plaintiff obtained an Order from the State Court that permitted the parties to proceed anonymously and to file documents that contained the parties' personal identifiers under seal and/or to restrict public access to any document that contained the parties' personal identifiers. Plaintiff respectfully moves that this Honorable Court to permit the parties to continue to proceed anonymously and by pseudonym as previously ordered by the State Court.

**II.     STATEMENT FACTS**

One day after this Honorable Court issued its Order for the parties to file briefing on whether they can proceed anonymously,[1] the Clerk of Court docketed that it received a certified copy of the State Court documents.[2] The Clerk of Court imaged all of the State Court documents that it received, which consisted of 216 pages of records, and made them publicly available.[3] Based on undersigned counsel's review of said documents, it appears that the State Court failed to provide the Clerk of Court with a copy of the March 13, 2020 Verified Complaint that the Plaintiff filed under seal which contained the parties full legal names. Instead, it appears that the State

---

[1] Order, Doc #: 16, PageID #: 392.
[2] Docket Entry, June 4, 2020.
[3] Doc #: 17, PageID #: 394-501, and Doc #: 17-1, PageID #: 502-609.

3

Court only provided the Clerk of Court with a copy of the envelope that contained the sealed copy of the Verified Complaint bearing the parties' full legal names.[4]

Contained within the documents provided by the State Court, is a March 13, 2020 Judgment Entry signed by a Magistrate Judge granting the Plaintiff's Motion to Proceed Under Pseudonyms, to Restrict Public Access to the Court Record and to Case Documents, and to file the Verified Complaint and all Case Documents bearing the Parties' Identifying Information Under Seal.[5] Accordingly, from March 12, 2020 until the Clerk of Court imaged all of the State Court documents and made them publicly available on June 4, 2020, the Plaintiff had been successful in protecting both parties identities from being accessible to the public. As a result of the State Court documents now being imaged, the Defendant's identity is now revealed on at least sixteen (16) pages of documents[6] and the Plaintiff's identity is revealed on at least five (5) pages of documents.[7]

In addition to permitting the parties to continuing proceeding anonymously in this matter, the Plaintiff further moves this Honorable Court to Order that all of the documents that were provided by the State Court be sealed as at least twenty-one (21) of the two hundred and sixteen (216) pages of said documents contain the parties' legal names.

### III.     LAW & ARGUMENT

This Honorable Court should permit the parties to continue to remain anonymous based on the law of the case doctrine as the State Court issued a Judgment Entry/Order permitting the parties to proceed by pseudonym and that all case documents bearing the parties' personal

---

[4] Doc #: 17-1, PageID #: 548.
[5] Doc #: 17-1, PageID #: 554-555. *Please note* that the first and second pages of the imaged Judgment Entry are out of Order, page 2 of the Judgment Entry is assigned PageID #: 554 and page 1 of the Judgment is assigned PageID #: 555.
[6] Doc #: 17, PageID #: 430, 485, 486, 493, 494, 496, 499 and Doc #: 17-1, PageID #: 512, 534, 535, 536, 537, 538, 539, 549, and 550.
[7] Doc #: 17-1, PageID #: 529, 530, 531, 532, 533.

4

identifiers be sealed and/or restricted from public access prior to the Defendant removing this case to Federal Court. In addition, this Honorable Court should find that due to the highly sensitive nature of the allegations in this case, that the parties' privacy interests justify permitting them to continue to proceed by pseudonym.

> **A. UNLESS AND/OR UNTIL THIS HONORABLE COURT DISSOLVES OR MODIFIES THE STATE COURT'S ORDER FROM MARCH 13, 2020, THE PARTIES SHOULD BE PERMITTED TO CONTINUE TO REMAIN ANONYMOUS AND ALL CASE DOCUMENTS CONTAINING THE PARTIES' PERSONAL IDENTIFIERS SHOULD REMAIN SEALED AND/OR RESTRICTED FROM PUBLIC ACCESS BASED ON THE LAW OF THE CASE DOCTRINE**

Unless and/or until this Honorable Court dissolves or modifies the March 13, 2020 Judgment Entry from the State Court that permitted the parties to proceed anonymously, the parties should be permitted to continue to proceed by pseudonym and all of the State Court documents that contain the parties' personal identifiers should be sealed and/or restricted from public access. "After removal, the federal court takes up the case where the State Court left it off." *Roberts v. Harley Davidson Financial Services, Inc.*, No. 4:19-CV-00841 (U.S. Dist. W.D. Missouri, Feb. 13, 2020)(citing *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974)). "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effective until dissolved or modified by the district court." *Id*. (citing 28 U.S.C. § 1450). "In turn, a state court order issued prior to removal 'is the law of the case until modified." *Id*. (citing *Groh v. JPMorgan Chase Bank, N.A.,* No. 14-CV-40-W-DGK, 2014 WL 1687696, at *2 (W.D. Mo. Apr. 29, 2014)(citing *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)); and 18 Moore's Federal Practice-Civil § 134.22 (Matthew Bender 3d Ed.)("When the law of the case doctrine applies to the decisions entered by the state court prior to removal."). *Id*.

