

Office of Equity, Diversity, and Inclusion

July 3, 2020

**SENT VIA ELECTRONIC DELIVERY**

Reporting Party: ▇▇▇▇
Responding Party: ▇▇▇▇

Dear Mr. ▇▇▇,

I am writing to inform you of the outcome of the Hearing Panel on July 2, 2020 to determine whether ▇▇▇▇ violated one section of the Oberlin College Sexual Misconduct Policy (the "Policy") (http://new.oberlin.edu/office/equityconcerns/sexual-misconduct-policy/). The Policy Section at issue for the hearing was: Sexual Misconduct Policy Section - Sexual Assault (pg. 21-24).

**Preponderance of the Evidence Standard**

The Sexual Misconduct Policy provides that "[t]he Hearing Panel will determine a Responding Party's responsibility by a preponderance of the evidence" (page 60). Under this standard, individuals are presumed not to have engaged in the alleged conduct unless a "preponderance of the evidence" supports a finding that the conduct occurred. This "preponderance of the evidence" standard requires that the evidence supporting each finding be more convincing than the evidence offered in opposition to it.

**Hearing Panel**

Oberlin College held a formal Sexual Misconduct Hearing on June 30th, 2020. The Hearing Panel was composed of three Oberlin staff members (listed below). The Panel reviewed the report and all evidence provided by the investigator prior to the hearing and considered the evidence presented at the hearing.

- **Panelist:** ▇▇▇▇, Area Coordinator for ▇▇▇▇
- **Chair of Panel:** ▇▇▇▇, Director of ▇▇▇▇
- **Panelist:** ▇▇▇▇, Director of ▇▇▇▇

After deliberation, the hearing panel determined the following.

**Date and Charge**

Initial interviews with the Reporting and Responding Parties and the subsequent investigation identified two potential dates on which a violation of the Oberlin College Sexual Misconduct Policy may have occurred. The dates identified prior to the hearing were: 1) the night of October 30th - 31st, 2019; and 2) the night of either November 13th - 14th, 2019 or November 20th - 21st, 2019, but not both. During the June 30th hearing, witnesses identified two additional dates on which the alleged violation of policy may have occurred in November 2019, specifically the night of either November 16th-17th, 2019 or November 23rd - 24th, 2019.

The Panel was asked to consider the following charge for both the night of October 30th - 31st, 2019 and the date in November 2019:

- Charge against ▮▮▮▮▮▮▮▮: *Sexual Misconduct Policy Sexual Assault*

**Findings**

*Section I: The night of October 30th - 31st, 2019*

    For this date, the Panel considered whether effective consent was obtained initially for sexual activity, whether consent was withdrawn, and whether the sexual activity ceased after consent was withdrawn.

    The Panel believes that both Parties agreed that effective consent was initially obtained, that consent was subsequently withdrawn, and that sexual activity ceased thereafter. Additionally, the Panel believes that a discrepancy existed between the Parties on exactly when the sexual activity ceased after consent was withdrawn.

    After careful review of the final report, and all evidence contained therein, and after the conclusion of the hearing on June 30th, the Panel does not believe that the preponderance of evidence shows a sufficient time lag between the withdrawal of consent and the cessation of sexual activity to determine that a violation of the Sexual Misconduct Policy occurred on the night of October 30- 31, 2019.

*Section II: The night in November 2019*

For this date, the Panel considered whether the Reporting Party was incapacitated during the time of sexual activity and whether the Responding Party knew or should have known the Reporting Party was incapacitated.

The Panel acknowledges the discrepancies between the Parties and between witnesses regarding the date of the November incident; however, the Panel does not believe the absence of agreement on the exact date in question is significant. Evidence provided in the final report and testimony presented in the hearing sufficiently indicate that the Parties and witnesses do agree that all events in question did occur on the same date in November, whichever date that may have been.

The Panel finds that the preponderance of the evidence presented in the final report and the hearing indicates that the Reporting Party could have reached a level of incapacitation through consumption of alcohol and (possibly) drugs at some point during the night in November. Factors in this instance considered by the Panel were *a)* timeline of consumption of alcohol and (possibly) drugs, *b)* physical indicators of severe intoxication visible to others as indicated in witness testimonies, *c)* both Parties' recollections of the events in question, and *d)* distance traveled by the Reporting Party between initial consumption of alcohol and entry into Burton Hall.

Evidence provided in the final report along with witness testimony during the hearing presented discrepancies around the perceived level of and time of incapacitation of the Reporting Party during the night in November. Due to these discrepancies, the Panel does not believe that the preponderance of evidence shows that the Responding Party, or a sober, reasonable person in the Responding Party's position knew or should have known that the Reporting Party was incapacitated at the time of the sexual activity between the Reporting Party and Responding Party. Details contained in the final report and stated during the hearing that the Panel considered in this instance were *a)* the Responding Party was not with the Reporting Party during the time in which alcohol and (possibly) drugs were consumed, *b)* the Responding Party and a witness both reported that they had a coherent conversation with the Reporting Party outside of Burton Hall and neither believed the Reporting Party to be incapacitated, *c)* the Responding Party saw the Reporting Party walk by herself to meet him at Burton Hall, *d)* two other witnesses indicated that after being very drunk earlier in the night the Reporting Party seemed less drunk while they were at the 'Sco. Therefore, the Panel does not find that a violation of Sexual Misconduct Policy occurred on the night in November 2019.

You may appeal the parts of the final outcome directly related to you by writing via email to Meredith Raimondo, Dean of Students, within five business days of receiving this outcome. (Meredith.Raimondo@oberlin.edu). Please copy Rebecca Mosely (rmosely@oberlin.edu) on any appeal you submit. The procedures describing the appeal, including the permissible grounds for the appeal, are available in the Sexual Misconduct Policy on pages 65-67. If you have questions about the appeals process or need additional support with any issues related to this process, please contact Rebecca Mosely, the Title IX Coordinator (rebecca.mosely@oberlin.edu).

Sincerely,

*/s/ Karen L. Giffen*

Karen L. Giffen
Hearing Coordinator


CC: Rebecca Mosely, Title IX Coordinator, rmosely@oberlin.edu