IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE

        Plaintiff,                   Case No. 1:20-cv-1002-JG

v

                                       HON. JAMES S. GWIN

JANE DOE,

        Defendant.                  **ORAL ARGUMENT REQUESTED**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@spplaw.com* |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | |
| bam@zukerman-law.com | *Attorney for Defendant* |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves to dismiss Plaintiff's Verified Complaint. Defendant's communications to friends regarding her sexual experiences are privileged. *Doe v. University of Dayton*, 766 F. App'x 275, 290 (6th Cir. 2019). Plaintiff fails to provide sufficient details regarding the "others" to whom Defendant allegedly defamed him, in violation of Rule 8(a). And privileged communications and discussions with friends regarding sexual encounters, even if inaccurate, are neither extreme nor outrageous under Ohio law. *Doe*,

766 F. App'x at 291. Plaintiff fails to state a cause of action and thus his complaint should be dismissed in its entirety. Fed. R. Civ. P. 12(b)(6).

Defendant further relies on the facts and authority in her supporting memorandum, which accompanies this motion.

|  | Respectfully submitted,<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC |
|---|---|
| Dated: July 14, 2020 | /s/ Jennifer B. Salvatore<br>Jennifer B. Salvatore (P66640)<br>105 East Main Street<br>Northville, MI 48167<br>T:(248) 679-8711<br>F: (248) 773-7280<br>salvatore@sppplaw.com<br><br>*Attorney for Defendant Jane Doe* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE**

       **Plaintiff,**                      Case No. 1:20-cv-1002-JG

v

                                      HON. JAMES S. GWIN

**JANE DOE,**

       **Defendant.**                   **ORAL ARGUMENT REQUESTED**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@spplaw.com* |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | |
| bam@zukerman-law.com | *Attorney for Defendant* |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**


**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

MATERIAL ALLEGATIONS .............................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    A.   Plaintiff Fails to Plead an Unprivileged Communication ..................................... 2

    B.   Plaintiff Fails to Identify Third Parties to Whom He Was Defamed .................... 5

    C.   Plaintiff Fails to Plead Extreme or Outrageous Conduct ...................................... 6

CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................4, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................4, 5

*DeAngelo v. W.T. Grant Co.*, 111 N.E.2d 773 (Ohio App. 1952) .....................................................4

*Doe v. Salisbury University,* 123 F. Supp. 3d 748 (D. Md. 2015)....................................................3

*Doe v. University of Dayton*, 766 F. App'x 275 (6th Cir. 2019) ............................................... 1-5, 7

*Edwards v. Woodforest Nat. Bank*, 1:11 CV 2205,
    2012 WL 1906309, at *8 (N.D. Ohio May 24, 2012) ........................................................5

*Hahn v. Kotten,* 331 N.E.2d 713 (Ohio 1975) ............................................................................. 2-4

*Hanly v. Riverside Methodist Hosp*, 603 N.E.2d 1126 (Ohio App. 1991).......................................7

*Morrow v. Reminger & Reminger Co.*, 915 N.E.2d 696 (Ohio App. 2009)....................................7

*Newton v. Ellis*, 1:17-CV-2545, 2018 WL 1991722, at *11 (N.D. Ohio Apr. 27, 2018) ................5

*Shock v. St. Rita's Med. Ctr.*, 3:12-CV-1240,
    2012 WL 5354571, at *7 (N.D. Ohio Oct. 29, 2012) .....................................................5, 6

*Smith v. Bd. of Trustees Lakeland Community College*,
    746 F. Supp. 2d 877, n 22 (N.D. Ohio 2010).....................................................................6

**Statutes**

Fed. R. Civ. P. 8(a) ................................................................................................................1, 5, 6

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 7

**Other Authorities**

Prosser, Law of Torts (4 Ed.) 786, Section 115..............................................................................2

50 Am. Jur. 2d 698, Libel and Slander, Section 195 ....................................................................4

## INTRODUCTION

Plaintiff brings this defamation suit to silence Defendant and to punish her for reporting and confiding in friends about what she regarded as a sexual misconduct committed upon her body. The law does not permit Plaintiff to weaponize the legal system to prevent Defendant or any other woman from talking to friends about their sexual experiences; nor may defamation claims be used to deter women from seeking support, justice and treatment. *Doe v. University of Dayton*, 766 F. App'x 275 (6th Cir. 2019).

