# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JOHN DOE**

                    **Plaintiff,**                            Case No. 1:20-cv-1002-JG

v

                                                 HON. JAMES S. GWIN

**JANE DOE,**

                    **Defendant.**

_____/

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | *salvatore@spplaw.com* |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | |
| bam@zukerman-law.com | *Attorney for Defendant* |
| amb@zukerman-law.com | |

*Attorney for Plaintiff*

**DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND MONEY
DAMAGES, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

Defendant JANE DOE, by and through her counsel, Salvatore Prescott Porter & Porter,

PLLC, hereby answers the Verified Complaint for Preliminary and Permanent Injunctive Relief

and Money Damages of Plaintiff John Doe as follows:

## PARTIES

1.      Plaintiff John Doe was at all times relevant to the lawsuit herein, an adult student

of Oberlin College, residing in Lorain County, Ohio.

**ANSWER**:    Admitted that John Doe was an adult student of Oberlin College and that he lived temporarily in Ohio to attend college.

2.        Defendant Jane Roe was at all times relevant to the lawsuit herein, an adult student of Oberlin College, residing in Lorain County, Ohio.

**ANSWER**:    Defendant Jane Doe admits that she is an adult student of Oberlin College. Defendant Jane Doe is a citizen of California and was during the relevant time period living temporarily in Ohio to attend school.

<strong><u>JURISDICTION AND VENUE</u></strong>

3.        This court has jurisdiction under Revised Code Chapter 2307, specifically but not limited to R.C. 2307.382, over cases that involve a tortious injury committed in the State of Ohio.

**ANSWER**:    Defendant denies as untrue the statements in ¶ 3 for the reasons stated in Defendant's Notice of Removal (*See* ECF No. 1) and Defendant's Response to Plaintiff's Motion for Remand to State Court and for Sanctions (*See* ECF No. 11).

4.        Venue lies in Lorain County, Ohio, because the Plaintiff and the Defendant reside therein, and because the events underlying the injury and the claims for relief occurred in and arose in Lorain County, Ohio.

**ANSWER**:    Defendant denies as untrue the statements in ¶ 4 for the reasons stated in Defendant's Notice of Removal (*See* ECF No. 1) and Defendant's Response to Plaintiff's Motion for Remand to State Court and for Sanctions (*See* ECF No. 11).

<strong><u>FACTS</u></strong>

5.        Plaintiff and Defendant Jane Roe are both students at Oberlin College located in Lorain County, Ohio.

**ANSWER**:    Admitted.

2

6.      Starting in approximately December 2019, but no earlier than October 31, 2019, and continuing to the present day, the Defendant began telling other individuals, including one (1) or more of Plaintiff's and Defendant's mutual friends, that Plaintiff "raped" and/or "forced himself on her" "multiple times".

**ANSWER**:    Defendant denies as untrue the allegations in ¶ 6.

7.      Specifically, in approximately December, 2019, but no earlier than October 31, 2019, Defendant told a male Oberlin College student, K.B. as well as other individuals to be proven at trial, that Plaintiff "raped" and/or "forced himself on her" "multiple times".

**ANSWER**:    Defendant denies as untrue the allegations in ¶ 7.

8.      On or about February 10, 2020, an investigator interviewed Witness 1, a male Oberlin College student, who informed the investigator that another male Oberlin College student, K.B. had referred to Plaintiff John Doe as a "rapist" in a conversation that Witness 1 had with K.B. in December, 2019.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to what Witness 1 told the investigator.  Defendant denies as untrue the allegation that she referred to John Doe as a "rapist" during a conversation with K.B. or others.

9.      Witness 1 further told the investigator that in another conversation with Witness 1 and K.B., that occurred in or about January or February, 2020, K.B. further told him (Witness 1) that Plaintiff John Doe had "raped" Jane Roe and that the alleged "rape" had occurred "a couple months ago".

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to what Witness 1 told the investigator.

10.     It was apparent from this interview that Jane Roe had made these statements about

Plaintiff to K.B. in, or shortly prior to, December, 2019 but no earlier than October 31, 2019.

**ANSWER**:     Defendant denies that she told K.B. that Plaintiff John Doe had "raped" her.

11.     On or about February 12, 2020, Plaintiff first became aware of these false and

defamatory statements that Defendant had made about Plaintiff to K.B., specifically that Plaintiff

had "raped" Defendant.

**ANSWER**:     Defendant denies as untrue the allegation in paragraph 11 to the extent it claims

that Defendant told K.B. that Plaintiff "raped" her.

