IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO.:  1:20-cv-01002 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| -vs- | ) | **PLAINTIFF'S MOTION TO STRIKE/** |
| | ) | **MOTION TO STAY DEFENDANT'S** |
| JANE DOE, | ) | **SPECIAL MOTION TO STRIKE** |
| | ) | **PLAINTIFF'S COMPLAINT and** |
| Defendant. | ) | **DEFENDANT'S MOTION TO DISMISS** |

Now comes the Plaintiff, by and through undersigned counsel, and respectfully moves this Honorable Court for an Order striking *Defendant's Special Motion to Strike Plaintiff's Complaint* and *Defendant's Motion to Dismiss* or, alternatively, for an Order staying these pleadings until such time as this Court rules on Plaintiff's pending *Motion for Remand* and/or *Motion to Strike Defendant's Amended Notice of Removal*, for the reasons more fully set forth in the *Brief in Support*, attached hereto and incorporated herein.

Respectfully Submitted,

*/s/ Larry W. Zukerman*
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

1

**BRIEF IN SUPPORT**

**I.     STATEMENT OF THE CASE:**

Plaintiff filed his *Verified Complaint for Preliminary and Permanent Injunctive Relief and Money Damages* against the Defendant in the Lorain County Court of Common Pleas on March 12, 2020. All of the causes of action contained in the Plaintiff's *Verified Complaint* are state law causes of action pertaining to the Defendant making false and malicious statements to third parties that Plaintiff "raped" and/or "forced himself on her" multiple times.

The Defendant was served with the Verified Complaint in this matter on April 7, 2020 via certified mail. *See Doc. 17, Lorain County Court of Common Pleas Documents, at 93 of 108*. Proper service of Plaintiff's Verified Complaint upon Defendant was reflected on the Lorain County Clerk of Court's Docket on April 10, 2020. *See Doc. 17, Lorain County Court of Common Pleas Documents, at 5 of 108*.

On May 8, 2020, Defendant filed her untimely *Notice of Removal* with this Honorable Court. On May 11, 2020, Plaintiff filed his *Motion for Remand.* In said motion, Plaintiff raised procedural errors made by Defendant relative to her Notice of Removal, as well as substantive objections challenging this Court's subject matter jurisdiction over this case.

In an attempt to cure her procedural errors, on May 15, 2020, Defendant filed an *Amended Notice of Removal.* In response thereto, on May 18, 2020, Plaintiff filed his *Motion to Strike Defendant's Amended Notice of Removal.*

On July 13, 2020, Plaintiff filed his *Motion for Leave to File a Brief in Opposition to Defendant's Motion to Proceed Pseudonymously Based on July 3, 2020 Title IX Hearing Ruling that Absolved Plaintiff of All Alleged Misconduct.*

2

The next day, Defendant filed two pleadings herein – (1) a *Motion to Dismiss,* and (2) a *Special Motion to Strike Plaintiff's Complaint.* Thereafter, on July 15, 2020, Defendant filed her *Answer*.

For the reasons that follow, this Court should strike Defendant's *Motion to Dismiss* and *Special Motion to Strike Plaintiff's Complaint* or, in the alternative, this Court should issue an Order staying said motions as this Court has not yet ruled on Plaintiff's *Motion for Remand* and, accordingly, has not yet ruled on Plaintiff's objections to this Court's subject matter jurisdiction over the within matter.

**II.    LAW AND ARGUMENT:**

This Court must strike Defendant's Motion to Dismiss and Special Motion to Strike Plaintiff's Complaint or, in the alternative, must issue an Order staying said motions, because there exists an unresolved issue of whether subject matter jurisdiction vests with this Honorable Court.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1." *Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). See also, Home Depot U.S.A., Inc. v. Jackson, 139 S.Ct. 1743 at 1746 (2019).

Courts have consistently noted federalism concerns relative to the removal of state court actions to federal court. "[B]ecause they implicate federalism concerns, removal statutes are to

be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

Here, a threshold issue exists that requires this Court to determine, before addressing any other issues, whether this Court possesses subject matter jurisdiction over the within matter. Plaintiff challenged Defendant's removal of the within matter from state court by timely filing his *Motion for Remand to State Court and For Sanctions* and *Plaintiff's Motion to Strike* the Amended Notice of Removal filed by Defendant.

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405 at 410 (11th Cir. 1999). The United States Supreme Court has consistently held that jurisdictional issues must be decided prior to deciding the merits of a case.

In *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), the Supreme Court held that a federal court may not assume or "hypothesize" subject-matter jurisdiction for the purpose of deciding the merits of a case. In Steel Co., supra, the Court addressed a "merits question" by the Seventh Circuit Court of Appeals, i.e., whether a private the Emergency Planning and Community Right-To-Know Act of 1986 (EPCRA) authorizes private enforcement actions for purely past violations and a jurisdictional question, i.e., whether a citizen association interested in environment protection had standing to bring the action.

