UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| JOHN DOE, | : | CASE NO. 1:20-cv-1002 |
| | : | |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| vs. | : | [Resolving Docs. 18, 19] |
| | : | |
| JANE DOE, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 12, 2020, Plaintiff John Doe sued Defendant Jane Doe in the Lorain County Court of Common Pleas.[1] On March 13, 2020, the Lorain County Court granted Plaintiff's motion for both parties to proceed using pseudonyms.[2] On May 8, 2020, Defendant removed the case to this Court.[3]

On June 3, 2020, the Court ordered both parties to file briefing on whether they can proceed anonymously.[4] Both parties complied and moved to proceed anonymously.[5]

Federal Rule of Civil Procedure 10 requires complaints to state the parties' names.[6] But courts may excuse parties from identifying themselves when their privacy interests outweigh the presumption of open judicial proceedings.[7] When weighing these privacy interests, certain factors could support contravening the typical rule of open court proceedings:

---

[1] Doc. 1-1.
[2] Doc. 9-2 at 42.
[3] Doc. 1.
[4] Doc. 16.
[5] Docs. 18, 19. Plaintiff opposed Defendant's motion to proceed anonymously. Doc. 20.
[6] Fed. R. Civ. P. 10(a); see *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) ("As a general matter, a complaint must state the names of all parties.").
[7] *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (listing circumstances which may warrant pseudonymous litigation).

Case Nos. 1:20-cv-1002
Gwin, J.

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.[8]

Both parties seek anonymity to avoid the disclosure of intimate information.[9] They suggest that this suit will necessarily involve discussion of sexual contact that will leave each stigmatized.[10]

The only controlling caselaw the parties cite in support is *Doe v. Porter*.[11] There, the Sixth Circuit affirmed the district court's anonymity allowance.[12] But the Sixth Circuit affirmed because the suit involved three of the before-mentioned privacy considerations: it challenged government activity, involved religious beliefs which "invited an opprobrium analogous to the infamy associated with criminal behavior," and was brought on behalf of children.[13]

In contrast, this case does not challenge government activity and concerns only the actions of adults. While the parties may want to keep discussions of their sexual activity private, this preference does not outweigh the presumption of open judicial proceedings.

The public has a right to access court records except in the limited matters Congress has deemed confidential. This suit does not fall within any such exception.

The Court hereby **DENIES** the parties' motions to proceed anonymously. The Court **VACATES** the March 13, 2020, protective order permitting the parties to proceed

---

[8] *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).
[9] Doc. 18 at 2; Doc. 19 at 7.
[10] Doc. 18 at 3; Doc. 19 at 7.
[11] 370 F.3d 558 (6th Cir. 2004).
[12] *Porter*, 370 F.3d at 560.
[13] *Id.* at 560-61.

Case Nos. 1:20-cv-1002
Gwin, J.

anonymously.  The Court **ORDERS** the Clerk of Court to (1) update the electronic docket to identify Plaintiff and Defendant by their full legal names and (2) unseal all documents in the court record.

    IT IS SO ORDERED

Dated:  July 20, 2020                      *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE