IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SIRES, | ) | CASE NO.:  1:20-cv-01002 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| -vs- | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION TO** |
| LAUREN FITTS, | ) | **DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes the Plaintiff, by and through undersigned counsel, and respectfully submits his

*Brief in Opposition to Defendant's Motion to Dismiss*, attached hereto and incorporated herein.


Respectfully Submitted,

*/s/ Larry W. Zukerman*
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff Brandon Sires

## <u>TABLE OF CONTENTS & STATEMENT OF ISSUES</u>

I.   STATEMENT OF THE CASE………………………………………………………1

II.  LAW AND ARGUMENT………………………………………………………..1

A. This Honorable Court Must Deny the Defendant's Motion to Dismiss Because Qualified Privilege is an Affirmative Defense that is Not Cognizable in a Rule 12(b)(6) Motion.. …………………………………………..…..1

*(1) Establishing Qualified Privilege Does Not Lead to Dismissal, But Instead, Permits Plaintiff to Defeat the Privilege by Establishing the Defendant's Actual Malice* ……………………………….…...………3

B. The Defendant's Qualified Privilege Defense Fails Because Plaintiff's Verified Complaint Sufficiently Alleges that the Defendant Acted with Actual Malice. …………………………………………………………….…....4

C. This Honorable Court Should Deny Defendant's Motion to Dismiss Because Plaintiff's Verified Complaint Identifies With Specificity A Third Party to Whom the Defendant Published a Defamatory False Statement……………………………………………….…………………11

D. This Honorable Court Should Deny Defendant's Motion to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress Because Said Claim is Derivative of Plaintiff's Defamation Claim…………………………………………………..………..…16

E. Plaintiff Has Sufficiently Alleged "Extreme and Outrageous Conduct" to Establish His Claim for Intentional Infliction of Emotional Distress…………………………………..………………..……..…17

III.  CONCLUSION………………………………………………………..…..20

## <u>TABLE OF AUTHORITIES</u>

**Caselaw:**

*A & B-Abell Elevator Co. v. Columbus/Central Ohio Bldg. & Constr. Trades Council* (1995), 73 Ohio St.3d 1…………………………………………………………………………4

*Am. Chem. Soc'y v. Leadscope, Inc.*, 133 Ohio St.3d 366, 978 N.E.2d 832 (Ohio 2012)…………12

*Amini v. Oberlin Coll.*, 259 F.3d 493 (6th Cir. 2001)………………………………………..1

*Arnold v. Hurwitz*, Case No. 1:17cv279, May 19, 2017, Nugent, J. (N.D. Ohio 2017)……..8,9,10

*Arsan v. Keller,* United States Court of Appeals, Sixth Circuit Case No. 18-3858………………1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…………………………………………………...1,13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………………1,13

*Bell v. Horton*, 107 Ohio App.3d 824 (4th Dist.1995)………………………………………2

*Breno v. City of Mentor*, No. 81861, 2003 WL 21757504 (Ohio Ct. App. July 31, 2003)……16,17

*Bukky v. Painseville Tel. & Lake Geauga Printing Co.* (1981), 68 Ohio St.2d 45………………..5

*Coley v. Lucas County, Ohio*, N.D.Ohio No. 3:09-CV-00008, 2014 U.S. Dist. LEXIS 6331…….18

*Condit v. Clermont Cty. Review*, 93 Ohio App.3d 166, 638 N.E.2d 96 (12th Dist. 1994)…………5

*Cooper v. Metal Sales Mfg. Corp.*, 104 Ohio App. 3d 34 (11th Dist. 1995)………………………18

*Costanzo v. Gaul*, 403 N.E.2d 979 (Ohio 1980)……..………………………………………...5

*Croce v. Sanders*, Case No. 2:17-cv-338, May 12, 2020 (S.D. Ohio 2020)……………………..12

*Doe v. College of Wooster*, Case No. 5:16-cv-00979, February 13, 2018, Lioi, J., (N.D. Ohio 2017) ……………………………………………………………...4,7,10,11,16,17

*Doe v. United Consumer Fin. Servs.*, N.D .Ohio No. 1:01 CV 1112, 2001 U.S. Dist. LEXIS 25509………………………………………………….……….2

*Edwards v. Woodforest Nat. Bank*, 1:11 CV 2205, 2012 WL 1906309 (N.D. Ohio May 24, 2012)…………………………………………………...………14,15,16

*Fisher v. Ahmed*, 2020 Ohio 1196 (9th Dist. 2020)……...……………………………………2,3

*Foley v. Univ. of Dayton*, 81 N.E.2d 398 (Ohio 2016)…………………………………………17

*Gall v. Dye*, Lorain No. 98CA007183, 1999 WL 692440, *3 (9th Dist. 1999) ………………..…2

*Garrison v. Louisiana* (1964), 379 U.S. 64, 85 S.Ct. 209………………………………………...6

*Gilson v. Am. Inst. of Alternative Med.*, 2016-Ohio-1324, 62 N.E.3d 754 (10th Dist.)…………..6

*Gilbreath v. Plumbers, Pipefitters, & Service Technicians Local 502, et al.*,
No. 1: 09 CV 628, 2010 WL 6423321 (S.D. Ohio Aug. 30, 2010)………………………………...15

*Gosden v. Louis,* 116 Ohio App. 3d 195 (9th Dist. 1996) ………………………………………5

*Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) ………………………………………8

*Hahn v. Kotten,* 331 N.E.2d 713, 718 (Ohio 1975)………………………………………...2,3,5

*Hungerford v. Jones*, 988 F.Supp. 22, 27 (D.N.H.1997)…………………………………....…19

*Hustler Magazine v. Falwell*, 485 U.S. 46 (1988)………………………………………………18

*Hutchinson v. Proxmire* (1979), 443 U.S. 111………………………………………………5

*Iglesias v. O'Neal*, D.N.J. No. 16-6291, 2017 U.S. Dist. LEXIS 46136, (Mar. 29, 2017)……....19

