**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRANDON SIRES**

                     **Plaintiff,**                     Case No. 1:20-cv-1002-JG

v

                                               HON. JAMES S. GWIN

**LAUREN FITTS,**

                     **Defendant.**

                                                            /

| | |
|---|---|
| Larry W. Zukerman (0029498) | Jennifer B. Salvatore (P66640) |
| Brian A. Murray (0079741) | SALVATORE PRESCOTT |
| Adam M. Brown (0092209) | PORTER & PORTER, PLLC |
| ZUKERMAN, LEAR | 105 East Main Street |
| & MURRAY CO., L.P.A. | Northville, MI 48167 |
| 3912 Prospect Avenue East | T:(248) 679-8711 |
| Cleveland, OH 44115 | F: (248) 773-7280 |
| T: (216) 696-0900 | salvatore@sppplaw.com |
| F: (216) 696-8800 | |
| lwz@zukerman-law.com | *Attorney for Defendant* |
| bam@zukerman-law.com | |
| amb@zukerman-law.com | |

*Attorneys for Plaintiff*

## **DEFENDANT'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS**

       Plaintiff's entire lawsuit is premised on statements he imagines Defendant must have made about him describing him as a "rapist." But Mr. Sires pleads no specific defamatory statement by Defendant—only that a third party, KB, referred to Mr. Sires as a "rapist" and therefore, Defendant must have made a similar defamatory statement about Sires to her friend KB or to unspecified "other individuals to be proven at trial." Such non-specific conjecture is insufficient to make out a claim for defamation. Moreover, as the Sixth Circuit has recently held in *Doe v. Univ. of Dayton*, 766 F. App'x 275, 290 (6th Cir. 2019), a qualified privilege protects communications made to

1

one's friends about a sexual encounter. Therefore, such statements—even if properly pled—simply cannot serve as the basis for a defamation claim.

Instead of dealing with the clear holding of *Dayton*, Plaintiff argues that the defense of qualified privilege is not cognizable on a 12(b)(6) motion—despite the fact that courts routinely (including in *Dayton*) dismiss defamation claims on the basis of qualified privilege at the 12(b)(6) stage.  *Doe v. Univ. of Dayton*, No. 17-cv-134, 2018 WL 1393894 (S.D. Ohio March 20, 2018), aff'd, 766 F. App'x 275 (6th Cir. 2019).  Plaintiff ignores this inconvenient fact.

Finally, Plaintiff has not adequately pled that Defendant acted with actual malice—a failure that distinguishes his Complaint from the cases on which he relies. Likewise, Plaintiff cites to cases in support of his intentional infliction of emotional distress claim that are factually distinguishable and do not address Ohio law. None of the arguments made by Plaintiff save his case from dismissal.

## **ARGUMENT**

### I.    The existence of privilege is cognizable on a 12(b)(6) motion, and courts routinely dismiss actions at the 12(b)(6) stage based on qualified privilege

Plaintiff attempts to argue that privilege cannot be raised on a Rule 12(b)(6) motion. This simply is not true.

First, as Plaintiff himself acknowledges in his Response, privilege may be raised on a Rule 12(b)(6) motion to dismiss *so long as the existence of that affirmative defense is obvious from the face of the complaint*. (R. 30, PageID. 938.) Indeed, courts within this Circuit regularly dismiss defamation complaints based on qualified privilege at the 12(b)(6) stage. *See, e.g.*, *Bolton v. Delta Air Lines*, 182 F. Supp. 3d 768 (S.D. Ohio 2016) (dismissing Plaintiff's defamation action at the 12(b)(6) stage because there were "not sufficient factual allegations to overcome Defendant's defense of qualified privilege"); *Rennick v. Provident Bank*, No. 1:06CV820, 2008 WL 696893,

at *7 (S.D. Ohio Mar. 12, 2008) (granting a motion to dismiss based on absolute and qualified privilege) (attached as **Ex. A**); *Snell v. Vill. of Bellville*, No. 1:11 CV 1744, 2011 WL 5361120, at *10 (N.D. Ohio Oct. 28, 2011) (granting motion to dismiss pursuant to Rule 12(c) based on qualified privilege) (attached as **Ex. B**); *see also*, *Stainbrook v. Ohio Sec'y of State*, 88 N.E.3d 1257, 1264 (Ohio Ct. App. 2017) (granting motion to dismiss under equivalent state rules based on qualified privilege.) *Dayton* was also decided at the motion to dismiss stage. *Dayton*, 766 F. App'x at 290.

