UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| BRANDON SIRES : | |
| : | Case No. 1:20-cv-1002 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 3] |
| LAUREN FITTS, : | |
| : | |
| Defendant. : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Brandon Sires sued Defendant Lauren Fitts in state court for statements Fitts made at the parties' Ohio college.[1]  Defendant removed the case to this Court.[2]  Plaintiff moves to remand the case back to the state court and for sanctions.[3]

For the reasons stated below, the Court **DENIES** Plaintiff's motions.

I. Background

Plaintiff Sires and Defendant Fitts are students at Oberlin College, located in Oberlin, Ohio.[4]  In late 2019, Defendant Fitts told other students that Plaintiff Sires had "raped" her or "forced himself on her."[5]

On March 12, 2020, Plaintiff Sires sued Defendant Fitts in the Lorain County Court of Common Pleas for defamation, intentional infliction of emotional distress, punitive damages, and injunctive relief.[6]  On May 8, 2020, Defendant Fitts removed the case to this

---

[1] Doc. 1-1.
[2] Doc. 1.
[3] Doc. 3.
[4] Doc. 1-1 at 2.
[5] *Id.*
[6] *Id.* at 4-7.

Case No. 1:20-cv-1002
Gwin, J.

Court.[7]

On May 11, 2020, Plaintiff Sires moved to remand the case back to the state court and for sanctions.[8] Defendant opposes.[9]

## II. Discussion

Defendant Fitts presents three arguments for why the Court should remand this case to the state. He says her removal notice was not timely filed.[10] He also says her notice was procedurally defective because it did not include certain documents.[11] Finally, he argues that the Court does not have diversity jurisdiction.

The Court considers each argument in turn.

### a. Timely Removal

A defendant must remove a civil case within 30 days of receiving the initial pleadings.[12] Plaintiff Sires argues that Defendant Fitts failed to timely remove this case from state court and the case must be remanded.[13]

Defendant removed the case on May 8, 2020.[14] Plaintiff says he served Defendant on April 7, 2020 by certified mail.[15] Defendant responds that she didn't receive the complaint until May 2020 because Plaintiff attempted to serve her at the wrong address.[16]

Ohio Rule of Civil Procedure 4 permits plaintiffs to serve an individual by United

---

[7] Doc. 1.
[8] Doc. 3.
[9] Doc. 11. Plaintiff replied. Doc. 13.
[10] Doc. 3 at 8.
[11] Doc. 3 at 9-11.
[12] 28 U.S.C. § 1446(a).
[13] Doc. 3 at 8.
[14] Doc. 1.
[15] Doc. 3 at 5, 9.
[16] Doc. 11 at 4-5.

-2-

Case No. 1:20-cv-1002
Gwin, J.

States certified mail as evidenced by a "return receipt signed by any person."[17] There is a rebuttable presumption of proper service when one follows Ohio's civil rules.[18]

"Service is perfected by certified mail when it is sent to an address that is reasonably calculated to cause service to reach the defendant."[19] Ohio courts "examine each case upon its particular facts to determine if notice was reasonably calculated to reach the interested party."[20]

Plaintiff Sires' service was not reasonably calculated to reach Defendant Fitts. According to Fitts, the address to which Sires sent the complaint belongs to Fitts' cousin.[21] Fitts also says that she has never resided at that address.[22]

At least two Ohio appellate courts have found that service on a college student's parent is defective.[23] And one Ohio appellate court has cautioned that "a plaintiff cannot satisfy due process by serving a defendant's parent and assuming that the parent will transmit the summons and complaint to the defendant."[24] If service on a parent is defective, service on another relative is also insufficient.

Plaintiff Sires did not properly serve Defendant Fitts when he sent notice to Defendant's cousin. And Fitts timely removed this case when she learned of the case in

---

[17] Ohio Civ. R. 4.1(A)(1)(a); *see also* Fed. R. Civ. P. 4(e)(1) (permitting service by "following state law for serving a summons").
[18] *Fritz v. Burch*, No. 2010CA00072, 2011 WL 303255, at *2 (Ohio Ct. App. Jan. 24, 2011) (citing *State ex rel. Fairfield Cnty CSEA v. Landis*, No. 2002CA00014, 2002 WL 31255620, at *3 (Ohio Ct. App. Oct. 2, 2002)).
[19] *Ohio Civ. Rights Comm. V. First Am. Props., Inc.*, 680 N.E.2d 725, 728 (Ohio Ct. App. 1996) (citing *Reg'l Airport Auth. V. Swinehart*, 406 N.E.2d 811 (Ohio 1980)).
[20] *Apostolouski v. Sharp*, No. 04AP-1105, 2005 WL 1220739, at *4 (Ohio Ct. App. May 24, 2005) (citing *Swinehart*, 406 N.E.2d at 814)).
[21] Doc. 11-2.
[22] *Id.*
[23] *Erin Capital Mgt., LLC, v. Fournier*, No. 11AP-483, 2012 WL 760711 (Ohio Ct. App. Mar. 8, 2012); *Apostolouski*, 2005 WL 1220739.
[24] *Erin Capital*, 2012 WL 760711, at *5 (citing *Apostolouski*, 2005 WL 1220739, at *5).