"[28 U.S.C. § 1450] is designed to promote judicial efficiency when shifting between state and federal court by giving full force and effect to state proceedings so that they do not need to be duplicated in federal court." *Arias et al. v. City of Everett, et al.,* No. 19-10537 (U.S. Dist. Massachusetts, Dec. 4, 2019)(*Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty*., 415 U.S. 423, 436 (1974); *Concordia Partners, LLC v. Pick,* 790 F.3d 277, 279 (1st Cir. 2015)("we read § 1450-in keeping with its text-merely to preserve the status quo in the removed case. So read, § 1450 simply ensures that the state court order 'remains in full force and effect,' and thus that the filing of the notice of removal does not have the consequential effect of wiping that state court order away."). *Id*.

Thus, applying these principles to the instant case compels the conclusion that unless and/or until this Honorable Court modifies or dissolves the March 13, 2020 Order/Judgment Entry from the State Court, the parties should be permitted to continue to proceed anonymously by pseudonym and that all of the State Court records that contain the parties legal names should be sealed and/or not available for public access.

### B. THE PARTIES SHOULD BE PERMITTED TO REMAIN ANONYMOUS AND TO PROCEED UNDER PSEUDONYM AS THEIR PRIVACY INTERESTS SUBSTANTIALLY OUTWEIGH THE PRESUMPTION OF OPEN JUDICIAL PROCEEDINGS

This Honorable Court should permit the parties to remain anonymous and to continue to proceed under pseudonym as their privacy interest substantially outweighs the presumption of open judicial proceedings based on the highly sensitive nature of the dispute between the parties as to whether they engaged in consensual sex with one another on two occasions. Although there is a strong policy towards open judicial proceedings, parties have been permitted to proceed under a pseudonym in exceptional circumstances. See *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004); see also *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011); *Plaintiff B v. Francis*, 631 F.3d 1310,

6

1315-1316 (11th Cir. 2011); and *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). In balancing these concerns, the trial court "should carefully review all the circumstances of a given case." (Emphasis sic.) *Plaintiff B* at 1316 quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992).

While the Sixth Circuit's list of considerations are non-exhaustive, the primary concerns are: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information `of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter* at 560 (citing *Doe v. Stegall,* 653 F.2d 180, 185-186 (5th Cir.1981)). Other factors that district courts within the Sixth Circuit have considered include whether threats of retaliation have been made against the plaintiff and the potential prejudice of the opposing party. See *Porter* at 360-36; *Doe v. Wolowitz,* E.D. Michigan No. 01-73907, 2002 WL 130614, *2 (May 28, 2002). A court has discretion to grant leave to proceed under a pseudonym, and a "district court's decision to grant a protective order [is reviewed] for an abuse of discretion." *See Bruner, supra,* at ¶ 8, citing *Porter,* 370 F.3d at 560.

Here, Plaintiff's anonymity is warranted because his claims will require him to disclose intimate, sensitive, and highly personal information concerning the incidents of consensual sexual contact between him and the Defendant. Plaintiff has incurred, and continues to incur, substantial psychological, emotional, and physical distress as a result of the Defendant's tortious, false, and slanderous statements against him.

It is undeniable that an individual's history and personal information is easily accessible with a click of a mouse. See *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) (granting the plaintiff the use of a pseudonym, and finding that "[h]aving the plaintiff's name in the public domain,

7

especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case"); *Doe v. Alger*, 2016 WL 1273250, at *4 (W.D. Va. Mar. 31, 2016) (granting the plaintiff the use of a pseudonym in his case challenging the due process of James Madison University's sexual misconduct policy because "[a]ny records check or Internet search would reveal the very information he is now trying to expunge," and were he "not allowed to proceed anonymously, part of the relief he seeks—expungement of his student record—would fall short of making him whole."); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112–13 (E.D.N.Y. 2003) (acknowledging that the "modern invention of today includes access to court files by those surfing the Internet").

See also, *E.E.O.C. v. Spoa, LLC*, Case No. CCB- 13-1615, 2013 WL 5634337, *1 (D. Md. Oct. 15, 2013) (granting a plaintiff's motion to use a pseudonym in part because "[i]n today's Internet age, the docket filings are likely to remain pervasively available. It is not simply that Doe may face embarrassment from this widespread disclosure . . . but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (granting a plaintiff's motion to use a pseudonym in part because "it is now possible to 'determine whether a given individual is a party to a lawsuit in federal court anywhere in the country by the simplest of computer searches, to access the docket sheet of any such case electronically, and . . . that entire case files will be accessible over the Internet").