Accordingly, Plaintiff's claims must be dismissed. Fed. R. Civ. P. 12(b)(6). "Private statements to friends are not the type of utterances commonly thought of as giving rise to defamation claims." *Doe*, 766 F. App'x at 290. Defendant's statements to her friends about her sexual experiences are privileged. *Id*. Moreover, Plaintiff fails to identify the "others" to whom Defendant allegedly defamed him. Fed. R. Civ. P. 8(a). Neither privileged communications nor a woman talking to friends about a sexual encounter that led to a Title IX complaint is extreme or outrageous such that it can support a claim for intentional infliction of emotional distress under Ohio law. *Id*. at 291.

## MATERIAL ALLEGATIONS

Plaintiff and Defendant are college students. (Doc. #: 1-1 PageID #: 7 at ¶1). They have a mutual friend who is identified in the complaint as "K.B." (*Id*. at PageID #: 7 at ¶¶6-7). In or around early 2020, Oberlin College conducted an investigation regarding sexual activity between Plaintiff and Defendant. (*See*, *e.g*., *Id*. at PageID #: 7-8 at ¶¶8-9). Per Plaintiff, an unnamed witness told the investigator that "another male Oberlin College student, K.B., had referred to Plaintiff John Doe as a 'rapist' in a conversation that Witness 1 had with K.B. in December, 2019." (*Id*. at PageID #: 7-8 at ¶8) (emphasis added). Plaintiff further avers that the unnamed witness "told the

1

investigator that in another conversation with Witness 1 and K.B. that occurred in or about January or February, 2020, K.B. further told him (Witness 1) that Plaintiff John Doe had 'raped' Jane Roe and that the alleged 'rape' had occurred 'a couple of months ago.'" (*Id*. at PageID #: 8 at ¶9) (emphasis added). Then, based on what Plaintiff heard from the investigator (¶12), who heard from the witness (¶¶8-9), who heard from K.B. (not Defendant) that Plaintiff is a "rapist" (¶¶8-9), Plaintiff imputes K.B.'s words to Defendant and sues her (not the student who actually called him a rapist) for defamation. (*Id*. at PageID #: 8-9 at ¶¶10, 19). Standing on this supposition, Plaintiff further avers that Defendant continued to defame him to unnamed "mutual friends," "third parties," and "other individuals to be proven at trial." (*See e.g.*, *Id*. at PageID #: 7-8, 11 at ¶¶6-7, 12, 29).

## ARGUMENT

### A. Plaintiff Fails to Plead an Unprivileged Communication

Qualified privilege is a defense to defamation. *Hahn v. Kotten,* 331 N.E.2d 713, 718 (Ohio 1975). A statement is privileged when "it is 'fairly made by a person in the discharge of some public or private duty, whether legal or moral, or in the conduct of his own affairs, in matters where his interest is concerned.'" *Id*. (quoting Prosser, Law of Torts (4 Ed.) 786, Section 115).

Even accepting Plaintiff's allegations as true—which this Court must at the motion to dismiss stage—Defendant's statements to friends regarding her sexual encounter with Plaintiff are privileged. In 2019, the Sixth Circuit Court of Appeals in a factually analogous case examined the application of qualified privilege to a defamation claim arising from a college student's alleged statement to six friends that the plaintiff raped her. *Doe*, 766 F. App'x at 275. In finding those communications privileged, the Court observed, "Private statements to friends are not the type of utterances commonly thought of as giving rise to defamation claims." *Id*. at 290. The Court also inferred reluctance to subject such communications to defamation liability, remarking, "We do not

2

lightly apply a framework commonly applied to public statements about third parties in this most personal of contexts: a conversation with intimates about your own possible sexual assault." *Id*. Observing the devastating chilling effect that may arise from subjecting women to defamation liability for confiding in friends that they believe they have been assaulted, the Court iterated that it does not "disregard the risk that victims of sexual assault could be dissuaded from sharing their experiences—and so from seeking support, justice, and treatment—by looming defamation suits." *Id*.

The Sixth Circuit is not alone in this concern. In 2015, the District of Maryland affirmed that statements made by a college student to friends alleging that the defendant sexually assaulted her were privileged, remarking, "The Court is mindful of the objectionable policy implications that could follow in a world where such statements are unprivileged. Victims would have to weigh, on the one hand, the value of reaching out for help in the aftermath of a traumatic sexual assault, and on the other hand the risk that they could be subject to civil liability for defamation if the occurrence of sexual assault is contested by the alleged perpetrator." *Doe v. Salisbury University,* 123 F. Supp. 3d 748, 759 (D. Md. 2015).