12.     Since first learning about Defendant's slanderous statements against him on

February 12, 2020, Plaintiff has subsequently learned that Defendant has continued to defame

Plaintiff to others, including K.B., by falsely stating that Plaintiff "forced himself on her" "multiple

times".

**ANSWER**:     Defendant denies as untrue the allegations in paragraph 12.

13.     Defendant's statements that Plaintiff "raped" and/or "forced himself on her"

"multiple times" were, and are, absolutely false and *per se* defamatory.

**ANSWER**:     Defendant denies as untrue the allegations that she made false statements about

Plaintiff and that she stated Plaintiff "raped" her "multiple times".  The remaining allegations state

a legal conclusion for which no response is required.

14.     Defendant made these false and defamatory statements described above with

malice, knowing the falsity of said statements, and with the purposes to cause harm to the Plaintiff.

**ANSWER**:     Defendant denies as untrue the allegations in ¶ 14.

15.     Defendant did not have, nor does she currently have, any privilege with K.B. or, on information and belief, other individuals to whom she has made the false and defamatory statements that Plaintiff "raped" and/or "forced himself on her" "multiple times".

**ANSWER**:     Defendant denies as untrue the allegations in paragraph 15.

16.     Defendant's false statements that Plaintiff "raped" and/or "forced himself on her" "multiple times" are *per se* defamatory because said statements are unambiguous and "rape" is a heinous crime of moral turpitude.

**ANSWER**:     Defendant denies as untrue the allegations that she made false statements about Plaintiff and that she stated Plaintiff "raped" her "multiple times".  The remaining allegations state a legal conclusion for which no response is required.

17.     As a result of Defendant's false, *per se* defamatory statements against him, Plaintiff has suffered, and continues to suffer, significant harm and damages, including but not limited to loss of friends, public ridicule, public hatred, impairment of reputation and standing in the community, public and personal humiliation, and mental anguish and suffering, pecuniary harm, and additional damages to be proven at trial.

**ANSWER**:     Defendant denies as untrue the allegations in ¶ 17.  In further answer, Defendant states as a matter of fact and law that Plaintiff is not entitled to any of the relief sought in this lawsuit, including but not limited to, the relief sought in ¶ 17.

### COUNT ONE

### Defamation *Per Se* (Slander)

18.     Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as if fully restated herein.

**ANSWER**:    Defendant hereby restates and incorporates by reference as if fully set forth herein her above answers to paragraphs 1 through 17.

19.    In approximately December, 2019, but no earlier than October 31, 2019, and continuing to the present, Defendant made false and defamatory verbal statement(s) that Plaintiff "raped" and/or "forced himself on her" "multiple times" to third parties, including but not limited to K.B., as well as other false and defamatory statements to be proven at trial.

**ANSWER**:    Defendant denies as untrue the allegations in ¶ 19.

20.    These false and defamatory statements made by Defendant were about Plaintiff.

**ANSWER**:    Defendant denies as untrue the allegation in ¶ 20 that she made false and defamatory statements about Plaintiff.

21.    These false and defamatory statements made by Defendant about Plaintiff were published to third parties, including, but not limited to, K.B., without privilege.

**ANSWER**:    Defendant denies as untrue the allegation in ¶ 21 that she made false and defamatory statements about Plaintiff to third parties, including to K.B.

22.    Defendant published without privilege these false and defamatory statements about Plaintiff to third parties, including but not limited to K.B., with fault of at least negligence on the part of Defendant.

**ANSWER**:    Plaintiff denies as untrue the allegations in ¶ 22.

23.    These false and defamatory statements about Plaintiff published by Defendant without privilege to third parties, including but not limited to K.B. were defamatory *per se* or caused special harm to the Plaintiff.

**ANSWER**:    Plaintiff denies as untrue the allegations in ¶ 23.

24.     Defendant published these false and defamatory statements about Plaintiff to third parties, including but not limited to K.B., knowing that the statements were false, with actual malice, and with the purpose of causing harm to Plaintiff.

**ANSWER**:     Plaintiff denies as untrue the allegations in ¶ 24.

25.     Rape is a crime of moral turpitude, and therefore Defendant's false statements about Plaintiff constitute defamation *per se*.

**ANSWER**:     Defendant denies as untrue the allegation in ¶ 25 that she made false and defamatory statements about the Plaintiff. Defendant neither admits nor denies the remaining allegations in ¶ 25 because the allegations state legal conclusions for which no response is required.

26.     Although actual malice and damages are presumed in an action for *per se* defamation and therefore the Plaintiff need not prove actual damages (*See JP v. TH*, 2020 Ohio 320 at ¶ 10 – Ohio: Court of Appeals, 9th Appellate Dist. 2020) the Plaintiff nevertheless avers that he has suffered, and continues to suffer, significant harm and damages, including but not limited to loss of friends, public ridicule, public hatred, impairment of reputation and standing in the community, public and personal humiliation, and mental anguish and suffering, pecuniary harm, and additional damages as a direct and proximate result of the Defendant's *per se* defamatory statements about him.