In the trial court, the citizen association (Citizens for Better Environment) filed suit against Steel Co. for alleged past violations of the EPCRA – failing to file certain hazardous-chemical inventory and toxic-chemical release forms. Steel Co. promptly filed a motion to dismiss pursuant to Fed. Civ. R. 12(b)(1) and (6), contending that despite not filing the inventory and release forms

4

in a timely fashion, the forms were filed prior to the filing of the lawsuit and, accordingly, the court had no jurisdiction and because the EPCRA does not allow suit for a purely historical violation, Citizen's lawsuit alleging untimeliness of filings did not state a claim upon which relief could be granted. The district court agreed on both points. On appeal, the Seventh Circuit reversed, holding the Citizens could seek penalties for the historical violations. The Supreme Court granted certiorari.

The Court noted that it accepted the case to resolve a controversy between the interpretation of the EPCRA by the Seventh Circuit and the Sixth Circuit Courts of Appeal, noting that "[h]ere, respondent wins under one construction of EPCRA and loses under another". Ultimately, the Supreme Court held that Citizens did not have standing to maintain the lawsuit. However, in so holding, the Court rejected the practice of proceeding "immediately to the merits question, despite jurisdictional objections", which the Court refers to as the "doctrine of hypothetical jurisdiction". The Court firmly held that the issue of subject matter jurisdiction must be determined prior to addressing the merits of a case.

The opinion of the Court, authored by Justice Scalia, addresses Justice Stevens' concurring opinion – which, in relevant part, concluded that the Court should answer the statutory question before ruling on an undecided constitutional question. In the opinion of the Court, Justice Scalia stated:

> In addition to its attempt to convert the merits issue in this case into a jurisdictional one, Justice Stevens' concurrence proceeds, *post*, at 117-124, to argue the bolder point that jurisdiction need not be addressed first anyway. Even if the statutory question is not "fram[ed] . . . in terms of 'jurisdiction,'" but is simply "characterize[d] . . . as whether respondent's complaint states a 'cause of action,'" "it is also clear that we have the power to decide the statutory question first." *Post,* at 117-118. This is essentially the position embraced by several Courts of Appeals, which find it proper to proceed immediately to the merits question,

5

>despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied. . . . The Ninth Circuit has denominated this practice – which it characterizes as "assuming" jurisdiction fo the purpose of deciding the merits – the "doctrine of hypothetical jurisdiction." . . .
>
>We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall 506, 514 (1869). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co. v. Jones, supra,* at 453. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C & L M R Co. v. Swan*, 111 U.S. 379, 382 (1884).
>*Id.*, at 93-95. (Citations omitted).

Thereafter, the Supreme Court noted "the absolute purity of the rule that Article III jurisdiction is always an antecedent question" and stated that "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment". Accordingly, the Supreme Court clearly held that the question of jurisdiction is a "threshold matter" and must be determined before addressing any other issue.

Here, Defendant has placed the proverbial cart before the horse by filing her *Motion to Dismiss* and *Special Motion to Strike* prior to this Court's ruling on the threshold issue of whether this Court has subject-matter jurisdiction over the within matter. In so doing, Defendant is attempting to drag Plaintiff into litigating this matter in this Court, prior to this Court determining whether in fact it possesses the jurisdictional authority to proceed.

6

Further, the filing of these premature motions clearly evidences an improper attempt by Defendant to force Plaintiff into expending significant time and resources addressing the meritless issues raised therein that may never be ruled on by this Court. Such a tactic should not be countenanced by this Court. Simply stated, until this Court has ruled on the pending issue of subject matter jurisdiction, Plaintiff should not be forced to oppose said motions. Accordingly, as "Article III jurisdiction is always an antecedent question", this Court must strike Defendant's *Motion to Dismiss* and *Special Motion to Strike* or, alternatively, must issue an Order staying said motions until such time as this Court rules on the threshold question of whether this Court has subject matter jurisdiction over the within matter.

WHEREFORE, Plaintiff, by and through undersigned counsel, and respectfully moves this Honorable Court for an Order striking *Defendant's Special Motion to Strike Plaintiff's Complaint* and *Defendant's Motion to Dismiss* or, alternatively, for an Order staying these pleadings until such time as this Court rules on Plaintiff's pending *Motion for Remand.*

Respectfully Submitted,

*/s/ Larry W. Zukerman*
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff John Doe

7

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the forgoing *Motion to Strike/ Motion to Stay Defendant's Special Motion to Strike Plaintiff's Complaint and Defendant's Motion to Dismiss* was filed electronically on this 17th day of July 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document via the Court's electronic filing system.

                                                    */s/ Larry W. Zukerman*
                                                    LARRY W. ZUKERMAN, Esq. (0029498)