*Jackson v. City of Columbus*, 117 Ohio St. 3d 328, 2008-Ohio-1041……………………..………4

*Jacobs v. Frank*, 60 Ohio St.3d 111, 116 (1991) ………………………………………….………3,4

*Leonardi v. Freeman*, S.D. Ohio No. 1:03cv900, 2006 U.S. Dist. LEXIS 74070…………….…18

*Lewis v. Gupta*, 54 F.Supp.2d 611 (E.D.Va.1999)…………………………………...……19

*McKimm v. Ohio Elections Comm.* (2000), 89 Ohio St.3d 139………………………………...6

*Miller v. Cent. Ohio Crime Stoppers, Inc*., 2008 Ohio 1280 (10th Dist. 2008) ……………………5

*Mucci v. Dayton Newspapers, Inc.* (1995), 71 Ohio Misc. 2d 71…………………………………5

*Murray v. Knight-Ridder, Inc*., 2004 Ohio 821 (7th Dist. 2004) …………………………………5

*New York Times v. Sullivan*, 376 U.S. 254 (1964) ………………………………….…………5

*Newton v. Ellis*, 1:17-CV-2545, 2018 WL 1991722 (N.D. Ohio Apr. 27, 2018)………...….14, 15

*Nieman v. NLO, Inc.,* 108 F.3d 1546 (6th Cir. 1997) ……………………………………………1

*Perk v. Reader's Digest Ass'n, Inc.,* 931 F.2d 408 (6th Cir. 1991) ………………………5,6

*Pollock v. Rashid*, 117 Ohio App.3d 361, 690 N.E.2d 903 (Ohio Ct. App. 1996) ……………12

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239 (6th Cir. 2012)…………………..1

*Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 213-14 (W.D.N.Y. 2013)……………………7

*Schaumleffel v. Muskingum University*, Case No.: 2:17-cv-463,
2018 WL 1173043, Smith, J. (S.D. Ohio 2018) ……………………………………………6,10

*Shock v. St. Rita's Med. Ctr.,* 3:12-CV-1240 (N.D. Ohio Oct. 29, 2012) ……………..12,13,14,15

*St. Amant v. Thompson* (1968), 390 U.S. 727, 88 S.Ct. 1323………………………………..6

*Swartz v. DiCarlo*, N.D.Ohio No. 1:12CV3112, 2014 U.S. Dist. LEXIS 138271………………18

*Watts v. Chittenden*, Super.Ct. No. CV054014425S, 2008 Conn. Super. LEXIS 224,
(Jan. 25, 2008)……………………………………………………………………………...…19

*Woods v. Capital Univ*., 2009 Ohio 5672 (10th Dist. 2009) ………………………………………6

*Yeager v. Local Union 20*, 6 Ohio St.3d 369 (1983)……………………………………………18

**Federal Rules of Civil Procedure:**

FRCP Rule 8…………………………………………………………….…………1,2
FRCP Rule 12…………………………………………………………...………1,2,3,4,6,7,8,17

## BRIEF IN OPPOSITION

### I.      STATEMENT OF THE CASE:

Plaintiff incorporates herein, as if fully restated, his *Statement of the Case* set forth in *Plaintiff's Motion to Strike/Motion to Stay Defendant's Special Motion to Strike Plaintiff's Complaint and Defendant's Motion to Dismiss. See Doc. 25.*

### II.      LAW & ARGUMENT:

Fed. R. Civ. P. 8(a) requires a plaintiff to plead a claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In *Arsan v. Keller,* United States Court of Appeals, Sixth Circuit Case No. 18-3858 (Not Recommended For Full-Text Publication), the Sixth Circuit Court of Appeals addressed the standard of review relative to a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6):

> . . . In evaluating a Rule 12(b)(6) motion to dismiss, we construe "the record in the light most favorable to the non-moving party" and determine whether the complaint "'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 246-47[1] (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim lacks facial plausibility unless the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" but is not akin to a probability requirement. Id. In conducting this analysis, the court "'primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)). *Id.*

**A. This Honorable Court Must Deny the Defendant's Motion to Dismiss Because Qualified Privilege is an Affirmative Defense that is Not Cognizable in a Rule 12(b)(6) Motion.**

This Honorable Court must deny the Defendant's Motion to Dismiss because qualified privilege is an affirmative defense that is not cognizable on a Rule 12(b)(6) motion. The elements

---

[1] Quoting *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239 (6th Cir. 2012).

of the qualified privilege are: "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *Hahn v. Kotten,* 331 N.E.2d 713, 718 (Ohio 1975).

"'`Affirmative defenses such as privilege (*see* Civ.R. 8(C)) generally are not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to materials outside the complaint.'" *Fisher v. Ahmed*, 2020 Ohio 1196, ¶ 39 (9th Dist. 2020) citing *Gall v. Dye*, 9th Dist. Lorain No. 98CA007183, 1999 WL 692440, *3 (Sept. 8, 1999), quoting *Bell v. Horton*, 107 Ohio App.3d 824, 826 (4th Dist.1995). However, if the existence of an affirmative defense is obvious from the face of the complaint, it may be raised in a Civ.R. 12(B)(6) motion. *Id.*

Thus, "[t]he qualified privilege . . . requires a showing of good faith on the part of the [defendant] [and] [w]ithout this showing, 'the affirmative defense of qualified privilege is not cognizable' in a motion to dismiss under Fed. Rule 12(b)(6)." *Doe v. United Consumer Fin. Servs*., N.D .Ohio No. 1:01 CV 1112, 2001 U.S. Dist. LEXIS 25509, at *27 (Nov. 9, 2001), citing *Gall, supra; see also Bell, supra; Fisher, supra,* at ¶ 39.