Here, the qualified privilege is apparent from the face of the Complaint, and therefore dismissal is appropriate. Plaintiff's Response focuses on the element of "good faith." Plaintiff's pleadings do support qualified privilege with respect to "good faith." First, Plaintiff's pleadings that Defendant's alleged statements were made "without privilege" or with "actual malice" are "legal conclusion[s] couched as a factual allegation" that the Court does not need to accept as true when considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Second, as the district court explained in *Dayton*, "qualified privilege extends to a speaker discussing with close friends and a college's judiciary body whether the speaker was the victim of sexual assault, entitling the speaker to dismissal of defamation claims against her on the grounds of qualified privilege, *even in the absence of certainty with regard to good faith*." *Dayton*, 2018 WL 1393894, at *5, aff'd, 766 F. App'x 275 (6th Cir. 2019) (citing *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 758–59 (D. Md. 2015) (emphasis added)) (attached as **Ex. C**). Further, Plaintiff does not try to distinguish *Dayton* to explain why here, as in *Dayton*, qualified privilege should not apply. As Defendant explains in her Motion to Dismiss, the facts, as pled in Plaintiff's Complaint, support the application of this qualified privilege and thus, as in *Dayton*, Plaintiff's Complaint should be dismissed.

Second, Plaintiff misrepresents that the Ohio Supreme Court has definitively determined that a plaintiff does not have to plead facts showing an absence of privilege. Plaintiff's Response misquoted the Ohio Supreme Court, in *Hahn v. Kotten*, 331 N.E.2d 713 (Ohio 1975), as holding that "a plaintiff is not required to plead facts to show the absence of a privilege because lack of privilege is not an essential element of defamation." (R. 30, PageID. 939.) <u>But this quote is not from the Ohio Supreme Court</u>. Instead, this was stated in *Fisher v. Ahmed*, 2020-Ohio-1196, ¶ 35, ---N.E.3d--- (Ohio Ct. App. 2020)—a state court of appeals decision. But many other Ohio Court of Appeals decisions subject to the *Hahn* precedent—with equal persuasive authority to *Fisher*— have found that publication without privilege is an element of a defamation claim under Ohio law. *See e.g., N.E. Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, 916 N.E.2d 484, 487 (Ohio Ct. App. 2009) (citing "published without privilege" as an element of a defamation claim under Ohio law); *McPeek v. Leetonia Italian-Am. Club*, 882 N.E.2d 450, 453 (Ohio Ct .App. 2007) (same); *Savoy v. Univ. of Akron*, 15 N.E.3d 430, 435 (Ohio Ct. App. 2014) (same); *Ehrlich v. Kovack*, 135 F. Supp. 3d 638, 672 (N.D. Ohio 2015) (same); *Hahn v. Rauch*, 602 F. Supp. 2d 895, 906 (N.D. Ohio 2008) (same). Plaintiff's perfunctory pleadings that Defendant's alleged statements were made "without privilege" are nothing more than legal conclusions that the Court does not need to accept as true. The Court should follow *Dayton* in finding that the Complaint should be dismissed given the facts pled.

As laid out in Defendant's Motion to Dismiss, the defense of qualified privilege is obvious from the face of the Complaint, and therefore dismissal is appropriate.