Case No. 1:20-cv-1002
Gwin, J.

early May 2020.[25]

### b. Procedural Defects

Plaintiff Sires argues that Defendant Fitts' removal notice was procedurally defective because it did not include "a copy of all process, pleadings, and orders served upon her in the State Court action."[26] But as noted above, these documents were not served upon her in the state court action. Defendant Fitts' removed the case with all the documents she had; her removal was not procedurally defective because it failed to include these additional documents.

### c. Diversity Jurisdiction

28 U.S.C. § 1441(a) allows a defendant to remove any pending civil action brought in a state court to a district court of the United States which would have original jurisdiction had the claim been brought in federal court. Defendant Fitts removed the case based on diversity jurisdiction under 28 U.S.C. § 1332.[27]

Under 28 U.S.C. § 1332(a)(1), federal district courts have diversity jurisdiction over civil matters where the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. "'Citizen' and its variant 'citizenship' have acquired a particular meaning in our law as being equivalent to 'domicile.'"[28]

---

[25] Plaintiff Fitts suggests the Court should impose sanctions on Defendant because her "removal was filed in bad faith." Doc. 3 at 13. The Court finds no evidence of bad faith and will not impose sanctions.
[26] Doc. 3 at 10. *See* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal . . . together with a copy of all process, pleadings, and orders *served upon such defendant* . . . in such action." (emphasis added)).
[27] Doc. 1.
[28] *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 389 (6th Cir. 2016) (citing *Von dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)).

-4-

Case No. 1:20-cv-1002
Gwin, J.

"In elemental terms, domicile consists of (1) residence and (2) an intent to remain there."[29] One's domicile is the "true, fixed, and permanent home . . . . [and] the place to which [one] returns whenever he [or she] is absent."[30] Once a person establishes a domicile, that "domicile is not lost until a new one is acquired."[31]

Plaintiff Sires says that the Court does not have diversity jurisdiction because both parties are Ohio residents and the amount in controversy is not more than $75,000.[32]

The parties are domiciled in different states. Defendant Fitts is domiciled in California.[33] Although she attends school in Ohio, she returns home to her family in California.[34] And there is no evidence suggesting Fitts intended to abandon her California domicile to establish a new domicile elsewhere.[35]

Plaintiff Sires says he is an Ohio resident.[36] Defendant claims Sires is domiciled in Georgia.[37] The Court need not resolve this discrepancy; at this stage, diversity is satisfied so long as Sires is not domiciled in California. The Court finds that the parties are domiciled in different states.

Plaintiff has also shown by a preponderance of the evidence that this case satisfies the amount in controversy requirement.[38] Plaintiff seeks compensatory damages in excess of $25,000 and punitive damages "in an amount equal to the statutory maximum."[39]

---

[29] *Id.* at 390 (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).
[30] *Eastman v. University of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994).
[31] *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).
[32] Doc 3 at 12-13.
[33] Doc. 11-2 (Fitt's Declaration); Doc. 11-3 (California Driver License).
[34] Doc. 11-4.
[35] *See MacDonald v. General Motors Corp.*, 110 F.3d 337, 343 (6th Cir. 1997) (finding a student's domicile to be where his parents live in North Dakota despite attending school in Kansas).
[36] Doc. 1-1 at 2; Doc. 3 at 12.
[37] Doc. 11 at 2.
[38] *See Halsey v. AGCO Corp.*, 755 F. App'x 524, 526 (6th Cir. 2018) ("[W]e place the burden on the party seeking to remove the case to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." (internal quotation marks omitted)).
[39] Doc. 1-1 at 10.

-5-

Case No. 1:20-cv-1002
Gwin, J.

As Plaintiff notes, Ohio law permits non-economic compensatory damages for defamation or intentional infliction of emotional distress up to $250,000.00.[40] Plaintiff also identifies several Ohio defamation cases with compensatory damages in excess of $100,000.[41] Defendant offers no evidence contradicting these potential damages.

Plaintiff has shown "that it is more likely than not that the plaintiff's claims exceed $75,000."[42] The Court has diversity jurisdiction over this controversy.

### ORDER

Plaintiff Sires did not properly serve Defendant Fitts. Defendant timely removed this case when she learned of the suit. And her removal did not suffer from procedural defects. Further, because the parties are domiciled in different states and the amount in controversy is more than $75,000, the Court has diversity jurisdiction.

For the foregoing reasons, Plaintiff's motions to remand and for sanctions are **DENIED**.

IT IS SO ORDERED.

Dated: September 8, 2020        *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[40] Doc. 11 at 12 (citing Ohio Rev. Code 2315.18 and *Wayt v. DHSC, LLC*, 122 N.E.3d 92, 96 (Ohio 2018)).
[41] *Id.* at 13 (citing *Swartz v. Di Carlo*, No. 1:12CV3112, 2019 WL 3423152 (N.D. Ohio July 30, 2019) ($150,000.00 in compensatory damages); *Maggard v. Zervos*, No. 2001-L-072, 2003 WL 22931360 (Ohio Ct. App. Dec. 12, 2003) (115,000.00 in compensatory damages); *Pheils v. Palmer*, No. L-98-1053, 2009 WL 4448504 (Ohio Ct. App. Dec. 4, 2009) ($110,000 in compensatory damages)).
[42] *Halsey*, 755 F. App'x at 527 (internal quotation marks omitted).