Courts have granted anonymity based on circumstances that are just as compelling as those at issue in this case. For example, in *Porter*, supra, the plaintiffs challenged the school board's practice of permitting the teaching of the Christian Bible in public schools. See *Porter,* 370 F.3d at 560. The Sixth Circuit affirmed the lower court's decision allowing the plaintiffs to proceed

8

using pseudonyms, finding plaintiffs' interest in maintaining the privacy of their religious belief (and preventing potential harassment that may be incurred based on such beliefs) justified anonymity. *Id.* at 560.

In *Doe v. Snyder,* Case 2:12-cv-11194, Doc. #11, April 18, 2012 (E.D. Mich. 2012), the district court allowed the plaintiffs, registered sex offenders, to proceed anonymously based on fear of retaliation and harassment, even though the plaintiffs' status as sex offenders was published in the state's public registry. *Id*. at 3. There is no doubt that Plaintiff seeks "to preserve privacy in a matter of sensate and high personal nature" rather than "merely to avoid the annoyance and criticism that may attend the litigation." *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993).

In *Doe v. Brandeis University*, No. 15-11557, 2016 WL 1274533, at *6 (D. Mass. Mar. 31, 2016), the district court granted the Plaintiff's request to proceed under a pseudonym and held "[c]ertainly stigmatization as a sex offender can be a harsh consequence for an individual who has not been convicted of any crime, and who has not been afforded the procedural protections of criminal proceedings."

In addition, in *Doe v. Rector & Visitors of George Mason University*, the district court granted the plaintiff the right to use a pseudonym, finding that the underlying sexual activity was "a matter of sensitive and highly personal nature":

> There can be no doubt that the litigation here focuses on "a matter of sensitive and highly personal nature." Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule. . . . Moreover, it bears reiteration that the fact that accusations of this sort inspire passionate responses and have severe ramifications is reflected in the anonymity afforded to the accusers and the accused when participating in GMU's disciplinary proceedings. It makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation. In fact, to do so may well discourage aggrieved students from seeking recourse

9

> when they fall victim to defective university disciplinary
> procedures or may discourage victims from reporting sexual
> misconduct in the first instance.

*See* 2016 WL 1574045, *7 (E.D. Va. April 14, 2016) (internal citations omitted).

Requiring Plaintiff—a college aged student—to proceed with this litigation under his true name will ensure that his family, future employers, schoolmates, colleagues, educators, and friends will know about the Defendant's false allegations against him and, although the Plaintiff denies any wrongdoing whatsoever (which is the very nature of this action) it nevertheless would become impossible for him to avoid constant association with the Defendant's wrongful and tortious actions.  Moreover, given the highly sensitive nature of the false, *per se* slanderous sexual misconduct allegations made by Defendant against Plaintiff to unprivileged third parties, Plaintiff's identity must remain anonymous to protect him from harassment and retaliation from the public. Disclosure of Plaintiff's identity would further exacerbate the emotional and reputational injuries he has already incurred from Defendant Roe's false, slanderous allegations and statements.

Further, permitting Plaintiff to protect his identity from public disclosure will not materially impinge on the Defendant's ability to defend against this lawsuit; Defendant already knows the identity of Plaintiff.  Thus, the Defendant will incur no prejudice as a result of Plaintiff's use of a pseudonym, and the use of a pseudonym for the Defendant.  Accordingly, for all of the above reasons, this Honorable Court should allow both parties to continue to proceed anonymously in this matter.

### III. CONCLUSION

WHEREFORE, Plaintiff, by and through undersigned counsel, moves this Honorable Court to allow both parties to continue to proceed anonymously in this matter and to Order the

Clerk of Court seal all of the documents that were provided by the State Court as at least twenty-one (21) of the two hundred and sixteen (216) pages of those documents contain the Plaintiff's and/or Defendant's full legal name.

Respectfully Submitted,

/s/ Brian A. Murray_____
LARRY W. ZUKERMAN, Esq. (#0029498)
S. MICHAEL LEAR, Esq. (#0041544)
BRIAN A. MURRAY, Esq. (#0079741)
ADAM M. BROWN, Esq. (#0092209)
ZUKERMAN, LEAR & MURRAY CO., L.P.A.
3912 Prospect Avenue
Cleveland, Ohio 44115
(216) 696-0900 phone
(216) 696-8800 fax
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing Motion was filed electronically on this 10th day of June 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document via the Court's electronic filing system.

/s/ Brian A. Murray_____
BRIAN A. MURRAY, Esq.