As in Maryland, it is long recognized in Ohio that qualified privilege is based on public policy. *Hahn*, 331 N.E.2d at 718. Here, Plaintiff identifies with specificity only one person to whom Defendant made alleged defamatory statements regarding her sexual experience: her friend K.B. "The elements of qualified privilege are fully satisfied by showing that the relationship of the parties to the communication is such as to afford a reasonable ground for supposing an innocent motive for giving information and to deprive the act of an appearance of officious intermeddling in the affairs of others." *Doe*, 766 F. App'x at 290 (internal quotations and citations omitted).

Plaintiff's assertion of malice does not defeat the privilege. Qualified privilege "rebuts the inference of malice that is imputed in the absence of privilege, and makes a showing of falsity and actual malice essential to the right of recovery." *Hahn*, 331 N.E.2d at 718 (quoting 50 Am. Jur. 2d 698, Libel and Slander, Section 195). Where there is a privileged communication, "the plaintiff may not recover, although he proves that defendant used language actionable per se and that the same was false, unless he goes further and shows that in using same, defendant was moved by actual malice, such as ill will, spite, grudge or some ulterior motive." *Id*. (citing *DeAngelo v. W.T. Grant Co.*, 111 N.E.2d 773 (Ohio App. 1952)). A plaintiff's conclusory statement that the defendant acted with malice does not suffice as "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff does not allege *any* facts establishing malice. *See also Hahn*, 331 N.E.2d at 721 (observing, "The record before us does not demonstrate any such indicium of actual malice."). *See also Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff's allegation that Defendant made statements "knowing that the statements were false, with actual malice, and with the purpose of causing harm to Plaintiff" is conclusory. *Doe*, 766 F. App'x at 290 (finding plaintiff's allegation that defendant "made her false and non-privileged statements negligently, with knowledge of their falsity, or with reckless disregard for their truth or falsity" insufficient to show malice). Such a statement entirely lacks a factual basis on which to infer malice, and it is well-established that a court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendant's statements to friends are privileged. Plaintiff's claim must fail.

4

B. **Plaintiff Fails to Identify Third Parties to Whom He Was Defamed**

Plaintiff's defamation claim is also deficient because he fails to identify defamatory statements made by Defendant to specific third parties. It is axiomatic that Plaintiff must, at a minimum, show entitlement to relief. Fed. R. Civ. P. 8(a). In doing so, Plaintiff must state more than "labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Plaintiff must state sufficient factual allegations to "raise a right to relief above the speculative level," with "enough facts to state a claim for relief that is plausible on its face." *Id*. at 555, 570. This standard applies with equal force to defamation claims.

Defamation requires that Defendant publish a false statement to a third party. *Doe*, 766 F. App'x at 290. To state a claim, third parties must be identified with sufficient specificity to put Defendant on notice of the claim asserted. Fed. R. Civ. P. 8. Plaintiff's allegations that Defendant defamed Plaintiff to "mutual friends," "other individuals to be proven at trial" and "third parties" do not state a claim because Plaintiff does not identify who these third parties are, nor what specifically Defendant said to any of them. (Doc. #: 1-1 PageID #: 7-8, 11 at ¶¶6-7, 12, 29). It is well-established that such vague and categorical references do not suffice. *See, e.g.*, *Shock v. St. Rita's Med. Ctr.*, 3:12-CV-1240, 2012 WL 5354571, at *7 (N.D. Ohio Oct. 29, 2012) (holding alleged publication of defamatory statements to "employees who did not need to know" insufficiently specific), **Ex. A**; *Newton v. Ellis*, 1:17-CV-2545, 2018 WL 1991722, at *11 (N.D. Ohio Apr. 27, 2018) (finding Plaintiff's allegation that Defendant continued to make defamatory statements to medical professionals from October 2014 to the present far too conclusory), **Ex. B**; *Edwards v. Woodforest Nat. Bank*, 1:11 CV 2205, 2012 WL 1906309, at *8 (N.D. Ohio May 24, 2012) ("Plaintiffs' conclusory assertion that Anderson made slanderous statements to 'others'

5

beside plaintiffs' counsel … are insufficient to give defendants fair notice of the factual basis of plaintiffs' defamation claim."), **Ex. C**.