**ANSWER**:     Defendant denies as untrue the allegations in ¶ 26.  In further answer, Defendant states as a matter of fact and law that Plaintiff is not entitled to any of the relief sought in this lawsuit, including but not limited to, the relief sought in ¶ 26.

## COUNT TWO

### Intentional Infliction of Emotional Distress

27.     Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraph 1 through 26 of this Complaint as if fully restated herein.

**ANSWER**:     Defendant hereby restates and incorporates by reference as if fully set forth herein her above answers to paragraphs 1 through 26.

28.     The Defendant intended to cause emotional distress to the Plaintiff, or knew or should have known her actions would result in serious emotional distress to the Plaintiff.

**ANSWER**:     Defendant denies as untrue the allegations in ¶ 28.

29.     Defendant's conduct, in publishing these false and defamatory verbal statement(s) without privilege to third parties, including but not limited to K.B., constitutes extreme and outrageous conduct that was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community.

**ANSWER**:     Defendant denies as untrue the allegations in paragraph 29.

30.     The Defendant's actions proximately caused psychic injury to the Plaintiff.

**ANSWER**:     Defendant denies as untrue the allegations in ¶ 30.

31.     Plaintiff has suffered serious emotional anguish of a nature no reasonable man could be expected to endure.

**ANSWER**:     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31.  Defendant denies that her actions are the proximate cause of any emotional anguish suffered by Plaintiff.

32.     The Defendant made said statements knowing of their falsity, with actual malice, and with the purpose to cause the Plaintiff harm and/or incur damages.

**ANSWER**: Defendant denies as untrue the allegations in ¶ 32.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer, significant harm and damages, including but not limited to loss of friends, public ridicule, public hatred, impairment of reputation and standing in the community, public and personal humiliation, and mental anguish and suffering, pecuniary harm, and additional damages and damages as more fully set forth previously herein.

**ANSWER**: Defendant denies as untrue the allegations in ¶ 33. In further answer, Defendant states as a matter of fact and law that Plaintiff is not entitled to any of the relief sought in this lawsuit, including but not limited to, the relief sought in ¶ 33.

## COUNT THREE

### Punitive Damages

34. Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraph 1 through 33 of this Complaint as if fully restated herein.

**ANSWER**: Defendant hereby restates and incorporates by reference as if fully set forth herein her above answers to paragraphs 1 through 33.

35. Actual malice and damages are presumed in an action for defamation *per se* and therefore the Plaintiff need not prove actual damages. *See JP v. TH,* 2020 Ohio 320 at ¶ 10 – Ohio: Court of Appeals, 9th Appellate Dist. 2020.

**ANSWER**: Defendant neither admits nor denies the allegations in ¶ 35 because the allegations state legal conclusions for which no response is required.

36. In publishing these false and defamatory statements about Plaintiff, without privilege, to third parties, including but not limited to K.B., Defendant acted with malice, as Defendant acted with a state of mind under which a person's conduct is characterized by hatred,

ill will or a spirit of revenge or Defendant acted with a conscious disregard for the rights and safety of Plaintiff that had a great probability of causing substantial harm to Plaintiff.

**ANSWER**: Defendant denies as untrue the allegations in ¶ 36.

37. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages, pursuant to R.C. 2315.21 and/or pursuant to common law.

**ANSWER**: Defendant states as a matter of fact and law that Plaintiff is not entitled to any of the relief sought in this lawsuit, including but not limited to, the relief sought in ¶ 37.

38. Plaintiff prays for an award of punitive or exemplary damages against the Defendant because the Defendant has acted with malice as set forth herein and/or as Defendant has acted with "ill-will, vengefulness, hatred, or [in] reckless disregard of plaintiffs' rights." *See Gosden v. Louis*. 116 Ohio App. 3d 195 – Ohio: Court of Appeals, 9th Appellate Dist. 1996.

**ANSWER**: Defendant denies as untrue the allegations in ¶ 38. In further answer, Defendant states as a matter of fact and law that Plaintiff is not entitled to any of the relief sought in this lawsuit, including but not limited to, the relief sought in ¶ 38.

**COUNT FOUR**

**Preliminary and Permanent Injunctive Relief**

39. Plaintiff hereby reaffirms, reiterates, and incorporates by reference each and every allegation set forth in paragraph 1 through 38 of this Complaint as if fully restated herein.