Stated differently, absent the elements of qualified privilege appearing on the face of the complaint, "defendants may not establish the existence of an affirmative defense by a motion to dismiss under Civ.R. 12(B)(6)." *Bell,* 669 N.E.2d at 550.

In the present matter, it cannot be said that each of the elements of the Defendant's qualified privilege defense are "obvious from the face of the complaint" including, but not limited to the element of "good faith", as required, for the Defendant to prevail on her affirmative defense of qualified privilege at this early stage of the proceedings. *See Fisher, supra; Gall, supra; Bell, supra*.

Although the Plaintiff's Complaint does not contain the words "bad faith", all reasonable inferences drawn in favor of the Plaintiff establish the Defendant's bad faith, as the Plaintiff's Complaint *repeatedly* alleges that Defendant's communications were made "without privilege" and that she specifically did not share any privilege with the individuals to whom she made the defamatory statements concerning Plaintiff. *See Compl. at ¶¶15, 21, 22, 23, 29, 36, 42, 45, 46.*

Plaintiff's Complaint likewise (1) repeatedly alleges that the Defendant's statements were made with "actual malice" (*See Compl., at ¶¶ 24, 26, 32, 35*), and (2) alleges that "[t]he Defendant made said statements knowing of their falsity, with actual malice, *and with the purpose to cause the Plaintiff harm and/or incur damages*." *Compl. at ¶¶14, 32* (emphasis added).

More importantly, the Ohio Supreme Court has held that "a plaintiff is not required to plead facts to show the absence of a privilege because lack of privilege is not an essential element of defamation." *Kotten*, 43 Ohio St.2d at 243; *see also Fisher, supra,* at ¶ 35 (9th Dist. 2020).

Accordingly, when viewed in a light most favorable to Plaintiff, and with all allegations taken as true, the Defendant cannot say that Plaintiff's Complaint establishes the elements of her qualified privilege defense—specifically, "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *See Hahn, supra.* Thus, Defendant's qualified privilege defense fails as a matter of law at this stage of the proceedings and this Honorable Court must deny her Motion to Dismiss.

### (1) Establishing Qualified Privilege Does Not Lead to Dismissal, But Instead, Permits Plaintiff to Defeat the Privilege by Establishing the Defendant's Actual Malice

Qualified privilege, even if considered by the Court on a 12(b)(6) motion, would not lead to a dismissal, however, because a qualified privilege defense "can be defeated . . . by a clear and convincing showing that the communication was made with actual malice." *Jacobs v. Frank*, 60

Ohio St.3d 111, 116 (1991).  In a qualified privilege case, "actual malice" is defined as acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity. *Jackson v. City of Columbus*, 117 Ohio St. 3d 328, 2008-Ohio-1041.

With respect to this "clear and convincing standard" of evidence, the Supreme Court of Ohio has held, "[t]his standard carries the requirement that we conduct an independent review of the **sufficiency of the evidence**" *A & B-Abell Elevator Co. v. Columbus/Central Ohio Bldg. & Constr. Trades Council* (1995), 73 Ohio St.3d 1, 12 citing *Jacobs, supra,* at 116, 573 N.E.2d at 614 (emphasis added).

Recently, in *Doe v. College of Wooster*, Case No. 5:16-cv-00979, February 13, 2018, Lioi, J., (N.D. Ohio 2017), the District Court denied the Defendant's Motion to Dismiss Plaintiff's Defamation claims on Qualified Privilege grounds, and held that "qualified immunity may be reasserted on summary judgment" after it found that the allegations in the Complaint, taken as true, sufficiently alleged that Defendant's statements were made without privilege. *Id*. at 17-18.

In the present matter, as noted above, Plaintiff's complaint *repeatedly* alleges that Defendant's communications were made "without privilege" and that she specifically did not share any privilege with the individuals to whom she made the defamatory statements concerning Plaintiff. *See Compl. at ¶¶15, 21, 22, 23, 29, 36, 42, 45, 46*.

Accordingly, this Honorable Court must deny the Defendant's Motion to Dismiss because qualified privilege is an affirmative defense that is not cognizable on a Rule 12(b)(6) motion.

## B. The Defendant's Qualified Privilege Defense Fails Because Plaintiff's Verified Complaint Sufficiently Alleges that the Defendant Acted with Actual Malice

Even were this Honorable Court to consider Defendant's qualified privilege defense at this early stage of the proceedings, this Honorable Court still must Deny the Defendant's Motion to

Dismiss because the Plaintiff's Verified Complaint sufficiently alleges that the Defendant acted with Actual Malice and, therefore, the Defendant's Qualified Privilege defense fails.

While Ohio law also recognizes a qualified privilege as a defense to defamation claims, the qualified privilege "does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege and makes a showing of falsity and actual malice essential to the right of recovery." *Miller v. Cent. Ohio Crime Stoppers, Inc*., 2008 Ohio 1280 (10th Dist. 2008) citing *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 244; *See also Costanzo v. Gaul*, 403 N.E.2d 979, 981 (Ohio 1980).

The actual malice standard requires a plaintiff to show that the defamatory statements were made with knowledge that they were false or made with reckless disregard for their truth or falsity. *See Perk v. Reader's Digest Ass'n, Inc.,* 931 F.2d 408, 410–11 (6th Cir. 1991). Actual malice has been defined as "ill-will, vengefulness, hatred, or [in] reckless disregard of plaintiffs' rights." *See Gosden v. Louis,* 116 Ohio App. 3d 195 (9th Dist. 1996).