## II.    Plaintiff is unable to defeat the privilege by pleading actual malice

Plaintiff also argues that even if a qualified privilege exists, that does not dictate dismissal of the Complaint. Rather, it simply requires Plaintiff to plead actual malice such that the privilege

can be overcome. And, he argues, his Complaint does just that.  However, the case law Plaintiff cites makes clear that he must allege on the face of his Complaint *some facts in support of an **_improper motivation_** for the alleged defamatory statements* in order to meet the required showing of malice. Plaintiff falls short of this requirement.

In *Buckner*, for example, this Court denied the defendant's 12(b)(6) motion because the complaint had adequately alleged malice by pleading facts in the complaint establishing the retaliatory motivation underlying the alleged defamation. *Buckner v. Gilliland*, 846 F. Supp. 2d 799, 804 (N.D. Ohio 2012), aff'd in part, 507 F. App'x 522 (6th Cir. 2012) (unpublished) (noting that plaintiff specifically alleged facts that defendant had made the defamatory statement "intentionally and maliciously ***in order to retaliate against plaintiff for pursuing [a controversial] matter and/or to protect herself from plaintiff's pursuit of the matter***") (emphasis added). In contrast, Plaintiff here does not allege any facts pointing to a motivation or any other circumstances that would support an inference of malice for Defendant's alleged defamation.

Plaintiff also relies on *Wooster*, but it is distinguishable for the same reason.  The *Wooster* court found that the plaintiff had adequately pled actual malice where the complaint alleged facts that established a motivation for the defendant to defame the plaintiff, thereby defeating the privilege at the 12(b)(6) stage:

> In the instant case, the Court cannot find from the face of the pleadings that Roe's statements are privileged. Plaintiff alleges that Roe made false accusations against him that he sexually assaulted her ***for the purpose of obtaining certain accommodations from Wooster***. The establishment of such facts by clear and convincing evidence would demonstrate actual malice sufficient to defeat a qualified privilege. Accordingly, Roe's motion to dismiss the defamation claim asserted against her based on qualified privilege is also denied.

*Doe v. College of Wooster*, 5:16-CV-979, 2018 WL 838630, at *9 (N.D. Ohio Feb. 13, 2018) (emphasis added) (attached as **Ex. D**) (internal citations omitted). Plaintiff also cites to the decision

in *Routh v. Univ. of Rochester,* but that case is similarly unavailing because the plaintiff in that case likewise pleaded facts supporting the motivation underlying the alleged defamatory statements. *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 213–14 (W.D.N.Y. 2013) (complaint's allegations that defendant female student raised false accusations of sexual assault ***in retaliation for plaintiff ending their relationship*** defeated a Rule 12(b)(6) motion to dismiss a defamation claim under New York law).

Finally, the *Schaumleffel* case, on which Plaintiff also relies, is distinguishable from the present matter for precisely the same reason. *See Schaumleffel v. Muskingum Univ*., 2:17-CV-463, 2018 WL 1173043, at *8 (S.D. Ohio Mar. 6, 2018) (attached as **Ex. E**). That plaintiff also specifically alleged facts suggesting a motivation underlying the defamatory statement:

> Specifically, Plaintiff alleges that "[defendant's] Non-Privileged Defamation included her statements to friends that [plaintiff] had engaged in non-consensual sexual intercourse with her in late November of 2016 ***to justify her request that they accompany her to the emergency room to have a rape kit taken and to obtain Plan B contraception.***

*Id*.[1] And while the court also relied on a formulaic recitation of malice—which published opinions and *Dayton* have found to be wholly conclusions of law—the factual pleadings that suggest a motivation is important and in contrast to the present case.