Defendant is entitled to notice of the claims against her. Fed. R. Civ. P. 8(a). Plaintiff's failure to identify the parties to whom Defendant allegedly defamed him or the specific statements made to them violates Rule 8(a), unfairly deprives Defendant of notice of the specific claim against her, allows Plaintiff to use the litigation as a fishing expedition in the hopes of discovering a claim, and hampers Defendant's ability to assess her entitlement to qualified privilege and other defenses. *See Smith v. Bd. of Trustees Lakeland Community College*, 746 F. Supp. 2d 877, 903, n. 22 (N.D. Ohio 2010) ("As Defendants correctly point out, there are no allegations in the Amended Complaint from which Defendants could assess whether 'they are entitled to a qualified immunity or privilege regarding the publication of the alleged statement.'"). As observed by the Northern District of Ohio in *Shock*, "Without knowing the specific identity of the [third parties] it is impossible for Defendant to know how to respond and proceed." 2012 WL 5354571 at *7.

Notably, a plaintiff whose legal claims are not factually well-grounded should not be permitted to exploit the litigation process to discover a claim he suspects *may* exist, nor should a defendant be required to endure the rigors of litigation arising from vague and conclusory allegations. As observed by the U.S. Supreme Court, while the Rule 8 pleading standard is liberal, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Plaintiff here has nothing more than privileged statements and conclusory allegations. His claims should be dismissed.

### C. Plaintiff Fails to Plead Extreme or Outrageous Conduct

Plaintiff's intentional infliction of emotional distress claim also fails because it is premised on communications to friends. (Doc. #: 1-1 PageID #: 11 at ¶ 29). To state a claim for intentional

infliction of emotional distress, Plaintiff must plead more than that Defendant acted with tortious intent. *Doe*, 766 F. App'x at 291 (citing *Morrow v. Reminger & Reminger Co.*, 915 N.E.2d 696, 713–14 (Ohio App. 2009)). "Ohio courts find liability '***only*** where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id*. (quoting *Morrow*, 915 N.E.2d at 713–14) (emphasis added).

Engaging in a privileged communication is neither extreme nor outrageous. In fact, as observed by the Sixth Circuit Court of Appeals just last year, even if a communication is not privileged, "discussing a sexual encounter with friends—even inaccurately" does not so exceed the bounds of decency to a degree that would give rise to liability for intentional infliction of emotional distress. *Doe*, 766 F. App'x at 291 (citing *Hanly v. Riverside Methodist Hosp*, 603 N.E.2d 1126, 1132 (Ohio App. 1991) (publishing that the plaintiff was discharged for sexual harassment, even if it exceeded the bounds of qualified privilege, "was not so extreme and outrageous to support a claim for intentional infliction of emotional distress.")).

Here, Plaintiff's complaint does not identify a single communication to a specific person that was not privileged and not made to a friend. He cannot meet the elements of intentional infliction of emotional distress. That claim too must fail. Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

Plaintiff's suit for defamation and intentional infliction of emotional distress lacks legal legs on which to stand. His complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

7

|  |  |
|---|---|
|  | Respectfully submitted,<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC |
| Dated: July 14, 2020 | /s/ Jennifer B. Salvatore<br>Jennifer B. Salvatore (P66640)<br>105 East Main Street<br>Northville, MI 48167<br>T:(248) 679-8711<br>F: (248) 773-7280<br>salvatore@spplaw.com<br>*Attorney for Defendant Jane Doe* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020 the foregoing document, Defendant's Motion To Dismiss, and this Proof of Service were served upon all counsel of record via the Court's ECF system which will electronically serve all counsel of record at their respective email addresses as captioned on the pleadings of record.

Dated: July 14, 2020                                             */s/ Jennifer Salvatore*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN DOE**

        **Plaintiff,**                              Case No. 1:20-cv-1002-JG

v

                                                       HON. JAMES S. GWIN

**JANE DOE,**

        **Defendant.**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@spplaw.com* |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | |
| bam@zukerman-law.com | *Attorney for Defendant* |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

## DEFENDANT'S 7.1(F) CERTIFICATE OF COMPLIANCE

The above-captioned matter has not yet been assigned to a track. However, pursuant to L.R. 7.1(f), Defendant, by and through her counsel, certifies that the Defendant's Motion to Dismiss and Memorandum in Support complies with the page limit requirement as defined by LCivR 7.1(f) for cases assigned to the standard track.

|  |  |
|---|---|
|  | Respectfully submitted,<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC |
| Dated: July 14, 2020 | <u>/s/ Jennifer B. Salvatore</u><br>Jennifer B. Salvatore (P66640)<br>105 East Main Street<br>Northville, MI 48167<br>T:(248) 679-8711<br>F: (248) 773-7280<br>salvatore@spplaw.com<br>*Attorney for Defendant Jane Doe* |