**ANSWER**: Defendant hereby restates and incorporates by reference as if fully set forth herein her above answers to paragraphs 1 through 38.

40. As a result of Defendant's actions as set forth herein, Plaintiff has suffered, and continues to suffer, damages, as more fully detailed herein.

**ANSWER**: Defendant denies as untrue the allegations in ¶ 40.

41.     Plaintiff is likely to prevail on the merits of the within action and has made a strong

showing of said likelihood.

**ANSWER**:     Defendant denies as untrue the allegations in paragraph 41.

42.     Plaintiff has established that without injunctive relief, Plaintiff will continue to

suffer immediate and irreparable harm, for which he has no adequate remedy of law, as without

injunctive relief, Defendant will continue to publish false and defamatory statements about

Plaintiff, without privilege, to third parties, as she has done previously, thus causing Plaintiff

additional and future harm.

**ANSWER**:     Defendant denies as untrue the allegations in paragraph 42.

43.     Issuance of injunctive relief will not substantially harm Defendant herein and/or

will not result in any harm to the public.

**ANSWER**:     Defendant denies as untrue the allegations in paragraph 43.

44.     This action for preliminary and permanent injunctive relief has, accordingly, been

commenced by Plaintiff, contemporaneously with a *Motion for a Temporary Restraining Order*,

pursuant to Rule 65 of the Ohio Rules of Civil Procedure and the provisions of Chapter 2727 of

the Ohio Revised Code and the common law of Ohio.

**ANSWER**:     Defendant admits that the Plaintiff filed a Motion for Temporary Restraining Order

prior to this matter being removed to federal court.

45.     Plaintiff seeks preliminary and permanent injunctive relief, and thus requests this

Honorable Court to issue an Order compelling, restraining, and/or enjoining Defendant from

continuing to defame the Plaintiff by publishing without privilege false and defamatory statements

to third parties that Plaintiff engaged in criminal and/or non-consensual sexual conduct with her,

11

including but not limited to telling others that Plaintiff "raped" her and/or "forced himself on her" "multiple times".

**ANSWER**:    Defendant admits that Plaintiff seeks the relief requested in paragraph 45. Defendant denies that Plaintiff is entitled to such relief.

46.        Furthermore, Plaintiff seeks preliminary and permanent injunctive relief, and thus requests this Honorable Court to issue an Order compelling, restraining, and/or enjoining Defendant from posting on the internet, including any and all social media websites, and/or sending any electronic communications, including but not limited to text messages and/or emails, any further and additional false and defamatory statements about the Plaintiff that could be viewed by any other individual, including but not limited to any statements suggesting that Plaintiff engaged in criminal and/or non-consensual sexual conduct with her, specifically including but not limited to, publishing to third parties, without privilege, that Plaintiff "raped" her and/or "forced himself on her" "multiple times".

**ANSWER**:    Defendant admits that Plaintiff seeks the relief requested in paragraph 46. Defendant denies that Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

In further answer and by way of affirmative defense, Defendant states that she will rely upon the following, if applicable, and if supported by facts to be determined through appropriate discovery:

A. Plaintiff has failed to state claims upon which relief can be granted.

B. Plaintiff's own conduct is the sole proximate cause of the acts of which he complains and the damages he seeks.

12

C. Plaintiff's claims are barred, in whole or in part, because of his own intentional acts.

D. Defendant's conduct is protected by the First Amendment and by California law.

E. Defendant's statements were substantially true.

F. Defendant's statements amount to opinion or fair comment.

G. Defendant's conduct was protected by a qualified and/or absolute privilege.

H. Plaintiff fails to plead his defamation claim with sufficient specificity.

I. Plaintiff fails to allege outrageous conduct sufficient to support a claim for Intentional Infliction of Emotional Distress.

J. If any wrongdoing has been committed, which Defendant denies, the damages are based on conjecture and undue speculation.

K. Defendant reserves the right to amend her answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims as may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant prays that Plaintiff's Complaint for Preliminary and Permanent Injunctive Relief and Money Damages be dismissed, that Plaintiff take nothing thereby and for costs and a reasonable attorney's fee, and for such other relief as the Court deems just under the circumstances.

## **RELIANCE ON JURY DEMAND**

Defendant, by and through her attorneys, Salvatore Prescott Porter & Porter, PLLC, hereby relies upon the demand for jury trial, previously filed by Plaintiff in the above-captioned matter.

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Dated: July 15, 2020

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
105 East Main Street
Northville, MI 48167
T:(248) 679-8711
F: (248) 773-7280
salvatore@sppplaw.com

*Attorney for Defendant Jane Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)

*Attorney for Defendant Jane Doe*

14