In *Hutchinson v. Proxmire* (1979), 443 U.S. 111, the U.S. Supreme Court stated that, "The proof of `actual malice' calls a defendant's state of mind into question, *New York Times v. Sullivan*, 376 U.S. 254 (1964), and **does not readily lend itself to summary disposition**." *Id.* at 120, fn. 9 (emphasis added). Notably, this sentiment has been echoed throughout Ohio caselaw. *See Bukky v. Painesville Tel. & Lake Geauga Printing Co*. (1981), 68 Ohio St.2d 45, 47; *Condit v. Clermont Cty. Review*, 93 Ohio App.3d 166, 173– 74, 638 N.E.2d 96, 101–02 (12th Dist. 1994); *Mucci v. Dayton Newspapers, Inc.* (1995), 71 Ohio Misc. 2d 71; *Murray v. Knight-Ridder, Inc*., 2004 Ohio 821, ¶ 65 (7th Dist. 2004).

While evidence of the defendant's subjective state of mind is required in order to satisfy the actual malice standard, the showing can, and in many cases must, be satisfied by circumstantial

evidence of the defendant's state of mind, be it either subjective awareness of the probability of falsity or an actual intent to publish falsely. *See Gilson v. Am. Inst. of Alternative Med.*, 2016-Ohio-1324, ¶ 82, 62 N.E.3d 754 (10th Dist.); *see also McKimm v. Ohio Elections Comm*. (2000), 89 Ohio St.3d 139, 147; *see also Perk, supra,* 931 F.2d at 410–11.

Similarly, with respect to actual malice by recklessness, a person acts with reckless disregard if he: (1) publishes a statement with a "high degree of awareness of [a statement's] probable falsity," *Woods v. Capital Univ.*, 2009 Ohio 5672 at ¶ 41 - Ohio: Court of Appeals, 10th Appellate Dist. 2009 citing *Garrison v. Louisiana* (1964), 379 U.S. 64, 74, 85 S.Ct. 209, 216, or (2) publishes a statement even though he "in fact entertain[s] serious doubts as to the truth of his publication." *St. Amant v. Thompson* (1968), 390 U.S. 727, 731, 88 S.Ct. 1323, 1325.

Recently, in *Schaumleffel v. Muskingum University*, Case No.: 2:17-cv-463, 2018 WL 1173043, Smith, J. (S.D. Ohio 2018)[2], the District Court denied a Fed.R.Civ.P. 12(b)(6) motion to dismiss a defamation claim (premised upon defendant's allegations of non-consensual sexual assault made to friends prior to University proceedings),  on the basis of qualified privilege, because the plaintiff sufficiently alleged that the defendant acted with actual malice in his Complaint. Specifically, the District Court found that:

> Plaintiff has alleged in his Complaint that '[defendants] made their Non-Privileged Defamation with actual malice and reckless disregard of their falsity, or with knowledge of their falsity.' (citation omitted). Therefore, construing the facts of this case in the light most favorable to Plaintiff, dismissal of Plaintiff's defamation claims on privilege grounds is inappropriate at this stage in the proceedings.'" *Id*.

At least two other federal courts in the Northern District of Ohio sitting in diversity, have recently reached similar conclusions to that in *Schaumleffel v. Muskingum University,* denying

---

[2] *See Exhibit G, Schaumleffel v. Muskingum University, attached to Defendant's Special M. to Strike*, Doc. 22-8.

12(b)(6) motions to dismiss, in Defamation cases, where the Defendant asserted a qualified privilege defense.

As referenced above, in *Doe v. College of Wooster*, *supra,* the District Court denied the Defendant's Motion to Dismiss Plaintiff's Defamation claims on Qualified Privilege grounds, and held that "qualified immunity may be reasserted on summary judgment" after it found that the allegations in the Complaint, taken as true, sufficiently alleged that Defendant's statements were made without privilege. *Doe v. College of Wooster, supra,* at 17-18.

There, the Plaintiff alleged in his Complaint that the Defendant "made false accusations against him that he sexually assaulted her for the purpose of obtaining certain accommodations from Wooster [internal citations omitted]". *Id*. at 16. Based upon this allegation in the Complaint, the District Court denied the Defendant's Motion to Dismiss because "[t]he establishment of such facts by clear and convincing evidence would demonstrate [the Defendant's] actual malice sufficient to defeat a qualified privilege." *Id*. at 16.

In support of its decision denying the Defendant's Motion to Dismiss Plaintiff's defamation claim, the District Court cited *Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 213-14 (W.D.N.Y. 2013), wherein the District Court found that the allegations in Plaintiff's complaint, that the defendant female student raised false accusations of sexual assault in retaliation for plaintiff ending their relationship, were sufficient to defeat a Rule 12(b)(6) motion to dismiss a defamation claim under New York law. *Id*.

Importantly, and implicitly recognizing the need for discovery to proceed before the Defendant could sufficiently establish qualified privilege (or before Plaintiff could defeat it, by demonstrating actual malice) the District Court in *College of Wooster* denied the Defendant's

7

Motion to Dismiss Plaintiff's Defamation claims on Qualified Privilege grounds and held that "qualified immunity may be reasserted on summary judgment." *Id*. at 17-18.

In *Arnold v. Hurwitz*, Case No. 1:17cv279, May 19, 2017, Nugent, J. (N.D. Ohio 2017), the District Court denied the Defendant's Motion for Judgment on the Pleadings[3] after it found that the Plaintiff's complaint sufficiently alleged a claim for unprivileged defamation against the Defendant. *Id*. In *Arnold*, the Plaintiff alleged that the Defendant "negligently, knowingly, falsely and/or with malice against Mr. Arnold signed a police statement that Mr. Arnold had engaged in sexual conduct with her on October 27, 2012, by force and against her will." *Id*. at 1.

Plaintiff further alleged that the Defendant's false allegations "were also included in a police report and made otherwise by Ms. Hurwitz…[and] "that the alleged false and defamatory statements were communicated to the Chagrin Falls, Ohio Police Department and to the Cuyahoga County, Ohio Prosecutor's Office and caused a malicious criminal prosecution to be instituted and continued against Mr. Arnold in the Cuyahoga County Court of Common Pleas." *Id*. at 1-2. A jury ultimately acquitted Plaintiff of all charges. *Id*.