Plaintiff had pled *no* facts setting out a motivation for why Defendant allegedly defamed him, nor has he pled any facts (as opposed to legal conclusions) that would otherwise support an inference of malice, and, therefore, has not pled that the communication in question was

---

[1] Plaintiff also provides a string cite to cases in which the court declined to make a malice determination at the summary judgment stage. Because the present motion involves judgment on the pleadings alone, these cases are inapposite. Plaintiff also relies on the *Arnold* matter in which the defendant accused the plaintiff of rape in a *New York Times* article. *Arnold v. Hurwitz*, 1:17 CV 279, 2017 WL 2213042, at *4 (N.D. Ohio May 19, 2017). But *Arnold* is inapposite as the court was primarily focused on the malicious prosecution claim and offered only cursory analysis of the defamation claim, nor did the decision include any privilege or malice analysis at all.

unprivileged sufficient to withstand a 12(b)(6) motion. As Plaintiff notes in his Response brief, his Complaint employs the language "without privilege," "with actual malice" and other conclusory language multiple times; however, such a recitation of legal standards without any facts to support it is wholly inadequate to survive a 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678 (2009) (A court does not need to accept as true a "legal conclusion couched as a factual allegation" when considering a motion to dismiss). Instead, to survive a 12(b)(6) motion to dismiss, Plaintiff must meet a higher pleading burden:

> Plaintiff must allege facts to support an inference of actual malice. Plaintiff alleges that "Defendants made these false statements with the knowledge that the statements" were false and/or with reckless disregard for the truth or falsity of such statements." Compl. ¶ 86, ECF No. 1; *see also id.* ¶ 85 ("Defendants intentionally and maliciously made [the statement] ...."). ***Paragraphs 85 and 86 are pure legal conclusions, however, and Plaintiff fails to provide any factual basis in her Complaint to support the conclusions. For example, Plaintiff does not allege facts from which one could infer Parker had any awareness of the probable falsity of the statement or that she entertained serious doubts about the veracity of the statement ....*** As Plaintiff has not sufficiently alleged that Parker made the statement with actual malice, Defendants' defense of qualified privilege prevails and Plaintiff fails to state a claim for defamation.

*Bolton,* 182 F. Supp. 3d at 774 (internal citations omitted).

In *Dayton*, the Sixth Circuit addressed pleadings very similar to those at issue here, and held that the allegation that "[Defendant] made her false and non-privileged statements negligently, with knowledge of their falsity, or with reckless disregard for their truth or falsity" was a "legal conclusion couched as a factual allegation" that the court is not required to accept as true. *Dayton*, 766 F. App'x at 290 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff attempts to avoid the impact of *Dayton* by citing to the three decisions discussed at length above—*Schaumleffel*, *Wooster*, and *Routh*. However, as Defendant has demonstrated, these cases are inapposite because the pleadings in all three alleged facts supporting a motivation underlying the defamatory statements such that the court could infer malice.

7

### III. Plaintiff's Complaint fails to sufficiently plead the third parties to whom Defendant made false statements

Plaintiff's Complaint is also deficient because it fails to plead the allegedly defamatory statements with sufficient specificity. Plaintiff alleges that "Defendant told a male Oberlin College student, K.B. as well as other individuals to be proven at trial, that Plaintiff 'raped' and/or 'forced himself on her' 'multiple times.'" (Complaint at ¶ 7.) Plaintiff's Complaint thus lists only a single identifiable individual—K.B.—to whom Plaintiff speculates Defendant must have defamed him. As the Sixth Circuit has established, Defendant's communications with K.B. (even if he could establish any specific defamatory statement in such communications) are privileged. *See Dayton*, 766 F. App'x at 290. As to any unidentified parties, Plaintiff may not exploit the litigation process to discover a claim he suspects *may* exist, nor should Defendant be required to endure the rigors of litigation arising from vague and conclusory allegations. As the U.S. Supreme Court has observed, while the Rule 8 pleading standard is liberal, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

In *Bolton,* the plaintiff's complaint identified by name three individuals who allegedly had defamed the plaintiff. *Bolton,* 182 F. Supp. 3d at 772–73. The plaintiff further alleged that "the defamatory statements were unprivileged publications to third parties" and argued "that, through discovery, she will be able to ascertain if the letter [containing the defamatory statements] was copied, circulated, or shared with anyone else." *Id*. at 773. The court found that the three named parties enjoyed a qualified privilege. *Id*. Regarding alleged publication to unnamed third parties, the court continued:

> Plaintiff claims that, through discovery, she will be able to ascertain if the letter was copied, circulated, or shared with anyone else. However, Plaintiff is not entitled to engage in a fishing expedition. Accordingly, the Court finds there are no facts to support an allegation—to the extent Plaintiff even makes one—that the letter was sent to anyone other than the three individuals carbon copied on it.