The Plaintiff alleged in his Complaint that the Defendant's "sole intent in seeking criminal charges was for the improper purpose of harming him; that her actions were intentional, willful and malicious and done with a conscious disregard for his rights; and, that he has suffered severe and irreparable damage to his personal reputation; severe emotional distress; and; monetary damages in the form of legal fees and expenses." *Id*. at 2

---

[3] The District Court in *Arnold* began its analysis by noting that "[t]he standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions." *Arnold v. Hurwitz*, Case No. 1:17cv279, May 19, 2017, Nugent, J. (N.D. Ohio 2017) citing *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998).

Furthermore, Plaintiff alleged that Defendant also authored and published an article in the New York Times, in which the Defendant described herself as being raped at a "house party," caused Plaintiff to incur severe and irreparable damage to his personal reputation, even though "the Article did not include his name, it included [Defendant's] real name in the byline and that [Defendant] knew the Article would be read by people in northeastern Ohio – including by former classmates of both [parties] from Hawken School – and that the Parties' former classmates would know [Defendant] was referring to [Plaintiff] as her "rapist." *Id*. at 2. Plaintiff alleged "that all sexual encounters between he and [Defendant] were consensual and that [Defendant's] statement in the Article that she was raped was made negligently, knowingly, falsely and/or with malice against [Plaintiff]." *Id*.

The Plaintiff sued the Defendant for Malicious Prosecution and Defamation in state court and the Defendant removed the case to the U.S. District Court for the N.D. of Ohio on the basis of diversity. *Id*. at 2-3. In denying the Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's Defamation claim, the Court held that, when construing the Complaint in a light most favorable to Plaintiff, the Complaint stated a "plausible claim for defamation sufficient to withstand [Defendant's] Motion for Judgment on the Pleadings." *Id*. at 7. In support of its ruling, the Court noted:

> Mr. Arnold alleges that the information published by Ms. Hurwitz in the New York Times, a leading newspaper publication, was false and defamatory; unprivileged; unambiguous; and, styled as a factual account about which Ms. Hurwitz had first-hand knowledge. Mr. Arnold argues the statements contained therein reflect injuriously on his reputation and expose him to public hatred, contempt, ridicule, shame or disgrace, thus constituting defamation *per se.*

*Id*. at 7.

In the present matter, Plaintiff respectfully submits that, as in *Schaumleffel v. Muskingum University, supra,* he has sufficiently alleged that the Defendant's defamatory statements were made with actual malice, and that in Ohio, actual malice is presumed in an action for *per se* defamation. *See Compl.* at ¶¶ 24, 26, 32, 35; *See JP v. TH*, 2020 Ohio 320 at ¶ 10 (9th Dist. 2020).

Additionally, Plaintiff's complaint *repeatedly* alleges that Defendant's communications were made "without privilege" and that she specifically did not share any privilege with the individuals to whom she made the defamatory statements concerning Plaintiff. *See Compl.* at ¶¶*15, 21, 22, 23, 29, 36, 42, 45, 46*

Furthermore, like the Plaintiff's Complaint in *College of Wooster* that defeated defendant's qualified privilege defense when it alleged that the Defendant "made false accusations against him that he sexually assaulted her for the purpose of obtaining certain accommodations from Wooster" (*see College of Wooster, at 16*) the Plaintiff's Complaint here sufficiently alleges that "[t]he Defendant made said statements knowing of their falsity, with actual malice, and with the purpose to cause the Plaintiff harm and/or incur damages." *Compl. at* ¶¶*14, 32*.

Likewise, like the Plaintiff's Complaint in *Arnold, supra,* that demonstrated actual malice by alleging that the Defendant's intent was to harm Mr. Arnold, the Plaintiff's Complaint here sufficiently alleges actual malice by 1) repeatedly alleging that the Defendant's statements were made with "actual malice" (*See Compl., at* ¶¶ 24, 26, 32, 35), and 2) by alleging that "[t]he Defendant made said statements knowing of their falsity, with actual malice, *and with the purpose to cause the Plaintiff harm and/or incur damages*." *Id. at* ¶¶*14, 32* (emphasis added).

Moreover, Plaintiff alleges throughout his Complaint that Defendant's defamatory statements by Defendant were false and, because Defendant was a first-hand witness to the

10

Incident between her and Plaintiff[4] it was a reasonable inference that she had actual knowledge that such statements were false.

Finally, like the improper motive behind the Defendant's statements alleged in *College of Wooster* (in order to obtain accommodations from the College), here, Plaintiff's Complaint also alleges that the Defendant made her Defamatory statements with an improper motive: *"to cause the Plaintiff harm and/or incur damages" Id*.

Accordingly, this Honorable Court must Deny the Defendant's Motion to Dismiss because the Plaintiff's Verified Complaint sufficiently alleges that the Defendant acted with Actual Malice and, therefore, the Defendant's Qualified Privilege defense fails.

**C. This Honorable Court Should Deny Defendant's Motion to Dismiss Because Plaintiff's Verified Complaint Identifies With Specificity A Third Party to Whom the Defendant Published a Defamatory False Statement**

This Court must deny Defendant's *Motion to Dismiss*, because Plaintiff's *Verified Complaint* contains "sufficient factual matter" that, "accepted as true", states "a claim to relief that is plausible on its face" because Plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". Specifically, this Honorable Court must deny Defendant's *Motion to Dismiss* as Plaintiff's *Verified Complaint* sufficiently identifies, with specificity, a third party to whom the Defendant published a Defamatory false statement. The elements of defamation under Ohio law are as follows:

> (1) a false statement of fact was made, (2) the statement was defamatory, (3) the statement was published, (4) plaintiff suffered injury as a proximate result of the publication, and (5) defendant acted with the requisite degree of fault in publishing the statement.