*Id.* at 772 (internal citation omitted). As to the statement Defendant is alleged to have made to KB, Plaintiff misrepresents what Defendant admitted in her Answer. Defendant did not admit saying to *anyone* that Plaintiff "raped her." Defendant simply admitted speaking to KB and to a few other close friends about her sexual encounter with Mr. Sires and having a Title IX matter.  Such statements are hardly admissions that identify whom Defendant allegedly told that Plaintiff "raped her."  Significantly, the only person to whom Plaintiff himself attributes that statement is KB, not Defendant.  Yet Plaintiff has not sued KB for defamation.

## IV.   Dismissal of Plaintiff's claim for intentional infliction of emotional distress is appropriate

Both parties agree that Plaintiff's claim for intentional infliction of emotional distress is derivative of his defamation claim, and "[w]hen a plaintiff bases a claim for intentional infliction of emotional distress of allegedly defamatory statements, dismissal of the defamation claim requires the dismissal of the emotional distress claim." *Smith v. Sandusky Newspapers, Inc*., 3:17CV1135, 2018 WL 3046537, at \*5 (N.D. Ohio June 20, 2018), appeal dismissed, 18-3695, 2018 WL 5306979 (6th Cir. Sept. 12, 2018) (quotations and citations omitted). Because Plaintiff fails adequately to plead his defamation claim, and because the alleged defamatory statements are privileged, Plaintiff's claim for intentional infliction of emotional distress also must be dismissed.

Furthermore, Plaintiff fails adequately to plead the elements of a claim of intentional infliction of emotional distress. This is because his claim is premised on communications to friends. To state a claim for intentional infliction of emotional distress, Plaintiff must plead more than that Defendant acted with tortious intent. *Dayton*, 766 F. App'x at 291 (citing *Morrow v. Reminger & Reminger Co*., 915 N.E.2d 696, 713–14 (Ohio App. 2009)). "Ohio courts find liability '**only** where the conduct has been so outrageous in character and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Morrow*, 915 N.E.2d at 713–14) (emphasis added).

Plaintiff cites to several out-of-circuit cases holding that *false* allegations of sexual assault constitute "extreme and outrageous conduct" sufficient to sustain a cause of action. However, Plaintiff cannot and has not pled any particular defamatory false allegation of rape actually made by Defendant. The facts of this case—involving a Title IX dispute regarding whether Plaintiff should have known that Defendant was incapacitated and thus unable to effectively consent to sex under Oberlin's Title IX policy—are a far cry from the cases cited by Plaintiff involving false allegations of sexual assault.  Moreover, none of the cases cited by Plaintiff arise under Ohio law. Plaintiff's IIED claim should be dismissed.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated herein as well as in Defendant's opening brief, Defendant respectfully moves the Court to grant her Motion to Dismiss Plaintiff's case in its entirety.

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Dated: August 17, 2020

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
105 East Main Street
Northville, MI 48167
T:(248) 679-8711
salvatore@sppplaw.com

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2020 the foregoing document, Defendant's Reply Brief In Support Of Her Motion To Dismiss, and this <u>Proof of Service</u> were served upon all counsel of record via the Court's ECF system which will electronically serve all counsel of record at their respective email addresses as captioned on the pleadings of record.

Dated: August 17, 2020                                         */s/ Jennifer Salvatore*

## <u>DEFENDANT'S 7.1(F) CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(f), Defendant, by and through her counsel, certifies that the Defendant's Reply in Support of Her Motion To Dismiss complies with the page limit requirement as defined by LCivR 7.1(f) for cases assigned to a standard track.

/s/ Jennifer B. Salvatore
JENNIFER B. SALVATORE (P66640)

11