---

[4] It is undisputed that that Plaintiff and Defendant engaged in sexual activity on two separate occasions. *See Declaration of Defendant, Doc. 22-2, at ¶ 8* (admitting to filing a Title IX Complaint against Plaintiff for alleged sexual misconduct)*; see also Oberlin Decision Letter of July 3, 2020, attached as Exhibit A to Plaintiff's Motion for Leave to File a Brief in Opposition to Defendant's Motion to Proceed Pseudonymously, Doc. 20-1.*

*Croce v. Sanders*, Case No. 2:17-cv-338, May 12, 2020 (S.D. Ohio 2020), citing *Am. Chem. Soc'y v. Leadscope, Inc.*, 133 Ohio St.3d 366, 389, 978 N.E.2d 832, 852 (Ohio 2012) (quoting *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903, 908 (Ohio Ct. App. 1996)).

Plaintiff's *Verified Complaint* includes specific factual allegations that satisfy each of the elements of defamation and, accordingly, states a claim for relief that is plausible on its face. In relevant part, Defendant asserts that Plaintiff's *Verified Complaint* "fails to identify defamatory statements made by Defendant to specific third parties". However, Defendant's assertion is patently meritless, because Plaintiff's *Verified Complaint* states with specificity the defamatory statements that were published by Defendant and states with specificity at least one person to whom said false and defamatory statements were published – K.B. *See Compl. at ¶ 7.*

In support of her argument, Defendant cites *Shock v. St. Rita's Med. Ctr.,* 3:12-CV-1240 (N.D. Ohio Oct. 29, 2012). In *Shock, supra,* the District Court granted a motion for partial judgment on the pleadings dismissing, in relevant part, a defamation claim due to *multiple* pleading deficiencies. The Court described the allegations set forth in the Complaint and thereafter explained the deficiencies which led to the dismissal of the claim:

> . . . Plaintiff states the following with regard to her claim for defamation: (1) Plaintiff was terminated for allegedly violating HIPAA regulations and accused of "illegal, insubordinate, unethical conduct," both of which are false; (2) Defendant published the reasons surrounding Plaintiff's termination to its employees "who did not have a need to know;" (3) Defendant published these reasons "with willful disregard of the truth or falsity of them and/or with deliberate knowledge that these allegations were false," and acted with "reckless and wanton disregard of the truth [or] falsity of the allegations motivated by a vendetta to procure [Plaintiff's] termination which was based on actual malice;" (4) through this publication Defendant has "defamed Plaintiff's character and damaged her reputation as a competent employee and professional and honest individual and destroyed her employment career;" and (5) as a result of this publication Plaintiff has "suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, . . . great mental and emotional stress, anxiety, humiliation and embarrassment . . . [and] has also been forced to expend court costs and attorney's fees" . . .
>
> In plain terms, Plaintiff alleges Defendant, or an agent thereof, made false, unprivileged statements regarding her termination and the reasons for that termination to third parties.

However, Plaintiff sets forth no proof that any person associated with Defendant made a statement regarding her termination to anyone. Plaintiff fails to identify *who* she believes made a statement, *what* that person said, or *when* and in what context that person said it. Plaintiff's Complaint contains only general accusations which are simply not enough to satisfy the plausibility requirement set forth in Twombly. Without more specific detail, Plaintiff's Complaint simply sets forth "naked assertion[s] devoid of further factual enhancement," and does not offer more than a "sheer possibility that [. . .] [D]efendant has acted unlawfully." *Iqbal*, 556 U.S. at 677-78.

*Id.*

With respect to the complete failure to identify the third party to whom the alleged defamatory statement was published to, the Court in *Shock, supra,* stated:

In her Complaint, Plaintiff states that the reasons for her termination were "published to employees of Defendant who did not have a need to know" . . . According to Plaintiff, this broad statement is sufficient identification of the parties to whom the alleged defamatory statement was made. This Magistrate does not agree. Plaintiff not only fails to identify the precise identities of the employees who allegedly "did not have a need to know". . . , but she also fails to set forth exactly how or when such communication was made. Without knowing the specific identity of the employees, it is impossible for Defendant to know how to respond and proceed. Defendant has no way of knowing which of its employees to question about the situation during discovery or where evidence of the alleged transmittal of a defamatory statement can be found.

*Id.*

The multiple deficiencies which led to the dismissal of the defamation claim in *Shock, supra*, are not present in this case. Here, Plaintiff plead with specificity the identity of the third party to whom Defendant published her false statements – K.B. Defendant is well aware of the identity of K.B. In fact, Defendant has even acknowledged that she is well aware of to whom she published the false statements regarding Plaintiff. In Exhibit A of Defendant's *Special Motion to Strike,* Defendant states, in relevant part:

7.      In late November or early December 2019, I privately confided in a few close friends of mine that I might have a Title IX issue and shared with them what happened to me. . . .

*See Defendant's Special M. to Strike, Doc. 22-2, Declaration of Defendant, at 3 of 3.*

Further, in response to Paragraph 11 of Plaintiff's *Verified Complaint* in her *Answer,* Defendant infers knowledge of exactly who K.B. is:

     11.     On or about February 12, 2020, Plaintiff first became aware of these false and defamatory statements that Defendant had made about Plaintiff to K.B., specifically that Plaintiff had "raped" Defendant.

     ANSWER: Defendant denies as untrue the allegation in paragraph 11 to the extent it claims that Defendant told K.B. that Plaintiff "raped" her.

*See Defendant's Answer, Doc. 23, at 3,4.*

     Here, Defendant's assertion that Plaintiff's *Verified Complaint* deprives Defendant "of notice of the specific claim against her" is contradicted by her own pleadings.

     The specificity with which Plaintiff has plead the defamation cause of action in his *Verified Complaint* is simply not analogous to the Complaint at issue in *Shock, supra,* wherein the plaintiff completely failed to identify who she believed made the statement, what that person said, when and in what context said statement was made, and to whom said statement was made. In short, the Complaint at issue in *Shock, supra,* was an example of a complete failure to set forth a plausible cause of action for defamation. In stark contrast, the *Verified Complaint* in the within matter does identify, with specificity, the false and defamatory statements made by Defendant, to whom said statements were made (K.B.), the time frame of when said statements were made, and the content thereof. Accordingly, *Shock, supra,* is wholly inapplicable herein.

     Likewise, neither *Newton v. Ellis*, 1:17-CV_2545, 2018 WL 1991722 (N.D. Ohio Apr. 27, 2018), nor *Edwards v. Woodforest Nat. Bank*, 1:11 CV 2205, 2012 WL 1906309 (N.D. Ohio May 24, 2012), has any applicability to the facts in the within matter.

     In *Newton, supra,* this Court addressed several motions for judgment on the pleadings and, in relevant part, dismissed certain defamation and false light claims, primarily on the ground that the statements at issue were subject to judicial immunity. In addressing the language of the complaint as to other statements, this Court held that an allegation that the relevant defendant "continued to make defamatory statements" to medical professionals "from October 2014 to the

present" was too conclusory to survive the motion. Here, however, Plaintiff has alleged specific false and defamatory statements made by Defendant regarding Plaintiff to a specifically identified third party – K.B. Although Plaintiff's *Verified Complaint* alleges that Defendant made the false and defamatory statements to "other individuals to be proven at trial", by alleging with specificity that Defendant made false and defamatory statements to a specified individual, Plaintiff has clearly satisfied the pleading requirement by alleging "sufficient factual matter" that "accepted as true", "state[s] a claim to relief that is plausible on its face". As such, *Newton, supra*, has no applicability herein.

Edwards, supra, is also clearly distinguishable and inapplicable herein. In *Edwards, supra*, the statements at issue were alleged to have been made to plaintiffs' counsel "and others". The defendants therein argued that because publication to plaintiffs' counsel would not cause the harm alleged by plaintiff and because the Complaint did not allege how or to whom the alleged defamatory statements were otherwise published, the Complaint failed to state a claim for defamation. Further, defendants therein also argued that plaintiffs failed to sufficiently allege falsity of the statements in question. The district court agreed, reasoning:

> . . . As the Woodforest defendants point out, the amended complaint does not allege what aspect of Anderson's statements to plaintiffs' counsel were false, and a "false and defamatory statement" is a required element of a claim for defamation. Further, a complaint alleging defamation must provide a short and plain statement showing that a plaintiff is entitled to relief such that the defendant is given fair notice of the factual basis for the alleged claim. *Gilbreath v. Plumbers, Pipefitters, & Service Technicians Local 502, et al.*, No. 1: 09 CV 628, 2010 WL 6423321, at *5 (S.D. Ohio Aug. 30, 2010). Plaintiffs' conclusory assertion that Anderson made slanderous statements to "others" beside plaintiffs' counsel and that plaintiff can ultimately prove special damages and injury to reputation are insufficient to give defendants fair notice of the factual basis of plaintiffs' defamation claim. . . .

*Id.*

Accordingly, the claim at issue in *Edwards, supra*, like the claim at issue in *Shock, supra*, failed on multiple grounds. Further, the Complaint in *Edwards, supra*, failed to allege that the

15

statements at issue were published to any third party (other than plaintiffs' counsel) that would have caused the harm alleged by plaintiffs. Accordingly, the *Edwards, supra*, case is also not applicable here, as in the within matter, Plaintiff has properly identified the false nature of the defamatory statements regarding Plaintiff made by Defendant and to whom Defendant communicated said false and defamatory statements to, namely, K.B.

As such, Plaintiff has provided "a short and plain statement showing that" Plaintiff "is entitled to relief such that the defendant is given fair notice of the factual basis for the alleged claim". Defendant's *Answer* and her *Declaration* attached to her *Special Motion to Strike* establish that Plaintiff's *Verified Complaint* has "given fair notice of the factual basis" for his claim, as Defendant has exhibited knowledge of the identity of not only K.B., but others whom she has communicated the false and defamatory statements regarding Plaintiff to.  Accordingly, this Court must deny Defendant's *Motion to Dismiss* as Plaintiff's *Verified Complaint* sufficiently identifies, with specificity, a third party to whom the Defendant published a Defamatory false statement.

**D. This Honorable Court Should Deny Defendant's Motion to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress Because Said Claim is Derivative of Plaintiff's Defamation Claim.**

This Honorable Court must deny Defendant's Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim because Plaintiff's IIED claim is a derivative claim of Plaintiff's Defamation claim.

In *College of Wooster*, *supra,* the District Court held that because the Plaintiff's IIED claim was based on the same facts as the Plaintiff's defamation claim, the IIED "claim 'is properly characterized as a `disguised defamation' claim[,]' and is subject to the same statute of limitations and immunity arguments as the defamation claim". *College of Wooster, supra,* at 17 citing *Breno*

*v. City of Mentor*, No. 81861, 2003 WL 21757504, at *3 (Ohio Ct. App. July 31, 2003), abrogated

on other grounds by *Foley v. Univ. of Dayton*, 81 N.E.2d 398 (Ohio 2016).

Accordingly, the Court in *College of Wooster* held that Plaintiff's IIED claimed was

"derivative" of his defamation claim, and given the Court's decision to permit Plaintiff's

Defamation claim to proceed to discovery, the Court held that it was "unnecessary to consider

[Defendant's] other challenges to [Plaintiff's IIED claim] at this time as discovery will proceed

the same regardless of which particular theories of liability are in play…[and Defendant] shall

have leave to renew her remaining arguments on summary judgment when the Court may consider

them against the backdrop of a fully developed record." *Id*.

As such, this Honorable Court should deny the Defendant's Motion to Dismiss Plaintiff's

IIED claim, and permit this case to proceed to discovery, because said claim is derivative of his

Defamation claim and, as set forth above, Plaintiff's Complaint alleges sufficient facts to survive

dismissal pursuant to Fed.R.Civ.P. 12(b)(6) at this stage of the proceedings.

**E. Plaintiff Has Sufficiently Alleged "Extreme and Outrageous Conduct" to Establish His Claim for Intentional Infliction of Emotional Distress**

Even were this Honorable Court to find that Plaintiff's IIED claim was not derivative of

Plaintiff's Defamation claim, this Honorable Court should deny the Defendant's Motion to

Dismiss because Plaintiff has sufficiently alleged that the Defendant's false allegation of rape and

sexual assault against him constitutes "extreme and outrageous conduct" to support a claim for

IIED.

Under Ohio law, there are four elements required for a finding of Intentional Infliction of

Emotional Distress. There must be: 1) conduct so extreme and outrageous in character that it is

considered utterly intolerable in a civilized society; 2) the defendant either intended to cause or

knew or should have known that his conduct would cause the plaintiff emotional distress; 3) the

defendant's conduct was the proximate cause of the plaintiff's emotional distress, and; 4) the plaintiff's emotional distress was both severe and debilitating. *Swartz v. DiCarlo*, N.D.Ohio No. 1:12CV3112, 2014 U.S. Dist. LEXIS 138271, at *8 (Sep. 29, 2014), citing *Cooper v. Metal Sales Mfg. Corp.*, 104 Ohio App. 3d 34, 1 (11th Dist. 1995); *Coley v. Lucas County, Ohio*, N.D.Ohio No. 3:09-CV-00008, 2014 U.S. Dist. LEXIS 6331 (Jan. 17, 2014). In *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375 (1983), the court explained "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,. . ."

In the present matter, Plaintiff's Verified Complaint alleges that Defendant falsely told other individuals, including K.B. and other third parties, over a period of several months, that Plaintiff "raped" and "forced himself on her" "multiple times", knowing of falsity of her allegations, "with actual malice, and with the purpose to cause the Plaintiff harm and/or incur damages." *See Compl. at ¶¶ 9-15*. These facts – if taken as true – are sufficient to state a claim for intentional infliction of emotional distress. *See Leonardi v. Freeman*, S.D. Ohio No. 1:03cv900, 2006 U.S. Dist. LEXIS 74070, at *16 (Oct. 11, 2006) (denying summary judgment; jury could consider whether making of false statement was "extreme and outrageous"). Cf *Hustler Magazine v. Falwell*, 485 U.S. 46, 56 (1988) (public figures may recover for the tort of intentional infliction of emotional distress by reason of publications by showing a false statement of fact which was made with actual malice).

At least two federal courts have observed that false accusations of rape or sexual assault are sufficiently outrageous to state a claim for intentional infliction of emotional distress. Recently, a federal court in New Jersey considered a case where, like in this case, the plaintiff had alleged that Defendant intentionally made a false rape accusation. In denying a motion to dismiss, the court

observed, "it is certain that a false accusation of rape is intolerable in a civilized community." *Iglesias v. O'Neal*, D.N.J. No. 16-6291 (RBK/AMD), 2017 U.S. Dist. LEXIS 46136, at *7-8 (Mar. 29, 2017). In another case, a federal court in New Hampshire said, "Knowingly false accusations of sexual assault in certain circumstances might well constitute extreme and outrageous conduct actionable as intentional infliction of emotional distress." *Hungerford v. Jones*, 988 F.Supp. 22, 27 (D.N.H.1997).

While it does not appear that Ohio courts have addressed this exact fact pattern, IIED claims have survived in other states based on similar facts. In *Lewis v. Gupta*, 54 F.Supp.2d 611 (E.D.Va.1999), for example, the plaintiff stated a valid claim for intentional infliction of emotional distress under from a false allegation of rape. The court found that the plaintiff had suffered severe mental and emotional distress flowing, in part, from "the general circulation of the allegation that he is a sexual predator." 54 F.Supp.2d at 621. Similarly, in *Watts v. Chittenden*, Super.Ct. No. CV054014425S, 2008 Conn. Super. LEXIS 224 (Jan. 25, 2008), the court awarded the plaintiff a $200,000 judgment after finding that the "defendant falsely and maliciously accused the plaintiff of sexually abusing his own children." The court found, after a trial, that the defendant knew that officials would take action against the plaintiff as a result of her false accusations.  2008 Conn. Super. LEXIS 224, at *14-15.

In the present matter, the defendant knew or should have known that her false accusations would cause the plaintiff to suffer emotional distress and, as alleged in the Verified Complaint, the Plaintiff was severely emotionally distressed by the defendant's extreme and outrageous conduct. *See Compl. at ¶ 33*. Accordingly, this Honorable Court should deny the Defendant's Motion to Dismiss Plaintiff's claim for Intention Infliction of Emotional Distress.

## III.    CONCLUSION

WHEREFORE, Plaintiff, by and through undersigned counsel, and respectfully submits his *Brief in Opposition to Defendant's Motion to Dismiss* and respectfully moves this Honorable Court to Deny the Defendant's Motion.

Respectfully Submitted,

*/s/ Larry W. Zukerman*

LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
ADAM M. BROWN, Esq. (0092209)
Zukerman, Lear & Murray Co. L.P.A.
3912 Prospect Ave. East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com
Counsel for Plaintiff Brandon Sires

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing was filed electronically on this 4th day of August 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the document via the Court's electronic filing system.

*/s/ Larry W. Zukerman*

LARRY W. ZUKERMAN, Esq. (0029498)

## PLAINTIFF'S 7.1(F) CERTIFICATE OF COMPLIANCE

Plaintiff, by and through counsel, certifies that the herein Brief in Opposition to Defendant's Motion to Dismiss complies with the page limit requirement as defined by LCivR 7.1(f) for cases assigned to the standard track.

*/s/ Larry W. Zukerman*

LARRY W. ZUKERMAN, Esq. (0029498)
